ORIGINAL
FILED
2008 OCT 30 P 2:14
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
Jeffrey I. Carton (*pro hac vice* application pending)
Jerome Noll (*pro hac vice* application pending)
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000

CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER, SBN 193840
Crowther@caldwell-leslie.com
ALBERT GIANG, SBN 224332
Giang@caldwell-leslie.com
1000 Wilshire Blvd., Suite 600
Los Angeles, California 90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Plaintiffs
GIORGIO GOMELSKY
and all others similarly situated

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIORGIO GOMELSKY, On behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendants. | Case No. **C08 04969 PVT**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Giorgio Gomelsky, by his attorneys, Meiselman, Denlea, Packman, Carton & Eberz P.C., as and for his class action complaint, alleges, with personal knowledge as to his own actions, and upon information and belief as to those of others, as follows:

-1-

CLASS ACTION COMPLAINT

CALDWELL LESLIE & PROCTOR

Dockets.Justia.com

## Nature of this Case

1. This class action seeks to redress the widespread and commonplace characteristic defect and design flaw which renders one or more of Apple's PowerBook G4's memory slots inoperative. The defect manifests itself when a PowerBook owner adds additional memory (RAM) to the first or second (upper or lower) memory slot available in most PowerBooks, including the PowerBook G4. Typically, when the additional memory is added, the Powerbook does not recognize the memory, resulting in slower processing speeds, decreased computer function and other computing problems. Unfortunately for consumers, because both memory slots are hardwired to the PowerBook's motherboard, consumers who choose to repair the defect can incur costs of more than $500 in parts and labor.

2. Moreover, the defect oftentimes manifests itself months or even years after purchase of a new PowerBook and/or installation of memory (RAM) in a memory slot.

3. In response to thousands of complaints from its PowerBook customers, Apple has admitted that its PowerBooks, specifically certain PowerBook G4 models, have defective memory slots. Aside from a limited number of PowerBooks manufactured between January, 2005 and April, 2005, however, Apple has refused to repair the defect which has manifested itself in PowerBooks manufactured before and after this time period.

4. As a result of Apple's actions, thousands of its customers have purchased PowerBook computers with defective memory slots. Apple has refused to repair the defect free of charge, and has refused its customers' requests for refunds or exchanges of their defective PowerBooks. As such, thousands of Apple PowerBook owners have been compelled to either repair the defective memory slot at their own expense or lose permanently the ability to add additional memory to their computers.

5. This suit is brought on behalf of a nationwide class of all persons who have purchased Apple PowerBook computers, including but not limited to the PowerBook G4, manufactured with defective memory slots, between January 1, 2003, to the present, and who were damaged thereby (the "Class"). It seeks, <u>inter alia</u>, compensatory damages for

-2-

CLASS ACTION COMPLAINT

Plaintiff and each Class member, including but not limited to: reimbursement of expenses incurred to repair defective memory slots; attorneys' fees; and the costs of this suit.

## Jurisdiction and Venue

6. Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d), as Plaintiff's citizenship is diverse from Defendant, there are more than 100 class members, and the amount in controversy is in excess of $5 million.

7. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et. seq. The amount in controversy in each individual claim is at least twenty five dollars ($25.00), the proposed Class consists of over 100 members, and aggregate damages exceed $50,000.00.

8. This Court has supplemental jurisdiction over Plaintiff's state and common law causes of action pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of California.

10. Venue is also proper in this district under 28 U.S.C. § 1391(a)(2), on the grounds that a substantial part of the events relating to Plaintiff's claims occurred in the Northern District of California.

## Intradistrict Assignment

11. Plaintiff respectfully requests that this matter be assigned to the San Jose Division because a substantial portion of the actions and omissions giving rise to this action occurred in Santa Clara County, California. Specifically, Defendant's marketing of the PowerBook G4, Defendant's communications about the Extended Warranty and Defendant's refusal to repair the defective memory slots all emanated from its principal place of business in Cupertino, California.

