1  PENELOPE A. PREOVOLOS (CA SBN 87607)
   (PPreovolos@mofo.com)
2  ANDREW D. MUHLBACH (CA SBN 175694)
   (AMuhlbach@mofo.com)
3  ANNE M. HUNTER (CA SBN 221455)
   (AHunter@mofo.com)
4  ALEXEI KLESTOFF (CA SBN 224016)
   (AKlestoff@mofo.com)
5
   MORRISON & FOERSTER LLP
6  425 Market Street
   San Francisco, California  94105-2482
7  Telephone: 415.268.7000
   Facsimile: 415.268.7522
8
   Attorneys for Defendant
9  APPLE INC.

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                  SAN JOSE DIVISION

14

15  GIORGIO GOMELSKY,                      Case No.   C-08-04969 JF
    on behalf of himself and
16  all others similarly situated,         **APPLE INC.'S MEMORANDUM
                                           OF POINTS AND AUTHORITIES
17                    Plaintiff,           IN SUPPORT OF ITS MOTION
                                           TO DISMISS AND TO STRIKE**
18        v.

19  APPLE INC.,                             Date:   February 20, 2009
                                            Time:   9:00am
20                    Defendant.            Courtroom: 3

21

22

23

24

25

26

27

28

Dockets.Justia.co

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..............................................................................................ii

INTRODUCTION .........................................................................................................1

ISSUES TO BE DECIDED ..........................................................................................2

FACTUAL BACKGROUND .........................................................................................2

ARGUMENT ................................................................................................................3

I.       THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY ..............................3

        A.     Plaintiff's Implied Warranty Claims Should be Dismissed Because the Alleged Defect Manifested Itself Outside the Warranty Period. .......................4

        B.     Plaintiff's Song-Beverly Act and Magnuson-Moss Claims Should Also be Dismissed Because the Product Allegedly Failed Outside the Warranty Period. ..............................6

        C.     Plaintiff's Song-Beverly Act Claim Also Fails Because He Does Not Allege That His Claim Arose from Sales in California.................................7

        D.     Plaintiff's Negligence Cause of Action is Barred by the Economic Loss Doctrine.................................7

        E.     Plaintiff's Unfair Competition Claim Fails Because Apple's Actions Were Neither Unlawful nor Unfair. .................................9

        F.     Apple Has Not Been Unjustly Enriched. ...........................................10

II.      IF PLAINTIFF'S UCL CLAIM IS NOT DISMISSED, HIS REQUEST FOR DAMAGES UNDER THE UCL SHOULD BE STRICKEN ...............................10

CONCLUSION..............................................................................................................11

**Page(s)**

CASES

*Aas v. Super. Ct.*,
    24 Cal. 4th 627 (2000)..............................................................................................7

*Aeronaves de Mexico, S.A. v. McDonnell Douglas Corp.*,
    677 F.2d 771 (9th Cir. 1982).....................................................................................8

*Am. Online, Inc. v. St. Paul Mercury Ins. Co.*,
    207 F. Supp. 2d 459 (E.D. Va. 2002).......................................................................8

*Andrew v. Kern's TV & Appliance, Inc.*,
    2000 Ohio 1752 (Ohio Ct. App. 2000).....................................................................4

*Anthony v. Kelsey-Hayes Co.*,
    25 Cal. App. 3d 442 (1973) ......................................................................................8

*Atkinson v. Elk Corp. of Tex.*,
    142 Cal. App. 4th 212 (2006) ...................................................................................4

*Aulson v. Blanchard*,
    83 F.3d 1 (1st Cir. 1996)...........................................................................................3

*Bank of the West v. Super. Ct.*,
    2 Cal. 4th 1254 (1992)............................................................................................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007) ......................................................................3

*Cacique, Inc. v. Robert Reiser & Co.*,
    169 F.3d 619 (9th Cir. 1999) ..................................................................................10

*California State Elecs. Ass'n v. Zeos Int'l, Ltd.*,
    41 Cal. App. 4th 1270 (1996) ...................................................................................7

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) .............................................................................4, 10

*Cummins, Inc. v. Super. Ct.*,
    36 Cal. 4th 478 (2005)..............................................................................................7

