PENELOPE A. PREOVOLOS (CA SBN 87607)
(PPrevolos@mofo.com)
ANDREW D. MUHLBACH (CA SBN 175694)
(AMuhlbach@mofo.com)
ANNE M. HUNTER (CA SBN 221455)
(AHunter@mofo.com)
ALEXEI KLESTOFF (CA SBN 224016)
(AKlestoff@mofo.com)

MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GIORGIO GOMELSKY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No.   C-08-04969 JF<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS AND TO STRIKE**<br><br>Date:   February 20, 2009<br>Time:   9:00am<br>Courtroom: 3 |

APPLE'S REQUEST FOR JUDICIAL NOTICE
CASE NO. C-08-04969 JF
sf-2612906

1

# REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, Apple Inc. hereby requests that the Court take judicial notice of Apple's written warranty for its PowerBook G4 notebook computers, which is cited in Apple's Motion to Dismiss and to Strike. A true and correct copy of Apple's written warranty is attached as Exhibit A to the accompanying Declaration of Anne M. Hunter.

Federal Rule of Evidence 201 allows a court to take judicial notice of adjudicative facts "not subject to reasonable dispute in that [they are] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." It is axiomatic that under Rule 201, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1103 (N.D. Cal. 2007) (taking judicial notice of express warranty because allegations in complaint were based on that warranty).

Apple's written warranty for its PowerBook G4 laptop computers, as it appeared in the packaging for those computers and as it appears on Apple's website, is a proper subject of judicial notice. The complaint here refers to the written warranty several times, and plaintiff bases a number of his allegations on that warranty. Specifically, plaintiff contends that Apple intentionally withheld information about the alleged defect in its PowerBook G4 computers so that computer owners would not uncover the defect until such time as Apple's written warranty had expired. (Compl., ¶¶ 23, 50, 58.) Plaintiff also contends that Apple had a duty to disclose the alleged defect so that computer owners could take measures to repair the defect while still covered by Apple's written warranty. (*Id.* ¶¶ 77, 78.) Plaintiff has thus incorporated Apple's written warranty by reference into the complaint, allowing the Court to judicially notice the warranty and consider it for purposes of Apple's motion to dismiss and to strike. *Hoey*, 515 F. Supp. 2d at 1103.

Dated: December 22, 2008

PENELOPE A. PREOVOLOS
ANDREW D. MUHLBACH
ANNE M. HUNTER
ALEXEI KLESTOFF
MORRISON & FOERSTER LLP

By: /s/ Penelope A. Preovolos
    Penelope A. Preovolos

Attorneys for Defendant
APPLE INC.