MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
Jeffrey I. Carton (*pro hac vice*)
jcarton@mdpcelaw.com
Jerome Noll (*pro hac vice*)
jnoll@mdpcelaw.com
Christine M. Ford (*pro hac vice* application to be submitted)
cford@mdpcelaw.com
1311 Mamaroneck Avenue
White Plains, New York 10605
Telephone: (914) 517-5000
Facsimile: (914) 517-5055

CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER, SBN 193840
crowther@caldwell-leslie.com
ALBERT GIANG, SBN 224332
giang@caldwell-leslie.com
1000 Wilshire Blvd., Suite 600
Los Angeles, California 90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Plaintiffs
and all others similarly situated

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REUBEN BERENBLAT, ANDREW PERSONETTE, EARL C. SIMPSON, LAURA MILLER, On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendants. | Case No. C-08-04969 JF<br><br>**FIRST AMENDED<br>CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, by their attorneys, Meiselman, Denlea, Packman, Carton & Eberz P.C., as and for their class action complaint, allege, with personal knowledge as to their own actions, and upon information and belief as to those of others, as follows:

-1-

FIRST AMENDED CLASS ACTION COMPLAINT

## NATURE OF CASE

1. This class action seeks to redress the widespread and commonplace characteristic defect and design flaw existing at the time of manufacture which renders one or more of Apple's PowerBook G4's memory slots inoperative during the computer's useful life. This inherent defect manifests itself when a PowerBook owner adds additional memory (RAM) to the first or second (upper or lower) memory slot available in most PowerBooks, including the PowerBook G4. Typically, when the additional memory is added, the Powerbook does not recognize the memory, resulting in slower processing speeds, decreased computer function and other computing problems. Unfortunately for consumers, because both memory slots are hardwired to the PowerBook's motherboard, consumers who choose to repair the defect can incur costs of more than $500 in parts and labor.

2. Moreover, the inherent defect often manifests itself months or even years after purchase of a new PowerBook and/or installation of memory (RAM) in a memory slot.

3. In response to thousands of complaints from its PowerBook customers, Apple has admitted that its PowerBooks, specifically certain PowerBook G4 models, have defective memory slots. Aside from a limited number of PowerBooks manufactured between January 2005 and April 2005, however, Apple has refused to repair the defect which has manifested itself in PowerBooks manufactured before and after this time period.

4. As a result of Apple's actions, thousands of its customers have purchased PowerBook computers with defective memory slots. Apple has refused to repair the defect free of charge, and has refused its customers' requests for refunds or exchanges of their defective PowerBooks. As such, thousands of Apple PowerBook owners have been compelled to either repair the defective memory slot at their own expense or lose permanently the ability to add additional memory to their computers.

5. This suit is brought on behalf of a nationwide class of all persons who have purchased Apple PowerBook computers, including but not limited to the PowerBook G4,

manufactured with defective memory slots, between January 1, 2005, to the present, and who were damaged thereby (the "Class"), including a sub-class of persons who purchased PowerBook G4 computers directly from Defendant (the "Sub-Class"). It seeks, inter alia, restitution and/or compensatory damages for Plaintiffs and each Class member, including but not limited to: reimbursement of expenses incurred to repair defective memory slots; attorneys' fees; and the costs of this suit.

## JURISDICTION AND VENUE

6. Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d), as Plaintiffs' citizenship is diverse from Defendant, there are more than 100 class members, and the amount in controversy is in excess of $5 million.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of California.

8. Venue is also proper in this district under 28 U.S.C. § 1391(a)(2), on the grounds that a substantial part of the events relating to Plaintiffs' claims occurred in the Northern District of California.

## INTRADISTRICT ASSIGNMENT

9. Plaintiffs respectfully request that this matter be assigned to the San Jose Division because a substantial portion of the actions and omissions giving rise to this action occurred in Santa Clara County, California. Specifically, Defendant's marketing of the PowerBook G4, Defendant's communications about the Extended Warranty and Defendant's refusal to repair the defective memory slots all emanated from its principal place of business in Cupertino, California.

## PARTIES

10. Plaintiff Reuben Berenblat is a resident of the State of New York, County of Nassau. Mr. Berenblat purchased an Apple PowerBook G4 with a defective memory slot directly from Apple over the Internet. Mr. Berenblat seeks to represent the Class and Sub-Class.