## Parties

12. Plaintiff Giorgio Gomelsky is a resident of the State of New York, County of New York. Mr. Gomelsky purchased an Apple PowerBook G4 with a defective memory slot, Apple refused to repair the defect, and he has suffered damage.

13. Defendant Apple Inc. is incorporated under the laws of the State of California, with its principal place of business located in Cupertino, California.

14. Defendant Apple Inc. does actual business throughout the State of California, including through the direct sale of its merchandise in the State and operation and maintenance of an interactive website – *apple.com* – accessible to consumers in, and residents of, California.

## Operative Facts

15. Defendant Apple Inc. is a publicly traded company engaged in the business of designing, manufacturing, marketing, distributing and selling personal computers and related products and services through its own retail stores, online, direct sales, third party wholesalers and resellers. Apple has sold its PowerBook computers, including the G4 model, to tens of thousands of consumers throughout the United States.

16. In or about January, 2001, Apple began designing, manufacturing, warranting, advertising, marketing, selling and providing PowerBook G4 laptop computer to consumers throughout the United States. Between 2001 and 2003, Apple produced the Titanium PowerBook G4; between 2003 and 2006, the Aluminum models were produced.

17. When the Aluminum PowerBook G4s were released in January, 2003, Apple marketed them as being designed to exacting standards and touted their many features, including the fact that each Aluminum PowerBook G4 has two memory slots. The memory slots are an essential feature of the computer, and are marketed so as to give consumers the ability to expand the PowerBook's memory (RAM) at any time, thereby increasing the computer's functionality.

18. Based on Apple's own admissions, however, certain of its PowerBook G4 computers have defective memory slots. Indeed, usually the lower – but sometimes the

upper – memory slot does not work; it does not recognize the additional memory added and is thus useless.

19. As Apple has admitted in an article posted on its website, affected PowerBook G4 computers exhibit at least one of the following symptoms upon installation of RAM memory in the lower memory slot: (1) The computer does not start up; or (2) The computer does not recognize that the lower memory slot is filled, thus degrading system performance because the memory in only one slot is recognized. Apple has also admitted that these symptoms may only occur intermittently, and that an owner of a PowerBook with a defective memory slot may not know or become aware of the defect until months, or years, after installation of memory in the defective memory slot.

20. After receiving thousands of complaints from its customers regarding defective memory slots, Apple extended the warranty available to PowerBook G4 customers by initiating, in or around 2006, the PowerBook G4 Memory Slot Repair Extension Program covering a limited number of PowerBook G4 models experiencing specific component issues and that were manufactured between January, 2005 and April, 2005 ("Extended Warranty").

21. The Extended Warranty was available, however, to a very limited number of PowerBook customers, as it only covered affected PowerBook G4 computers having eleven digit serial numbers in the following range: W8503xxxxxx-W8518xxxxxx. The Extended Warranty did not cover any PowerBook G4 outside of this serial number range and ended on July 24, 2008. Thus, the vast majority of Powerbooks were not covered by the Extended Warranty. And should a PowerBook owner with a computer which was covered by the Extended Warranty find out about the computer's defective memory slot after July 24, 2008, he or she would have no recourse other than incurring the expense of fixing the defective memory slot, or continue to use the computer without having the ability to utilize the defective memory slot and add memory.

22. Tens of thousands of people nationwide have purchased PowerBook computers with defective memory slots. Aside from the limited number of PowerBooks

CLASS ACTION COMPLAINT

covered by the Extended Warranty, Apple has informed Plaintiff and other customers with defective PowerBooks that they have no recourse other than to repair the defective memory slots at their own expense. Apple has refused to warrant, repair or pay for any repairs relating to the PowerBook's defective lower memory slot, or to warrant any PowerBooks should the defect manifest itself sometime in the future.

23. Moreover, Apple did not give adequate notice of its Extended Warranty to its customers. Apple did not contact purchasers of PowerBook computers to inform them that they may be covered by the Extended Warranty, nor did Apple notify all PowerBook owners of the defective memory slot so that consumers could have their PowerBooks repaired during the one year warranty in effect from the date of purchase.