*Daly v. Viacom*,
    238 F. Supp. 2d 1118 (N.D. Cal. 2002)....................................................................9

*Daugherty v. Amer. Honda Motor Co.*,
 144 Cal. App. 4th 824 (2006) ................................................................................ 1, 5, 6, 10

*Fantasy, Inc. v. Fogerty*,
 984 F.2d 1524, 1527 (9th Cir. 1993), 510 U.S. 517 (1994) ................................................. 10

*Hoey v. Sony Elecs., Inc.*,
 515 F. Supp. 2d 1099 (N.D. Cal. 2007) .......................................................................... 9, 10

*Holman Motor Co. v. Evans*,
 314 S.E.2d 453 (Ga. App. 1984) .......................................................................................... 4

*In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*,
 Nos. 96-3125 JBS + 96-1814 JBS, 1999 U.S. Dist. LEXIS 22891 (D.N.J. July 27,
 1999) ..................................................................................................................................... 4

*Jackson v. Roe*,
 273 F.3d 1192 (9th Cir. 2001) .............................................................................................. 9

*Long v. Hewlett-Packard Co.*,
 No. C-06-02816 JW, 2007 U.S. Dist. LEXIS 79262 (N.D. Cal. July 27, 2007) ................. 3, 4

*Lovesy v. Armed Forces Benefit Ass'n*,
 No. C-07-2745 SBA, 2008 U.S. Dist. LEXIS 93479 (N.D. Cal. Mar. 13, 2008) ................. 10

*McGlinchy v. Shell Chem. Co.*,
 845 F.2d 802 (9th Cir. 1988) ................................................................................................ 3

*Oestreicher v. Alienware Corp.*,
 544 F. Supp. 2d 964 (N.D. Cal. 2008) ......................................................................... 4, 6, 10

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
 34 Cal. 4th 979 (2004) .......................................................................................................... 8

*S. M. Wilson & Co. v. Smith Int'l, Inc.*,
 587 F.2d 1363 (9th Cir. 1978) .............................................................................................. 8

*Sacramento Reg'l Transit Dist. v. Grumman Flxible*,
 158 Cal. App. 3d 289 (1984) ................................................................................................ 8

*Seagate Tech, Inc. v. St. Paul Fire & Marine Ins. Co.*,
 11 F. Supp. 2d 1150 (N.D. Cal. 1998) .................................................................................. 8

*Transphase Sys., Inc. v. Southern Cal. Edison Co.*,
 839 F. Supp. 711 (C.D. Cal. 1993) ....................................................................................... 3

**STATUTES**

15 U.S.C. §§ 2301 *et seq*. ................................................................. 1, 4, 6

Cal. Bus. & Prof. Code § 17200 ............................................................. 1

Cal. Civ. Code §§ 1791 *et seq*. ..................................................... 1, 2, 4, 6, 7


**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6)................................................3

Federal Rule of Civil Procedure 12(f)...................................................10

**INTRODUCTION**

More than four years ago, plaintiff Giorgio Gomelsky ("plaintiff") purchased a

PowerBook G4 portable computer. The computer came with Apple Inc. ("Apple")'s one year

limited warranty, which provided that Apple would repair defects in workmanship or material at

no cost to the consumer during that period. The duration of the alleged implied warranties was

coextensive with the duration of Apple's express warranty. Because plaintiff's own complaint

makes clear that his computer functioned without any issues until long after the warranty period

had expired, his claims must be dismissed as a matter of law.

Now, more than three years after his express and implied warranties expired, plaintiff

complains that his PowerBook no longer functions properly. Plaintiff's claims are based on

issues with his computer that the complaint *concedes* arose outside the warranty period and

caused only economic damages. Nonetheless, plaintiff purports to allege claims for breach of

implied warranties; violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code

§ 17200 (the "UCL"), the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1791 *et seq.*

(the "Song-Beverly Act"), and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.* (the

"Magnuson-Moss Act"); negligence; and unjust enrichment.