11. Plaintiff Andrew Personette is a resident of the State of New York, County of Kings. Mr. Personette acquired an Apple PowerBook G4 from the Apple store in New York City. Mr. Personette seeks to represent the Class and Sub-Class.

12. Plaintiff Earl Simpson is a resident of the State of Washington, County of Clark. Dr. Simpson purchased an Apple PowerBook G4 from MacShop Northwest in Oregon, which is identified on Apple's website as an authorized reseller and service provider. Dr. Simpson seeks to represent the Class.

13. Plaintiff Laura Miller is a resident of the State of California, County of San Francisco. Ms. Miller purchased an Apple PowerBook G4 from a third party internet vendor and purchased an AppleCare Protection Plan directly from Apple to cover her PowerBook G4. Ms. Miller seeks to represent the Class.

14. Defendant Apple Inc. is incorporated under the laws of the State of California, with its principal place of business located in Cupertino, California.

15. Defendant Apple Inc. does actual business throughout the State of California, including through the direct sale of its merchandise in the State and operation and maintenance of an interactive website – *apple.com* – accessible to consumers in, and residents of, California.

## OPERATIVE FACTS

*A. Apple Manufactures Defective PowerBook G4 Computers*

16. Defendant Apple Inc. is a publicly traded company engaged in the business of designing, manufacturing, marketing, distributing and selling personal computers and related products and services through its own retail stores, online, direct sales, third party wholesalers and resellers. Apple has sold its PowerBook computers, including the G4 model, to tens of thousands of consumers throughout the United States.

17. In or about January 2001, Apple began designing, manufacturing, warranting, advertising, marketing, selling and providing PowerBook G4 laptop computer to consumers throughout the United States. Between 2001 and 2003, Apple produced the Titanium PowerBook G4; between 2003 and 2006, the Aluminum models were produced.

18. When the Aluminum PowerBook G4s were released in January 2003, Apple marketed them as being designed to exacting standards and touted their many features, including the fact that each Aluminum PowerBook G4 has two memory slots. The memory slots are an essential feature of the computer, and are marketed so as to give consumers the ability to expand the PowerBook's memory (RAM) at any time, thereby increasing the computer's functionality.

19. Based on Apple's own admissions, however, certain of its PowerBook G4 computers were manufactured with defective memory slots. Indeed, either or both of the memory slots have an inherent defect existing at the time the computer is manufactured – when additional memory is added, it is not recognized by the computer and is thus useless.

20. Although the useful life of a laptop or notebook computer is five years, the inherent defect in the Apple PowerBook G4 computer memory slots renders the computers substantially certain to result in malfunction during the computer's useful life.

21. As Apple has admitted in an article posted on its website, affected PowerBook G4 computers exhibit at least one of the following symptoms upon installation of RAM memory in the lower memory slot: (1) The computer does not start up; or (2) The computer does not recognize that the lower memory slot is filled, thus degrading system performance because the memory in only one slot is recognized.

22. Apple has also admitted that the problems may only occur intermittently, and that an owner of a PowerBook with a defective memory slot may not know or become aware of the defect until months, or years, after installation of memory in the defective memory slot.

**B.** ***Apple Wrongfully Refuses To Correct The Vast Majority of Defective Computers***

23. Despite the inherent defect existing in the memory slots at the time the computers were manufactured, Apple has refused to repair malfunctioning PowerBook G4 computers or reimburse consumers for the cost of the repairs. Apple has maintained its refusal to repair the defective computers, although the inherent defect results in malfunction during the PowerBook's useful life.

24. Apple claims that it is not obligated to repair defective PowerBook G4 computers when the inherent defect resulted in malfunction outside Apple's purported one-year limited warranty period. Apple's refusal to repair inherently defective computers, however, is wrongful because the defect that exists at the time of manufacture renders the computer substantially certain to result in malfunction during the computer's useful life, thus violating Plaintiffs' right to obtain products free from defects. Accordingly, because the defect existed within the warranty period, Apple is obligated to repair, replace, correct, or otherwise provide relief to its customers.

25. Moreover, Apple's purported limitation of warranties is ineffective because it is not delivered to consumers in advance of their purchases, consumers are not permitted to negotiate the terms, and the terms of the limited warranty unreasonably favor Apple. The unconscionability of Apple's purported limitation of warranties is compounded by Apple's knowledge that it manufactured defective computers, yet continued to sell them without correcting the defects.