24. To date, Apple has not taken effective action to remedy defective memory slots in its PowerBook computers. To ensure that the memory slots in all of its PowerBook computers were fit for the ordinary or particular purpose for which the memory slots were intended to be used, Apple should have tested both memory slots prior to installing and selling its PowerBook computers. Had Apple exercised reasonable care in testing the memory slots of its PowerBook computers, it would have discovered that the slots were defective. Instead, Apple sold PowerBook computers with memory slots that were not fit for their intended use.

25. On or about April, 2, 2004, Plaintiff purchased directly from Apple an Aluminum PowerBook G4 15" (1GHz), serial number W8413166NRY. In early May, 2006, Plaintiff realized that his PowerBook had become very sluggish and was not working well. Thinking that he may require additional memory to optimize the performance of his computer, Plaintiff purchased a 1 GB memory card and installed it in his PowerBook's upper memory slot, for a total of 1.5 GB of memory. Computer functioning did not improve, and was in fact worse than when Plaintiff's computer had less memory installed. It was at this time that Plaintiff realized that his PowerBook's upper memory slot was defective, and that his computer was not recognizing the additional 1GB of memory installed.

CLASS ACTION COMPLAINT

26. Plaintiff contacted Apple directly requesting that it repair the defective memory slot. Apple refused, informing Plaintiff that because his PowerBook's serial number was outside of the serial number range covered by the Extended Warranty, Apple would not repair Plaintiff's PowerBook's defective memory slot.

27. As a long time Apple customer, Plaintiff was shocked that although Apple had acknowledged that its PowerBooks were defective, it would not repair Plaintiff's defective PowerBook simply because its serial number was outside the very limited range of serial numbers covered by the Extended Warranty. As such, Plaintiff wrote a letter of complaint to Apple in December, 2006, mailed to Apple's headquarters in Cupertino, California. Plaintiff received a written reply which stated that Apple would not repair the defective memory slot as Plaintiff's computer's serial number fell outside of the range of serial numbers covered by the Extended Warranty.

28. It was at this time that Plaintiff joined an online petition consisting of Apple customers whom had purchased PowerBooks with defective memory slots which Apple refused to repair. Plaintiff also wrote to Apple again in March, 2007, citing to the online petition and the thousands of complaints posted on internet forums by owners of PowerBooks with defective memory slots. When Plaintiff received no reply to his second letter, he wrote to the Attorney General of California, lodging a formal complaint regarding his defective PowerBook and the fact that Apple refused to repair or pay for repair of the defective memory slot.

29. As a result of the defect, Plaintiff cannot use his PowerBook as intended, and has suffered damage. Plaintiff purchased a computer which he now cannot use for its intended purpose because of the defective memory slot; Plaintiff's PowerBook – whose memory has been reduced by half – is not fully functional. And the expense in repairing the memory slot – upwards of $500 – would constitute almost half the original purchase price of the computer.

30. There have been numerous consumer complaints to various Federal and State authorities about the PowerBook's defective lower memory slots, and web sites are full of

CLASS ACTION COMPLAINT

consumers who have complained about the fact that their PowerBook computers' memory slots do not work. Consumers have posted complaints stating that they have had to repair the defective memory slot at their own expense, that Apple has refused to reimburse them for the expense incurred, and that Apple has refused to exchange defective PowerBooks for PowerBooks with properly functioning memory slots.

31. Moreover, as referenced above, an online petition has been initiated by Apple customers who have purchased PowerBooks with defective memory slots, and which Apple has refused to repair. As of the date of this Complaint, almost 5,000 PowerBook owners have signed the petition, providing their name, address and email address, demanding that Apple repair the defective memory slots or reimburse the petitioners for expenses incurred in repairing the memory slots.

32. Apple continued to manufacture and sell PowerBook computers with defective memory slots even after receiving thousands of complaints informing it of the specific defect alleged herein. As such, Apple profited enormously from sales of its PowerBook G4 computers while Plaintiff and the Class incurred significant damages, including but not limited to the expenses incurred in repairing or replacing their defective PowerBook computers.