Each of these claims is patently meritless and must be dismissed under applicable law

based upon the allegations of plaintiff's own complaint. The complaint alleges that the defect

manifested itself two years after plaintiff purchased the computer — long *after* the implied

warranties he relies on had expired. Plaintiff's implied warranty claims fail as a matter of law

under *Daugherty v. Amer. Honda Motor Co.*, 144 Cal. App. 4th 824, 830 (2006), and decisions of

this Court applying *Daugherty*. Moreover, plaintiff fails to allege that he purchased his

PowerBook in California as is required to state a claim under the Song-Beverly Act. In addition,

plaintiff's claims under both the Song-Beverly and Magnuson-Moss Acts are based solely on his

implied warranty claims; because his implied warranty claims fail, these statutory claims also

must be dismissed.

Further, plaintiff's negligence claim is barred by the economic loss rule. His UCL claim

fails because Apple's actions were not unlawful, and because manufacturing and selling a

computer that performed as warranted during the life of any applicable warranties is, as a matter of law, not "unfair" under the UCL. Finally, plaintiff's unjust enrichment claim fails because it is based on his other, meritless claims.

If the UCL claim is not dismissed, plaintiff's prayer for damages under that statute should be stricken, because damages are not an available remedy under the UCL.

## ISSUES TO BE DECIDED

1. Whether plaintiff can state a claim for breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, violation of the Song-Beverly Act, and violation of the Magnuson-Most Act when the alleged defect manifested itself after the one-year implied warranty period had expired.

2. Whether plaintiff can state a claim for violation of the Song-Beverly Act when he does not allege he purchased his computer in California.

3. Whether plaintiff can state a claim for violation of the Song-Beverly Act or the Magnuson-Moss Act when those claims are predicated on implied warranty claims that fail as a matter of law.

4. Whether plaintiff can state a claim for negligence under the economic loss rule.

5. Whether plaintiff has stated a claim under the "unlawful" and "unfair" prongs of the UCL.

6. Whether plaintiff can state a claim for unjust enrichment when this claim is based on his other claims, all of which fail as a matter of law.

7. Whether plaintiff's prayer for damages under the UCL is proper.

## FACTUAL BACKGROUND

Apple designs, manufactures, and sells personal computers, including the PowerBook G4 portable computer. (Class Action Complaint ("Compl."), ¶ 15.) Apple's PowerBook G4 models came with a one year limited warranty, which limits the duration of any implied warranties to the duration of the express warranty. (Declaration of A. Hunter ("Hunter Decl."), Ex. A.)

Plaintiff, a New York resident, allegedly purchased a PowerBook G4 on April 2, 2004. (Compl., ¶¶ 12, 25.) He alleges that over two years later, in May 2006, he purchased a 1 GB

memory card and installed it in his PowerBook. (*Id.* ¶ 25.) He alleges that when he installed the memory card, the computer's functioning "did not improve, and was in fact worse" than before he installed the memory card. (*Id.*) Plaintiff alleges that "[i]t was at this time that Plaintiff realized that his PowerBook's upper memory slot was defective, and that his computer was not recognizing the additional 1GB of memory installed." (*Id.*)

Over two additional years passed before plaintiff filed the present complaint on behalf of himself and a putative class of PowerBook G4 purchasers. As set forth above, he alleges various claims for breach of warranty, violation of the UCL, negligence and unjust enrichment. (*Id.* ¶¶ 39-83.) He seeks compensatory damages for reimbursement of expenses incurred to repair the allegedly defective memory slot and for use of the PowerBook with a non-functioning memory slot. He also seeks damages representing the difference between the value of the allegedly defective PowerBook purchased and the value the PowerBook would have had if it had been warranted and did not have the allegedly defective memory slot. (*Id.* ¶¶ 5, 51, 59, 79.)

**ARGUMENT**

## I.    THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007); *Long v. Hewlett-Packard Co.*, No. C-06-02816 JW, 2007 U.S. Dist. LEXIS 79262, at *7 (N.D. Cal. July 27, 2007). Although facts alleged in the complaint must be accepted as true for purposes of the motion to dismiss, the Court need not accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Transphase Sys., Inc. v. Southern Cal. Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993); *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.") All of plaintiff's claims fail as a matter of law and should be dismissed.