26. After receiving thousands of complaints from its customers regarding defective memory slots, Apple extended the warranty available to PowerBook G4 customers by initiating, in or around 2006, the PowerBook G4 Memory Slot Repair Extension Program covering a limited number of PowerBook G4 models experiencing specific component issues and that were manufactured between January, 2005 and April, 2005 ("Extended Warranty").

27. The Extended Warranty was available, however, to a very limited number of PowerBook customers, as it only covered <u>affected</u> PowerBook G4 computers having eleven digit serial numbers in the following range: W8503xxxxxx-W8518xxxxxx. The Extended Warranty did not cover any PowerBook G4 outside of this serial number range and ended on July 24, 2008. Thus, the vast majority of Powerbooks were not covered by the Extended Warranty. And should a PowerBook owner with a computer which was covered by the Extended Warranty find out about the computer's defective memory slot after July 24, 2008, he or she would have no recourse other than incurring the expense of

fixing the defective memory slot, or continue to use the computer without having the ability to utilize the defective memory slot and add memory.

28. Tens of thousands of people nationwide have purchased PowerBook computers manufactured with defective memory slots. Aside from the limited number of PowerBooks covered by the Extended Warranty, Apple has informed Plaintiffs and other customers with defective PowerBooks that they have no recourse other than to repair the defective memory slots at their own expense. Apple has refused to warrant, repair or pay for any repairs relating to the PowerBook's defective lower memory slot, or to warrant any PowerBooks should the defect manifest itself sometime in the future.

29. To date, Apple has not taken effective action to remedy defective memory slots in its PowerBook computers. To ensure that the memory slots in all of its PowerBook computers were fit for their ordinary purpose during the computer's useful life, Apple should have tested both memory slots prior to installing and selling its PowerBook computers. Instead, Apple sold PowerBook computers with memory slots that were not fit for ordinary use.

30. Moreover, Apple did not give adequate notice of its Extended Warranty to its customers. Apple did not contact purchasers of PowerBook computers to inform them that they may be covered by the Extended Warranty, nor did Apple notify all PowerBook owners of the defective memory slot so that consumers could have their PowerBooks repaired during the one year warranty in effect from the date of purchase.

C. *Plaintiff Reuben Berenblat Purchases A Defective PowerBook G4 Computer Directly From Apple*

31. On or about July 12, 2005, Mr. Berenblat purchased directly from Apple an Aluminum PowerBook G4 15", serial number W85252RYRG4.

32. In September 2008, Mr. Berenblat realized that his computer was not working well. Thinking that he may require additional memory to optimize the performance of his computer, Mr. Berenblat added memory to his computer. However, his computer's performance only worsened.

FIRST AMENDED CLASS ACTION COMPLAINT

33. Mr. Berenblat brought his computer to an Apple store in New York City and was told that his hard drive was defective. However, it was later determined that there was no problem with the hard drive; rather, the lower memory slot was defective and degraded his computer's performance. Mr. Berenblat again contacted Apple directly to have his computer repaired, and Apple refused to repair or replace his defective computer.

34. As a result of the defect, Mr. Berenblat cannot use his PowerBook for its ordinary and intended purpose, and has suffered damage.

### D. *Plaintiff Andrew Personette Receives A Defective PowerBook G4 Computer Directly From Apple*

35. In 2005, Mr. Personette purchased a titanium PowerBook computer with an AppleCare Protection Plan. However, Mr. Personette's titanium PowerBook was defective. After returning his titanium computer to the Apple store in New York City's Soho neighborhood several times for repair, Apple personnel determined that the titanium PowerBook could not be fixed. Accordingly, in exchange for his defective titanium PowerBook, in 2005, Mr. Personette received from the Apple store an Aluminum PowerBook G4 15", serial number W84080FANRW.

36. In 2007, Mr. Personette added memory to his PowerBook to increase its functionality. However, shortly thereafter, in September 2007, Mr. Personette noticed that his PowerBook was functioning very slowly and determined that the computer did not recognize one of the memory cards because the lower memory slot was defective.

37. Mr. Personette contacted Apple directly to have his computer repaired, and Apple refused to repair or replace his defective computer.

38. As a result of the defect, Mr. Personette cannot use his PowerBook for its ordinary and intended purpose, and has suffered damage.