33. Apple has, and continues to this day, refused to respond to the thousands of customer complaints regarding the PowerBook's defective memory slot, and has refused to repair at its own expense the defective memory slot or compensate thousands of PowerBook purchasers who repaired the defective memory slot at their own expense.

34. As referred to above, no adequate notice has been provided to Plaintiff, and no consent or bargained-for approval has been granted by Plaintiff or other Apple customers who purchased PowerBook computers, including the PowerBook G4, that their computers have defective memory slots. Nor did Defendant provide any notice, adequate notice or full disclosure of the fact that its PowerBook computers have defective memory slots.

CLASS ACTION COMPLAINT

## Class Action Allegations

35. Plaintiff brings this action on his own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a nationwide class of all persons who have purchased PowerBook computers with one or more defective memory slots and who were damaged thereby, during the period from January 1, 2003, to the present (the "Class").

36. Excluded from the Class is Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

37. This action is brought as a class action for the following reasons:

    a. The Class consists of at least thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

    b. There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

        i. whether Defendant violated Cal. Bus. & Prof. Code § 17200 by manufacturing and selling PowerBook computers with defective memory slots;

        ii. whether Defendant breached the implied warranty of merchantability by manufacturing and selling PowerBook computers with defective memory slots;

        iii. whether Defendant breached the implied warranty of fitness for a particular purpose by manufacturing and selling PowerBook computers with defective memory slots;

        iv. whether Defendant violated the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1791 et. seq.;

        v. whether Defendant violated the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et. seq.;

CLASS ACTION COMPLAINT

vi. whether Defendant was negligent in manufacturing and selling PowerBook computers with defective memory slots;

vii. whether Defendant unjustly enriched itself in manufacturing and selling PowerBook computers with defective memory slots;

viii. whether members of the Class have sustained damages and, if so, the proper measure thereof; and

ix. whether Defendant should be enjoined from selling PowerBook computers with defective memory slots.

c. The claims asserted by Plaintiff are typical of the claims of the members of the Class;

d. Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation, including related litigation involving consumer fraud;

e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

i. Absent a class action, Class members as a practical matter will be unable to obtain redress, Defendant's violations of its legal obligations will continue without remedy, additional customers will be harmed, and Defendant will continue to retain its ill-gotten gains;

ii. It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

iii. When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

iv. A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions; and

v. The lawsuit presents no difficulties that would impede its management by the Court as a class action.

CLASS ACTION COMPLAINT

  f. Defendant has acted on grounds generally applicable to Class members, making class-wide monetary and injunctive relief appropriate; and

  g. The prosecution of separate actions by individual members of the Class would create a risk of incompatible standards of conduct for Defendant and of inconsistent or varying adjudications for all parties.

  38. Defendant's violations of the common law are applicable to all members of the Class, and Plaintiff is entitled to have Defendant enjoined from engaging in unlawful conduct in the future.

## FIRST CAUSE OF ACTION

### (Violation of California Business and Professions Code § 17200)

  39. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 38 above as if fully set forth herein.

  40. California Business and Professions Code § 17200 prohibits acts of unfair competition, including any "unlawful, unfair or fraudulent business act or practice[.]"

  41. Apple engaged in an unlawful and unfair business act or practice in violation of Cal. Bus. & Prof. Code § 17200 by manufacturing and selling PowerBook computers with defective memory slots to Plaintiff and other members of the Class, by failing to use reasonable care to test the memory slots in its PowerBook computers prior to sale, and by continuing to sell PowerBook computers with defective memory slots even after learning that the memory slots in its PowerBook computers were defective, all in violation of Cal. Civ. Code §§ 1791 et. seq., Cal. Com. Code § 2314, U.C.C. §§ 2-314 and 315, 15 U.S.C. §§ 2301 et. seq., and the common law.

  42. Defendant's unlawful and unfair business acts and practices caused and continues to cause substantial injury to consumers and their property, including Plaintiff and the other members of the Class. Furthermore, as there were reasonable alternatives available to Apple to further its business interests other than voluntarily placing into the stream of commerce PowerBook computers with defective memory slots, the gravity of

CLASS ACTION COMPLAINT