### A. Plaintiff's Implied Warranty Claims Should be Dismissed Because the Alleged Defect Manifested Itself Outside the Warranty Period.

Plaintiff's implied warranty claims fail because his own allegations disclose that his computer performed without any issues for two years following purchase. Under both state and federal law, the duration of any implied warranties of merchantability and fitness for a particular purpose was one year, because Apple's express warranty was limited to one year. (Hunter Decl., Ex. A (express warranty limited to one year); Cal. Civ. Code § 1791.1(c) ("The duration of the implied warranty of merchantability and where present the implied warranty of fitness shall be coextensive in duration with an express warranty which accompanies the consumer goods . . .but in no event shall such implied warranty have a duration of . . . more than one year"); 15 U.S.C. § 2308(b) ("implied warranties may be limited in duration to the duration of a written warranty of reasonable duration . . ."); *Atkinson v. Elk Corp. of Tex.*, 142 Cal. App. 4th 212, 231 (2006) (Cal. Civ. Code § 1791.1 controls the length of implied warranties under Magnuson-Moss).) The complaint is clear that the alleged defect manifested itself in May 2006, over a year after plaintiff purchased his PowerBook (April 2, 2004). (Compl., ¶ 25.) Thus, the alleged failure occurred after all implied warranties had expired.

Numerous courts have dismissed warranty claims under these circumstances. *See Atkinson,* 142 Cal. App. 4th at 227-32 (implied warranty of merchantability claim was barred as a matter of law because defect manifested itself after expiration of one-year implied warranty period); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (express warranty claim barred as a matter of law because malfunction occurred after expiration of the warranty) (citing *Daugherty*, 144 Cal. App. 4th at 830); *Long*, 2007 U.S. Dist. LEXIS 79262, at *11 (same); *Andrew v. Kern's TV & Appliance, Inc.*, 2000 Ohio 1752 (Ohio Ct. App. 2000) (no breach of implied warranties where problems with product occurred after warranties had expired); *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, Nos. 96-3125 JBS + 96-1814 JBS, 1999 U.S. Dist. LEXIS 22891 (D.N.J. July 27, 1999) (same); *Holman Motor Co. v. Evans*, 314 S.E.2d 453, 455 (Ga. App. 1984) (same); *cf. Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 970 (N.D. Cal. 2008) (because any alleged defects manifested themselves after expiration of the

warranty period, Consumer Legal Remedies Act claim was barred).  Plaintiff's claims accordingly fail as a matter of law.

Plaintiff's allegation that the defect was latent and known to Apple does not change this result.  *Daugherty* expressly rejected the proposition that a latent defect discovered outside the warranty period may form the basis for a valid warranty claim if the warrantor knew of the defect at the time of sale.  144 Cal. App. 4th at 830.

The facts in *Daugherty* were remarkably similar to the allegations here.  The plaintiffs sued Honda on behalf of all persons who purchased or leased model-year 1990-1997 Accords and Preludes equipped with F22 engines.  144 Cal. App. 4th at 827.  The F22 engine allegedly had a design defect which could, over time, lead to severe problems and even require a complete engine replacement.  *Id.*  This latent defect did not arise in plaintiffs' cars, if at all, until after the express warranty expired.  *Id.*  Honda had initiated a "product update campaign" which involved an offer to install a bracket that fixed the problem, but directed the campaign only to owners of 1994-1996 and early production 1997 models.  *Id.* at 828.  The plaintiffs alleged that 1990-1993 Honda owners were not informed of the campaign or the defect, even though the defect affected their cars, and that the 1994-1997 owners were not given adequate notice of the campaign.  *Id.*  The plaintiffs further alleged that Honda, despite actual and constructive knowledge of the defect, deliberately failed to remedy it and failed to warn the public of the risk of damage from the defect.  *Id.*  On demurrer, the trial court dismissed the plaintiffs' complaint with prejudice in its entirety.