CALDWELL
LESLIE &
PROCTOR

-8-

FIRST AMENDED CLASS ACTION COMPLAINT

### E. Plaintiff Earl Simpson Purchases A Defective PowerBook G4 Computer From An Apple-Authorized Reseller

39. On or about August 20, 2005, Dr. Simpson purchased an Aluminum PowerBook G4 15", serial number W852545TRG4 from MacShop Northwest, an Apple-authorized reseller and service provider.

40. Dr. Simpson sought to increase the RAM in his PowerBook to the maximum of 2GB. However, on or about October 12, 2008, when Dr. Simpson attempted to add memory to his PowerBook, he realized that the lower memory slot was defective and did not recognize the memory.

41. Dr. Simpson was advised by Apple-authorized reseller and service provider, The Portland Mac Store, to increase the RAM in the upper memory slot to the maximum in the single memory slot of 1 GB. Thus, Dr. Simpson was not able to obtain the maximum amount of memory that his computer should have been able to utilize had it not been defective.

42. As a result of the defect, Dr. Simpson cannot use his PowerBook for its ordinary and intended purpose, and has suffered damage.

### F. Plaintiff Laura Miller Purchases A Defective PowerBook G4

43. In or around early 2006, Ms. Miller purchased an Aluminum PowerBook G4 15", serial number W8527057RG3 from a third-party internet vendor.

44. Shortly after purchasing her PowerBook, Ms. Miller experienced problems and returned the computer to Apple. In June 2006, Apple replaced the motherboard of her PowerBook.

45. Because of her initial problems, Ms. Miller purchased an AppleCare Protection Program to cover her PowerBook computer.

46. Just after expiration of her AppleCare extended protection, Ms. Miller's computer again failed. At this time, Ms. Miller learned that the lower memory slot of her PowerBook G4 was defective and did not recognize the memory that she attempted to load into the computer. Thus, Ms. Miller was not able to obtain the maximum amount of memory that her computer should have been able to utilize had it not been defective.

FIRST AMENDED CLASS ACTION COMPLAINT

47. As a result of the defect, Ms. Miller cannot use her PowerBook for its ordinary and intended purpose, and has suffered damage.

### G. *Thousands of Consumers Have Suffered Losses As A Result of Apple's Manufacture of Defective PowerBook G4 Computers*

48. There have been numerous consumer complaints to various Federal and State authorities about the PowerBook's defective lower memory slots, and web sites are full of consumers who have complained about the fact that their PowerBook computers' memory slots do not work. Consumers have posted complaints stating that they have had to repair the defective memory slot at their own expense, that Apple has refused to reimburse them for the expense incurred, and that Apple has refused to exchange defective PowerBooks for PowerBooks with properly functioning memory slots.

49. Moreover, an online petition has been initiated by Apple customers who have purchased PowerBooks with defective memory slots, and which Apple has refused to repair. As of the date of this Amended Complaint, almost 5,000 PowerBook owners have signed the petition, providing their name, address and email address, demanding that Apple repair the defective memory slots or reimburse the petitioners for expenses incurred in repairing the memory slots.

50. Apple continued to manufacture and sell PowerBook computers with defective memory slots even after receiving thousands of complaints informing it of the specific defect alleged herein. As such, Apple profited enormously from sales of its PowerBook G4 computers while Plaintiffs and the Class incurred significant damages, including but not limited to the expenses incurred in repairing or replacing their defective PowerBook computers.

51. Apple has, and continues to this day, refused to respond to the thousands of customer complaints regarding the PowerBook's defective memory slot, and has refused to repair at its own expense the defective memory slot or compensate thousands of PowerBook purchasers who repaired the defective memory slot at their own expense.

FIRST AMENDED CLASS ACTION COMPLAINT

52. As referred to above, no adequate notice has been provided to Plaintiffs, and no consent or bargained-for approval has been granted by Plaintiffs or other Apple customers who purchased PowerBook computers, including the PowerBook G4, that their computers have defective memory slots. Nor did Defendant provide any notice, adequate notice or full disclosure of the fact that its PowerBook computers have defective memory slots.

## **CLASS ACTION ALLEGATIONS**

53. Plaintiffs bring this action on their own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a nationwide class of all persons who have purchased PowerBook computers with one or more defective memory slots and who were damaged thereby, during the period from January 1, 2005, to the present (the "Class") and a sub-class of persons who purchased PowerBook computers directly from Apple (the "Sub-Class").