The Court of Appeal affirmed.  The court rejected the plaintiffs' contention that a latent defect that exists during the warranty period is covered by the warranty if the warrantor knew of the defect at the time of the sale, stating that even if the warrantor knew of the defect at the time of sale:

> [T]o hold that all latent defects are covered under the written warranty, whether they become apparent to the customer before or after expiration of the written warranty, would place an undue burden on the manufacturer.  [The manufacturer] would, in effect, be obliged to insure that a vehicle it manufactures is defect-free for its entire life.

1    *Id.* at 830 (quoting *Walsh v. Ford Motor Co.*, 588 F. Supp. 1513, 1536 (D.D.C. 1984)).

2         A recent Northern District of California opinion, *Oestreicher v. Alienware Corp.*, 544 F.

3    Supp. 2d 964, 970 (N.D. Cal. 2008), is in accord. *Oestreicher* applied *Daugherty* to claims

4    involving allegedly defective notebook computers.  There, this Court rejected a CLRA claim

5    based on the alleged concealment of defects that manifested themselves after expiration of the

6    applicable warranty period.  Plaintiff argued, among other things, that under the CLRA the

7    defendants had a duty to disclose the alleged defects in its laptops.  This Court refused to create

8    such a duty, because

9            [a] contrary holding would eliminate term limits on warranties,
10   effectively making them perpetual or at least for the "useful life" of
     the product. . . . This court agrees with the Daugherty court, which
     stated: "Opening the door to plaintiffs' new theory of liability
11   would change the landscape of warranty and product liability law in
     California.  Failure of a product to last forever would become a
12   'defect,' a manufacturer would no longer be able to issue limited
     warranties, and product defect litigation would become as
13   widespread as manufacturing itself."

14   *Oestreicher*, 544 F. Supp. 2d at 972 (quoting *Daugherty*, 144 Cal. App. 4th at 829).

15        The reasoning of *Daugherty* and *Oestreicher* applies here.  To allow plaintiff to assert

16   claims under expired implied warranties would obligate Apple to insure that its computers are

17   defect-free for their entire lives, and would render the durational limits on implied warranties

18   meaningless.  This reasoning is particularly true where the warranty is not a voluntary one, but

19   arises by operation of law.  Because the alleged defect manifested itself over a year after plaintiff

20   purchased his computer, his implied warranty claims should be dismissed with prejudice.

21           **B.**    **Plaintiff's Song-Beverly Act and Magnuson-Moss Claims Should Also
           be Dismissed Because the Product Allegedly Failed Outside the
22         Warranty Period.**

23        Plaintiff's Song-Beverly and Magnuson-Moss Act claims should be dismissed with

24   prejudice for the same reasons.  Both claims are based on plaintiff's state law breach of implied

25   warranty claims discussed above.  (Compl., ¶¶ 63, 72.)  Because those claims have no merit,

26   plaintiff's Song-Beverly Act and Magnuson-Moss Act claims fail as a matter of law.  *Daugherty*,

27   144 Cal. App. 4th at 833 ("failure to state a warranty claim under state law necessarily constituted

28

a failure to state a claim under Magnuson-Moss.")  Accordingly, the claims should be dismissed with prejudice.

### C.  Plaintiff's Song-Beverly Act Claim Also Fails Because He Does Not Allege That His Claim Arose from Sales in California.

Plaintiff's Song-Beverly Act claim fails for a second, independent reason:  he has not alleged that he purchased his PowerBook in California.  The Song-Beverly Act governs only goods "sold at retail in this state."  *See* Cal. Civ. Code §§ 1792, 1792.1.  This requirement has even been held to bar claims by California residents who bought computers from an out-of-state company.  *See California State Elecs. Ass'n v. Zeos Int'l, Ltd.*, 41 Cal. App. 4th 1270, 1277 (1996).  The key is whether title passed to the consumer in California.  *Id*.  The California Supreme Court has emphasized this requirement of the statute, holding that:

> [i]f the refund-or-replace provisions of the Act were applicable to goods purchased outside of the state, uncertainties would be created as to the precise reach of the law. . . . [This] is another factor that supports our conclusion that the Legislature contemplated that the Act would apply only if the goods were purchased in California.

*Cummins, Inc. v. Super. Ct.*, 36 Cal. 4th 478, 492-93 (2005).