54. Excluded from the Class is Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

55. This action is brought as a class action for the following reasons:

    a. The Class consists of at least thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

    b. There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

        i. whether Defendant violated Cal. Bus. & Prof. Code § 17200 by manufacturing and selling PowerBook computers with defective memory slots;

        ii. whether Defendant breached the implied warranty of merchantability arising pursuant to Cal. Comm. Code § 2314 by manufacturing and selling PowerBook computers with defective memory slots;

iii. whether Defendant unjustly enriched itself in manufacturing and selling PowerBook computers with defective memory slots;

iv. whether members of the Class have sustained damages and/or other compensable losses and, if so, the proper measure thereof; and

v. whether Defendant should be enjoined from selling PowerBook computers with defective memory slots.

c. The claims asserted by Plaintiffs are typical of the claims of the members of the Class;

d. Plaintiffs will fairly and adequately protect the interests of the Class, and Plaintiffs have retained attorneys experienced in class and complex litigation, including related litigation involving consumer fraud;

e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

i. Absent a class action, Class members as a practical matter will be unable to obtain redress, Defendant's violations of its legal obligations will continue without remedy, additional customers will be harmed, and Defendant will continue to retain its ill-gotten gains;

ii. It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

iii. When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

iv. A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions; and

v. The lawsuit presents no difficulties that would impede its management by the Court as a class action.

f. Defendant has acted on grounds generally applicable to Class members, making class-wide monetary and injunctive relief appropriate; and

g. The prosecution of separate actions by individual members of the Class would create a risk of incompatible standards of conduct for Defendant and of inconsistent or varying adjudications for all parties.

56. Defendant's violations of the common law are applicable to all members of the Class, and Plaintiffs is entitled to have Defendant enjoined from engaging in unlawful conduct in the future.

## FIRST CAUSE OF ACTION

**(Violation of California Business and Professions Code § 17200 *et seq.* –**
**On Behalf of the Class and Sub-Class)**

57. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 56 above as if fully set forth herein.

58. California Business and Professions Code § 17200 prohibits acts of unfair competition, including any "unlawful, unfair or fraudulent business act or practice[.]"

59. Apple has engaged in unlawful and unfair business acts or practices in California and nationwide, in violation of Cal. Bus. & Prof. Code § 17200, by manufacturing and selling PowerBook computers with defective memory slots to Plaintiffs and other members of the Class, by failing to use reasonable care to test the memory slots in its PowerBook computers prior to sale, and by continuing to sell PowerBook computers with defective memory slots even after learning that the memory slots in its PowerBook computers were defective, all in violation of Cal. Comm. Code § 2314, U.C.C. §§ 2-314, and the common law.

60. As described herein, Defendant's conduct in manufacturing and selling computers with an inherent defect that was substantially certain to result in malfunction during the computers' useful lives caused and continues to cause substantial injury to consumers, including Plaintiffs and the other members of the Class. The California Commercial Code, as well as other state and federal law, embodies the public policy that prohibits manufacturers from selling such defective goods to consumers and then refusing

to repair or replace the defective product, particularly when the seller knows of the defect. Thus, Defendant's acts are manifestly unfair to the Plaintiffs and the Class.

61. Furthermore, as there were reasonable alternatives available to Apple to further its business interests other than voluntarily placing into the stream of commerce PowerBook computers with defective memory slots, the gravity of Defendant's wrongful conduct outweighs any purported benefits attributable to such conduct.

62. As a direct and proximate result of Defendant's actions as described herein, Plaintiffs and other members of the Class have suffered, and continue to suffer, injury in fact and have lost money as a result of Defendant's deception and unfair and unlawful business practice in an amount which will be proven at trial, and which is in excess of the requisite jurisdictional amount.

63. By reason of the foregoing, Defendant has violated Cal. Bus. & Prof. Code § 17200, and is liable to Plaintiffs and the other members of the Class for restitution and all other appropriate remedies, plus costs and attorneys' fees.

## SECOND CAUSE OF ACTION

**(Breach of Implied Warranty of Merchantability Pursuant to**

**Cal. Comm. Code § 2314 – On Behalf of the Sub-Class)**

64. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 63 above as if fully set forth herein.