Here, plaintiff is a New York resident.  (Compl., ¶ 12.)  He does not allege that his PowerBook purchase was made in California or that he took title to the PowerBook in this state. Accordingly, plaintiff's Song-Beverly Act claim fails as a matter of law and should be dismissed with prejudice.

### D.  Plaintiff's Negligence Cause of Action is Barred by the Economic Loss Doctrine.

Plaintiff's negligence claim should also be dismissed, because plaintiff is seeking damages only for economic loss.  "[I]n actions for negligence, a manufacturer's liability is limited to damages for physical injuries; no recovery is allowed for economic loss alone."  *Aas v. Super. Ct.*, 24 Cal. 4th 627, 636 (2000).

The California Supreme Court has formulated the economic loss rule as follows:

> Simply stated, the economic loss rule provides:  "[W]here a purchaser's expectations in a sale are frustrated because the product

he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses." This doctrine hinges on a distinction drawn between transactions involving the sale of goods for commercial purposes where economic expectations are protected by commercial and contract law, and those involving the sale of defective products to individual consumers who are injured in a manner which has traditionally been remedied by resort to the law of torts.

*Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988-89 (2004); *Sacramento Reg'l Transit Dist. v. Grumman Flxible*, 158 Cal. App. 3d 289, 294 (1984) ("the line between physical injury to property and economic loss reflects the line of demarcation between tort theory and contract theory").

Courts have defined economic loss as "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits — without any claim of personal injury or damages to other property." *Grumman*, 158 Cal. App. 3d at 294; *see also S. M. Wilson & Co. v. Smith Int'l, Inc.*, 587 F.2d 1363, 1376 (9th Cir. 1978) (costs of repair, lost profits, and damages to goods themselves are all economic losses; buyer's remedy lies in U.C.C.). Loss of the use of the property or mere reduction in its expected usefulness does not constitute physical damage for tort recovery purposes. *See Aeronaves de Mexico, S.A. v. McDonnell Douglas Corp.*, 677 F.2d 771, 773 n.3 (9th Cir. 1982) (claim for loss of use of aircraft barred by rule precluding recovery for economic loss under a negligence theory); *Anthony v. Kelsey-Hayes Co.*, 25 Cal. App. 3d 442, 447 (1973) (claims for loss of use and diminution in value of trucks installed with defective wheels not permissible in negligence actions because the losses are economic); *Am. Online, Inc. v. St. Paul Mercury Ins. Co.*, 207 F. Supp. 2d 459, 462 (E.D. Va. 2002) (damages from loss of use of computer as a result of allegedly defective software installed on the computer are "purely economic, do not constitute harm to property other than the integrated product, and are thus not recoverable under any tort theory"); *cf. Seagate Tech, Inc. v. St. Paul Fire & Marine Ins. Co.*, 11 F. Supp. 2d 1150, 1155 (N.D. Cal. 1998) (loss of data and loss of use of computer as a result of defective disk drive incorporated into the computer was not "physical damage" for purposes of insurance coverage).

The complaint repeatedly makes clear that plaintiff's claim is based only on loss of full use of the PowerBook and/or the cost of repairing it:

> As a result of the defect, Plaintiff cannot use his PowerBook as intended, and has suffered damage. Plaintiff purchased a computer which he now cannot use for its intended purpose because of the defective memory slot; Plaintiff's PowerBook — whose memory has been reduced by half— is not fully functional. And the expense in repairing the memory slot — upwards of $500 — would constitute almost half the original purchase price of the computer. (Compl., ¶ 29.)

> [T]housands of Apple PowerBook owners have been compelled to either repair the defective memory slot at their own expense or lose permanently the ability to add additional memory to their computer*s*. (Compl., ¶ 4.)

> [This suit] seeks, <u>inter alia,</u> compensatory damages for Plaintiff and each Class member, including but not limited to: reimbursement of expenses incurred to repair defective memory slots . . . . (Compl., ¶ 5.)

These are all classic examples of economic harm, for which recovery lies only under contract. Plaintiff's negligence claim thus fails as a matter of law, and should be dismissed with prejudice.