65. Defendant is a merchant with respect to computers, including PowerBook computers manufactured and sold under the Apple brand.

66. Plaintiffs Berenblat and Personette acquired directly from Defendant PowerBook G4 computers. An implied warranty that each Plaintiff's PowerBook G4 was merchantable arose by operation of law as part of the sale, and as part of the sales of PowerBook computers to other members of the Sub-Class.

67. Defendant breached the implied warranty of merchantability in that the PowerBook computers sold to Plaintiffs Berenblat and Personette and the Sub-Class were

not in merchantable condition when sold or at any time thereafter, in that Plaintiffs' and the Sub-Class' PowerBook computers have defective memory slots that were substantially certain to result in the computer's malfunction during the computer's useful life, and, in fact, did result in malfunction during the computer's useful life.

68. When purchasing their PowerBook computers, Plaintiffs Berenblat and Personette and the Sub-Class were not aware of the memory slot defect as the defect was and is not open or obvious.

69. Any attempt by Apple to limit the duration and scope of the implied warranty of merchantability is unreasonable, unconscionable and void as Apple knew or recklessly disregarded the fact that the memory slot defect existed at the time of manufacture and might not be discovered, if at all, until such time as a PowerBook owner would attempt to install additional memory and uncover the fact that the one or both of the memory slots were defective. Apple withheld information about the memory slot defect from PowerBook owners intending that owners would not uncover the inherent defect until such time as any Apple express warranty in effect expired. Moreover, the terms of Apple's express warranty were not subject to negotiation, unreasonably favored Apple, and were not provided to consumers prior to sale, thus rendering any limitations unconscionable.

70. As a result of Apple's breach of the implied warranty of merchantability, Plaintiffs and the Sub-Class have suffered incidental and consequential damages, including expenses incurred to repair the memory slot defect or replace their PowerBook computers, and damages representing the difference between the value of the defective PowerBooks purchased and the value the PowerBooks would have had if they had been as warranted and did not have defective memory slots.

71. By reason of the foregoing, Defendant is liable to Plaintiffs and the other members of the Sub-Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial.

FIRST AMENDED CLASS ACTION COMPLAINT

## THIRD CAUSE OF ACTION

**(Unjust Enrichment – On Behalf of the Class and Sub-Class)**

72. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 71 above as if fully set forth herein.

73. Plaintiffs and the Class have conferred benefits on Defendant by paying value for computers that they reasonably expected to be fully functioning during the computers' useful life. However, Plaintiffs did not purchase fully functioning computers as a result of an inherent defect known to Defendant.

74. Defendant knowingly and willingly accepted monetary benefits from Plaintiffs and the Class, although Defendant did not provide consumers with fully-functioning computers. Rather, Defendants profited from the sales of inferior and defective products.

75. Under the circumstances described herein, it is inequitable for Defendants to retain the full monetary benefit at the expenses of Plaintiffs and the Class.

76. By engaging in the conduct described above, Defendant has unjustly enriched itself at the expense of Plaintiffs and the Class and is required, in equity and good conscience, to compensate Plaintiffs and the Class for harm suffered as a result of Defendant's actions.

77. As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs and the Class have suffered injury and are entitled to reimbursement, restitution, and disgorgement from Defendant of the benefit conferred by Plaintiffs and the Class.

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment against Defendant as follows:

1. Certifying this action as a class action, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, with a class and sub-class as defined above;

2. On Plaintiffs' First Cause of Action, awarding Plaintiffs all appropriate remedies, including, but not limited to restitution, plus costs and attorneys' fees;

3. On Plaintiffs' Second Cause of Action, awarding against Defendant the damages that Plaintiffs and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial;

4. On Plaintiffs' Third Cause of Action, awarding Plaintiffs and the Class all appropriate remedies, including but not limited to reimbursement, restitution, and disgorgement of all profits unjustly retained by Defendant;

5. Awarding Plaintiffs interest, costs and attorneys' fees; and

6. Awarding Plaintiffs such other and further relief as this Court deems just and proper.

DATED: April 2, 2009

Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER
ALBERT GIANG

By \_\_\_\_\_/S/\_\_\_\_\_
ROBYN C. CROWTHER
Attorneys for Plaintiffs

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury.

DATED: April 2, 2009

Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER
ALBERT GIANG


By     /S/
    ROBYN C. CROWTHER
    Attorneys for Plaintiffs