**E.  Plaintiff's Unfair Competition Claim Fails Because Apple's Actions Were Neither Unlawful nor Unfair.**

Plaintiff's UCL claim fails because Apple's actions were neither unlawful nor unfair. Plaintiff's claim under the "unlawful" prong of the UCL is predicated on plaintiff's other claims. (Compl., ¶ 41.) Because plaintiff's other claims are meritless, as described above, Apple's actions were not "unlawful" under the UCL. *Jackson v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) ("[The UCL] does not give a plaintiff license to 'plead around' the absolute bars to relief contained in other possible causes of action by recasting those causes of action as ones for unfair competition."); *Hoey v. Sony Elecs., Inc.*, 515 F. Supp. 2d 1099, 1106 (N.D. Cal. 2007) (UCL claims predicated on other claims that were not adequately pled must be dismissed); *Daly v. Viacom*, 238 F. Supp. 2d 1118, 1126 (N.D. Cal. 2002) (where plaintiff's other claims failed, UCL claim based on the same conduct failed as well).

1     *Daugherty* also forecloses any claim that Apple's actions were unfair. Manufacturing,

2 testing, and selling a computer that functioned precisely as warranted during the term of any

3 express or implied warranties does not constitute an unfair practice under the UCL. *Daugherty*,

4 144 Cal. App. 4th at 839; *see also Clemens*, 534 F.3d at 1026-27 (quoting *Daugherty*). Plaintiff's

5 UCL claim should accordingly be dismissed with prejudice.

6                   **F.**         **Apple Has Not Been Unjustly Enriched.**

7     Plaintiff bases his unjust enrichment claim on his other claims. (Compl., ¶ 82.) Because

8 those claims fail, the unjust enrichment claim fails as well. *Oestreicher*, 544 F. Supp. 2d at 975;

9 *Hoey*, 515 F.2d at 1106.

10   **II.**       **IF PLAINTIFF'S UCL CLAIM IS NOT DISMISSED, HIS REQUEST FOR**
                **DAMAGES UNDER THE UCL SHOULD BE STRICKEN**

11

12     Federal Rule of Civil Procedure 12(f) authorizes the court to order stricken from any

13 pleading "any redundant [or] immaterial… matter." "'[T]he function of a 12(f) motion to strike is

14 to avoid the expenditure of time and money that must arise from litigating spurious issues by

15 dispensing with those issues prior to trial….'" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th

16 Cir. 1993), (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)),

17 *overruled on other grounds*, 510 U.S. 517 (1994). "A motion to strike may be used to strike any

18 part of the prayer for relief when the relief sought is not recoverable as a matter of law."

19 *Lovesy v. Armed Forces Benefit Ass'n*, No. C-07-2745 SBA, 2008 U.S. Dist. LEXIS 93479, *6

20 (N.D. Cal. Mar. 13, 2008).

21     If plaintiff's UCL claim is not dismissed, his prayer for damages under the UCL should be

22 stricken. (Compl., ¶ 43, Prayer, ¶ 1.) Damages are not available under the UCL. *Bank of the*

23 *West v. Super. Ct.,* 2 Cal. 4th 1254, 1266 (1992); *Cacique, Inc. v. Robert Reiser & Co.*, 169 F.3d

24 619, 624 (9th Cir. 1999); *Lovesy*, 2008 U.S. Dist. LEXIS 93479, at *16-17 (granting motion to

25 strike prayer for damages under the UCL). Plaintiff's prayer for damages under the UCL, set

26 forth in paragraph 43 of the Complaint and paragraph 1 of the Prayer, should accordingly be

27 stricken.

28

1

**CONCLUSION**

2          For the foregoing reasons, plaintiff's complaint should be dismissed with prejudice.  If

3    plaintiff's UCL claim is not dismissed, his prayer for damages under that statute should be

4    stricken.

5    Dated: December 22, 2008                    PENELOPE A. PREOVOLOS
                                                 ANDREW D. MUHLBACH
6                                                ANNE M. HUNTER
                                                 ALEXEI KLESTOFF
7                                                MORRISON & FOERSTER LLP

8
                                          By:  /s/ Penelope A. Preovolos
9                                                Penelope A. Preovolos

10                                               Attorneys for Defendant
                                                 APPLE INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28