1   Eric H. Gibbs (State Bar No. 178658)
    ehg@girardgibbs.com
2   Geoffrey A. Munroe (State Bar No. 228590)
    gam@girardgibbs.com
3   **GIRARD GIBBS LLP**
    601 California Street, 14th Floor
4   San Francisco, California 94108
    Telephone: (415) 981-4800
5   Facsimile: (415) 981-4846

6   Andrew N. Friedman (*pro hac vice* application pending)
7   afriedman@cohenmilstein.com
    Douglas J. McNamara (*pro hac vice* application pending)
8   dmcnamara@cohenmilstein.com
    **COHEN MILSTEIN SELLERS & TOLL PLLC**
9   1100 New York Ave., NW
    West Tower, Suite 500
10  Washington, D.C. 20005-3964
    Telephone: (202) 408-4600
11  Facsimile: (202) 408-46995

12  Attorneys for Plaintiff Deborah Vail

13

14                  **UNITED STATES DISTRICT COURT**

15                 **NORTHERN DISTRICT OF CALIFORNIA**

16

17  | | |
    |---|---|
    | GIORGIO GOMELSKY, on behalf of himself and all others similarly situated, | Case No. 08-CV-04969 JF |
    | | **DECLARATION OF ERIC H. GIBBS RE ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
    | Plaintiff, | |
    | v. | |
    | APPLE INC., | |
    | Defendants. | |
    | THIS DOCUMENT ALSO RELATES TO: | Case No. 09-CV-01649 RS _____ |
    | DEBORAH J. VAIL, on behalf of herself and those similarly situated, | |
    | Plaintiff, | |
    | v. | |
    | APPLE, INC., | |
    | Defendant. | |

Dockets.Justia.com

I, Eric H. Gibbs, declare as follows:

1.  I am a member in good standing of the California State Bar and partner at the law firm of Girard Gibbs LLP, counsel of record for the plaintiff in *Vail v. Apple, Inc.*, No. 09-cv-01649.  I make this declaration based on my personal knowledge, and if called to testify to the contents thereof, I could and would competently do so.

2.  Attached hereto as **Exhibit A** is a true and correct copy of the class action complaint filed in *Vail v. Apple, Inc.*, No. 09-cv-01649.

3.  Attached hereto as **Exhibit B** is a true and correct copy of the class action complaint filed in *Gomelsky v. Apple, Inc.*, No. 08-cv-04969.

I declare under penalty of perjury that the foregoing facts are true and correct and that this declaration was executed this 16th day of April 2009, in San Francisco, California.

_____/s/ Eric H. Gibbs_____

EXHIBIT A

1   Eric H. Gibbs (State Bar No. 178658)
    ehg@girardgibbs.com
2   Geoffrey A. Munroe (State Bar No. 228590)
    gam@girardgibbs.com
3   **GIRARD GIBBS LLP**
4   601 California Street, 14th Floor
    San Francisco, California 94108
5   Telephone: (415) 981-4800
6   Facsimile: (415) 981-4846

7   Andrew N. Friedman (*pro hac vice* application pending)
    afriedman@cohenmilstein.com
8   Douglas J. McNamara (*pro hac vice* application pending)
9   dmcnamara@cohenmilstein.com
    **COHEN MILSTEIN SELLERS & TOLL PLLC**
10  1100 New York Ave., NW
    West Tower, Suite 500
11  Washington, D.C. 20005-3964
12  Telephone: (202) 408-4600
    Facsimile: (202) 408-4699
13

14  Attorneys for Plaintiff Deborah Vail

15
                **UNITED STATES DISTRICT COURT**
16              **NORTHERN DISTRICT OF CALIFORNIA**
17
18  DEBORAH J. VAIL, on behalf of            Case No. _____
19  themselves and those similarly situated,
                                             **CLASS ACTION COMPLAINT**
20
                    Plaintiff,               DEMAND FOR JURY TRIAL
21  v.
22
23  APPLE, INC.,
                    Defendant.
24
25
26
27
28

On behalf of the class of persons defined herein, Plaintiff Deborah Vail hereby allege, with personal knowledge as to her own actions, and upon information and belief as to those of others, as follows:

## NATURE OF THE CASE

1.    Plaintiff Deborah Vail purchased a PowerBook G4 computer manufactured by Defendant Apple, Inc. Her PowerBook included an extra memory slot so that in the future, as her computer slowed over time and software became more memory-intensive, she could purchase and install additional memory. Ms. Vail ultimately did purchase additional memory to install in her PowerBook—only to discover a short time later that the extra memory slot was not working.

2.    Apple knew that its Apple PowerBook G4 computers have a defective extra memory slot that costs over $300 to repair and that, as a result, additional memory will not work in the slot when installed or shortly thereafter. Yet Apple continued to distribute PowerBook computers with defective extra memory slots, and did so without telling its customers that their ability to use additional memory in the PowerBook would be limited. In fact, Apple specifically represented that the PowerBook will support additional memory up to a total of 2 gigabytes, which is not true because of the defective extra memory slot.

3.    Apple left its customers to discover the PowerBook's extra memory slot defect on their own after attempting to upgrade their computer's memory. And despite thousands of complaints and a massive online petition urging Apple to remedy the problem so that the PowerBook conforms with Apple's representations and consumers' reasonable expectations, Apple refuses to repair the defective memory slots free of charge. On behalf of themselves and thousands of similarly-situated PowerBook consumers, Plaintiff therefore brings this class action against Apple for violations of California's Consumers Legal Remedies Act and Unfair Competition Law.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a class action in which the aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interests and costs, and in which more than two-thirds of the proposed plaintiff class, on the one hand, and Defendant Apple, on the other, are

1  citizens of different states.

2      5.      Venue is proper in this district under 28 U.S.C. § 1391(b), as Defendant Apple resides in

3  this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in

4  this district.

5                              **INTRADISTRICT ASSIGNMENT**

6      6.      Assignment is proper to the San Jose division of this District under Local Rule 3-2(c), as

7  a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Santa Clara

8  County, where Apple is headquartered.

9                                      **PARTIES**

10     7.      Plaintiff Deborah Vail is a citizen and resident of the State of Minnesota.

11     8.      Defendant Apple, Inc. is incorporated under the laws of the State of California, with its

12 principal place of business located in Cupertino, California.

13                              **FACTUAL ALLEGATIONS**

14     9.      Defendant Apple Inc. is a publicly traded company engaged in the business of

15 designing, manufacturing, marketing, distributing and selling personal computers and related products

16 and services through its own retail stores, online, direct sales, third party wholesalers and resellers.

17     10.     Between 2001 and 2006, Apple manufactured, marketed, and sold the PowerBook G4

18 notebook computer ("PowerBook").

19     11.     Plaintiff and class members purchased PowerBooks that were sold with two memory

20 slots, only one of which was occupied by a factory-installed memory module.  The other memory slot

21 was unoccupied and intended for future use.

22     12.     Apple uniformly represented to Plaintiff and class members—on PowerBook

23 packaging, in the technical specifications, and in the PowerBook product manual—that the

24 PowerBook has an extra memory slot that is accessible for user installation of an additional memory

25 module, and that together, the PowerBooks' two memory slots will support up to 2 gigabytes of

26 memory.

27     13.     The PowerBook's extra memory slot is material to reasonable consumers.  As programs

28 and data are added to computers over time, computers perform more slowly.  In addition, the memory

2

CLASS ACTION COMPLAINT

1  required by the latest operating systems and software increases over time. The presence of extra

2  memory slots allows consumers to improve their computers' performance in the future by purchasing

3  and installing an additional memory module.

4      14.    The ability to easily upgrade the components of a computer, especially the memory,

5  increases a computer's performance lifetime, and thus consumers are willing to pay more for

6  computers with an extra memory slot.

7      15.    Consumers reasonably expect that after a year or more, the amount of memory factory

8  installed in their computer may no longer prove adequate, and they may need to install additional

9  memory to maintain performance. A reasonable consumer expects that when he or she later installs

10  additional memory in an extra memory slot, the previously unused memory slot will work and will not

11  fail shortly thereafter.

12      16.    Apple knew, however, that its PowerBooks' extra memory slot was defective in that it

13  was substantially certain to fail when consumers purchased and installed an additional memory

14  module or shortly thereafter. Apple knew, based on its own testing and investigation and based on

15  early adopters' complaints, among other things, of the extra memory slot defect before Plaintiff and

16  other similarly situated consumers purchased their PowerBook computers, but did not disclose the

17  defect to them. Apple instead concealed the existence of the extra memory slot defect from

18  consumers, including by deleting consumer posts from its website complaining about memory slot

19  problems.

20      17.    As a result of the memory slot defect, the PowerBook will not support an additional

21  memory module and will not support up to 2 gigabytes of memory (it will only support up to 1

22  gigabyte of memory).

23      18.    Because the extra memory slot is designed to be used long after purchase, Plaintiff and

24  class members did not discover that their extra memory slot was defective until after they installed an

25  additional memory module.

26      19.    Apple left its customers to discover the extra memory slot defect on their own. Now

27  that they have, PowerBook owners have started their own website to lodge their complaints about the

28  memory slot defect and to petition Apple to correct the problem. Thousands of customers have

reported that they, like Plaintiff, upgraded their PowerBooks only to discover that they will not support the additional memory that Apple represented it would.

20.     Despite PowerBook customers' repeated requests and online petition urging Apple to correct the undisclosed memory slot defect so that the PowerBook will support an upgrade to 2 gigabytes of memory (as Apple represented it would), Apple is refusing to repair the PowerBook's extra memory slot free of charge.

21.     The cost to repair the memory slot defect—so that the PowerBook conforms with Apple's representations in that it will support a second memory module and a total of 2 gigabytes of memory—is typically $300 or more.

22.     As a result of Apple's conduct, Plaintiff and class members cannot use an extra memory module in their PowerBook and are limited to 1 gigabyte of total memory. Plaintiff and class members have lost money by paying a premium for their PowerBook computer with a defective extra memory slot, and by purchasing extra memory modules for their PowerBooks that they would not have purchased had they known that the PowerBooks' extra memory slot was defective and would not work. In order for Plaintiff and class members to install an extra memory module and use up to 2 gigabytes of memory in their PowerBook, as Apple promised, Plaintiff and class members have or would have to spend $300 or more to repair the memory slot defect.

## PLAINTIFF DEBORAH VAIL'S EXPERIENCE

23.     Plaintiff Deborah Vail purchased an Apple PowerBook G4 on or about August 25, 2004, in Minnesota. She spent approximately $1600 on her machine.

24.     Apple represented to Ms. Vail, in its published specifications, on the packaging of her Power Book, and in the product manual, that her PowerBook had two memory slots—one equipped with a 256-megabyte memory module and the other available for the installation of an additional memory module in the future—and that her PowerBook would support a total of 2 gigabytes of memory. Ms. Vail reasonably relied on these representations in purchasing her PowerBook.

25.     The ability to add an extra memory module in the future, and to ultimately install up to 2 gigabytes of memory, was important to Ms. Vail. She expected to upgrade her memory in the future and would not have purchased her computer, and would not have paid the price she paid, had she known that

the PowerBook's extra memory slot was defective and that the PowerBook would only support up to 1 gigabyte of memory.

26.    In February 2006, Ms. Vail paid $127.79 to purchase an additional memory module for her PowerBook. Shortly thereafter, she installed the memory module in her computer's extra memory slot. Sometime between May and August 2006, Ms. Vail noticed her computer was performing slowly. Ms. Vail clicked on the "Apple" icon and under the description of "about this Mac" she saw that the extra memory slot was registering as "empty." She confirmed that the lower slot was not functioning by swapping her two memory modules and seeing that the lower memory slot was still registering as "empty."

27.    Apple knew but did not disclose to Ms. Vail that the extra memory slot in her PowerBook is defective. When Ms. Vail discovered the defect herself, she visited Apple's website for assistance. Apple's website included information about memory slot repairs, which informed her that she would have to pay for any such repair. Ms. Vail also discovered numerous internet postings by other PowerBook owners complaining that their extra memory slot did not work after they installed an extra memory module and Apple was refusing to provide a free repair.

28.    As a result of Apple's conduct, Ms. Vail has suffered damages and lost money and property. She paid money for a computer that does not have the memory capacity Apple represented it would have and that she would not have purchased had she known of the memory slot defect. In addition, she paid money for an extra memory module, which she would not have purchased had she known that it would not work in her extra memory slot, as Apple had represented.

## CLASS ACTION ALLEGATIONS

29.    Plaintiff brings this action on her own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class:

> All persons residing in the United States who purchased a PowerBook G4 computer with an extra memory slot (a memory slot sold unoccupied by a factory-installed memory module); who purchased additional memory and installed it in their extra memory slot; whose PowerBook registers the extra memory slot as "empty" even when memory is installed; and who have not received a free repair of the extra memory slot from Apple.

30.     Excluded from the class is Apple; any parent, subsidiary, or affiliate of Apple; any entity in which Apple has or had a controlling interest, or which Apple otherwise controls or controlled; any officer, director, employee, legal representative, predecessor, successor, or assignee of Apple; and any judge to whom this case is assigned or his or her immediate family.

31.     This action is brought as a class action for the following reasons:

(a)     The class consists of at least thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

(b)     There are questions of law or fact common to the class that predominate over any questions affecting only individual members, including:

i.      whether Apple's representations that the PowerBook can support an additional memory module and a total of 2 gigabytes of memory were likely to deceive a reasonable consumer and thus violated California's Consumers Legal Remedies Act and Unfair Competition Law;

ii.     whether Apple had a legal duty to disclose that the PowerBook's extra memory slot is defective and, as a result, the PowerBook would ultimately not support a total of 2 gigabytes of memory;

iii.    whether the PowerBook's memory slot defect and its inability to support a total of 2 gigabytes of memory would be considered material by a reasonable consumer;

iv.     whether Apple failed to disclose material facts about the PowerBook in violation of California's Unfair Competition Law and Consumers Legal Remedies Act;

(c)     The claims asserted by Plaintiff are typical of the claims of the members of the class;

(d)     Plaintiff will fairly and adequately protect the interests of the class, and Plaintiff has retained attorneys experienced in class and complex litigation,

6

1                 including related litigation involving consumer fraud;

2        (e)    A class action is superior to other available methods for the fair and efficient

3             adjudication of the controversy, for at least the following reasons:

4              i.    Absent a class action, class members as a practical matter will be

5                 unable to obtain redress, Apple's violations of its legal obligations will

6                 continue without remedy, additional customers will be harmed, and

7                 Apple will continue to retain its ill-gotten gains;

8              ii.    It would be a substantial hardship for most individual members of the

9                 class if they were forced to prosecute individual actions;

10             iii.    When the liability of Apple has been adjudicated, the Court will be able

11                 to determine the claims of all members of the class;

12             iv.    A class action will permit an orderly and expeditious administration of

13                 class claims, foster economies of time, effort, and expense and ensure

14                 uniformity of decisions; and

15             v.    The lawsuit presents no difficulties that would impede its management

16                 by the Court as a class action.

17        (f)    Apple has acted on grounds generally applicable to class members, making

18             class-wide monetary and injunctive relief appropriate; and

19        (g)    The prosecution of separate actions by individual members of the class would

20             create a risk of incompatible standards of conduct for Apple and of

21             inconsistent or varying adjudications for all parties.

22    32.    Apple's violations of law are applicable to all members of the class, and Plaintiff are

23 entitled to have Apple enjoined from engaging in unlawful conduct in the future.

24 <center>**FIRST CAUSE OF ACTION**</center>

25 <center>**(Violation of California Consumers Legal Remedies Act)**</center>

26    33.    Plaintiff repeats and re-alleges the above allegations as if fully set forth herein.

27    34.    Apple is a "person" within the meaning of Civil Code sections 1761(c) and 1770 that

28 provides "goods" within the meaning of California Civil Code sections 1761(b) and 1770.

<center>7</center>

35.    Plaintiff and class members are "consumers" within the meaning of Civil Code sections 1761(d) and 1770, and have engaged in a "transaction" within the meaning of Civil Code sections 1761(e) and 1770.

36.    As set forth herein, Apple's acts, practices, representations, omissions, and courses of conduct with respect to promotion, marketing, distribution, and sale of PowerBook computers, which it undertook in transactions intended to result and which did result in the sale of goods to consumers, violates the Consumers Legal Remedies Act in that:

(a)    Apple represents that its goods have characteristics, uses, or benefits which they do not have, in violation of Civil Code section 1770(5);

(b)    Apple advertises its goods with intent not to sell them as advertised, in violation of Civ. Code section 1770(9);

(c)    Apple represents that its goods have been supplied in accordance with a previous representation when they have not, in violation of Civil Code section 1770(16).

37.    The acts or practices engaged in by Apple that violate the Consumers Legal Remedies Act are described herein and include:

(a)    Representing that Plaintiff' and class members' PowerBooks have an extra memory slot that can be used in the future to install an additional memory module when that memory slot is defective such that it will not support an additional memory module;

(b)    Representing that Plaintiff' and class members' PowerBooks can support up to 2 gigabytes of total memory when, because of a defect that renders the PowerBook's extra memory slot inoperable when or shortly after additional memory is installed, the PowerBook will support only 1 gigabyte of total memory;

(c)    Supplying PowerBooks to Plaintiff and class members without disclosing to them Apple's unique and superior knowledge that the PowerBook's extra memory slot is defective and that, as a result, Plaintiff's and class members' ability to use additional memory will be limited.

38.    As a result of Apples' acts and practices in violation of the Consumers Legal Remedies Act, Plaintiff and class members have suffered actual damages, including:

 (a) They paid money for computers that do not have the memory capacity Apple represented;

 (b) They paid a higher price than they would have paid had the computer's memory capacity been accurately represented;

 (c) They have paid or would have to pay $300 or more for their PowerBooks to have the memory capacity that Apple represented;

 (d) They have purchased memory modules for their PowerBooks that they would not have purchased had they known that the PowerBooks' extra memory slot was defective and did not work.

39.    Pursuant to the provisions of California Civil Code § 1780, Plaintiff seek an order enjoining Apple from the unlawful practices described herein, a declaration that Apple's conduct violates the Consumers Legal Remedies Act, attorneys' fees and costs of litigation, and other non-monetary relief as appropriate.

## SECOND CAUSE OF ACTION

### (Violation of California's Unfair Competition Law)

40.    Plaintiff repeats and re-alleges the above allegations as if fully set forth herein.

41.    Apples acts and practices, as alleged in this complaint, constitute unlawful, unfair and/or fraudulent business practices, in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.

42.    The business practices engaged in by Apple that violate the Unfair Competition Law are described herein and include:

 (a) Representing that Plaintiff's and class members' PowerBooks have an extra memory slot that can be used in the future to install an additional memory module when that memory slot is defective such that it will not support an additional memory module;

 (b) Representing that Plaintiff's and class members' PowerBooks can support up to 2

9

gigabytes of total memory when, because of a defect that renders the PowerBook's extra memory slot inoperable when or shortly after additional memory is installed, the PowerBook will support only 1 gigabyte of total memory;

(c)     Supplying PowerBooks to Plaintiff and class members without disclosing to them Apple's unique and superior knowledge that the PowerBook's extra memory slot is defective and that, as a result, Plaintiff's and class members' ability to use additional memory will be limited.

43.     Apple's acts and practices described herein constitute unlawful business practices in violation of the Unfair Competition Law because they violate the Consumers Legal Remedies Act and/or constitute fraudulent concealment and nondisclosure.

44.     Apple's acts and practices described herein constitute unfair business practices in violation of the Unfair Competition Law because:

(a)     Any benefit from Apple's acts and practices are outweighed by the gravity of the consequences to Plaintiff and members of the Class;

(b)     Apple's acts and practices are immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and members of the Class; and

(c)     Apple's acts and practices undermines or violates the stated policies underlying the CLRA, which seeks to protect consumers against unfair and sharp business practices and to promote a basic level of honesty and reliability in the marketplace, as well as the policies underlying the common law prohibitions against fraudulent concealment and nondisclosure.

45.     Apple's unlawful and unfair business acts and practices caused and continue to cause substantial injury to consumers and their property, including Plaintiff and the other members of the Class.

46.     As a direct and proximate result of Apple's unlawful, unfair, and fraudulent business practices, Plaintiff and class members have lost money and property in that, among other things:

(a)     They paid money for computers that do not have the memory capacity Apple

1      represented;

2      (b)    They paid a higher price than they would have paid had the computer's memory

3             capacity been accurately represented;

4      (c)    They have paid or would have to pay $300 or more for their PowerBooks to

5             have the memory capacity that Apple represented;

6      (d)    They have purchased memory modules for their PowerBooks that they would

7             not have purchased had they known that the PowerBooks' extra memory slot

8             was defective and did not work.

9      47.    On behalf of herself and the class, Plaintiff seeks equitable relief, including restitution of

10     all monies wrongfully acquired by Apple as a result of its unlawful, unfair, and fraudulent business

11     practices, and an order enjoining Apple from engaging in the unlawful, unfair, and fraudulent acts and

12     practices described herein, as well as recovery of attorneys' fees and costs of suit.

13                                            **PRAYER**

14            WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Apple as

15     follows:

16     1.     Certifying this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil

17     Procedure, with a class as defined above;

18     2.     Enjoining Apple from continuing to engage in unlawful and unfair business practices

19     regarding PowerBook computers manufactured and sold with defective memory slots;

20     3.     Ordering that Apple pay restitution to Plaintiff and the Class for PowerBook computers

21     with defective memory slots;

22     4.     Awarding Plaintiff interest, costs and attorneys' fees; and

23     5.     Awarding Plaintiff such other and further relief as this Court deems just and proper.

24     //

25     //

26     //

27     //

28     //

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: April 15, 2009

**GIRARD GIBBS LLP**

By: _____
Eric H. Gibbs

Geoffrey A. Munroe
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Andrew N. Friedman
Douglas J. McNamara
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave., NW
West Tower, Suite 500
Washington, D.C. 20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Attorneys for Plaintiff Deborah Vail

CLASS ACTION COMPLAINT

EXHIBIT B

ORIGINAL

FILED

2008 OCT 30 P 2: 14

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

1  MEISELMAN, DENLEA, PACKMAN,
   CARTON & EBERZ P.C.
2  Jeffrey I. Carton (*pro hac vice* application pending)
   Jerome Noll (*pro hac vice* application pending)
3  1311 Mamaroneck Avenue
   White Plains, New York 10605
4  (914) 517-5000

5
6  CALDWELL LESLIE & PROCTOR, PC
   ROBYN C. CROWTHER, SBN 193840
   Crowther@caldwell-leslie.com
7  ALBERT GIANG, SBN 224332    E-filing
   Giang@caldwell-leslie.com
8  1000 Wilshire Blvd., Suite 600
   Los Angeles, California 90017-2463
9  Telephone: (213) 629-9040
   Facsimile: (213) 629-9022
10
   ADR
11 Attorneys for Plaintiffs
   GIORGIO GOMELSKY
   and all others similarly situated
12

13            **UNITED STATES DISTRICT COURT**

14         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15 GIORGIO GOMELSKY,                  Case No.
   On behalf of himself and
16 all others similarly situated      C08  04969 PVT

17            Plaintiffs,             <u>CLASS ACTION COMPLAINT</u>

18       v.                          <u>DEMAND FOR JURY TRIAL</u>

19
20 APPLE INC.,

21            Defendants.

22

23

24      Plaintiff, Giorgio Gomelsky, by his attorneys, Meiselman, Denlea, Packman, Carton

25 & Eberz P.C., as and for his class action complaint, alleges, with personal knowledge as to

26 his own actions, and upon information and belief as to those of others, as follows:

27

28

CALDWELL
LESLIE &
PROCTOR                              -1-

                        CLASS ACTION COMPLAINT

## Nature of this Case

1.    This class action seeks to redress the widespread and commonplace characteristic defect and design flaw which renders one or more of Apple's PowerBook G4's memory slots inoperative.  The defect manifests itself when a PowerBook owner adds additional memory (RAM) to the first or second (upper or lower) memory slot available in most PowerBooks, including the PowerBook G4.  Typically, when the additional memory is added, the Powerbook does not recognize the memory, resulting in slower processing speeds, decreased computer function and other computing problems.  Unfortunately for consumers, because both memory slots are hardwired to the PowerBook's motherboard, consumers who choose to repair the defect can incur costs of more than $500 in parts and labor.

2.    Moreover, the defect oftentimes manifests itself months or even years after purchase of a new PowerBook and/or installation of memory (RAM) in a memory slot.

3.    In response to thousands of complaints from its PowerBook customers, Apple has admitted that its PowerBooks, specifically certain PowerBook G4 models, have defective memory slots.  Aside from a limited number of PowerBooks manufactured between January, 2005 and April, 2005, however, Apple has refused to repair the defect which has manifested itself in PowerBooks manufactured before and after this time period.

4.    As a result of Apple's actions, thousands of its customers have purchased PowerBook computers with defective memory slots.  Apple has refused to repair the defect free of charge, and has refused its customers' requests for refunds or exchanges of their defective PowerBooks.  As such, thousands of Apple PowerBook owners have been compelled to either repair the defective memory slot at their own expense or lose permanently the ability to add additional memory to their computers.

5.    This suit is brought on behalf of a nationwide class of all persons who have purchased Apple PowerBook computers, including but not limited to the PowerBook G4, manufactured with defective memory slots, between January 1, 2003, to the present, and who were damaged thereby (the "Class").  It seeks, inter alia, compensatory damages for

CLASS ACTION COMPLAINT

CALDWELL
LESLIE &
PROCTOR

Plaintiff and each Class member, including but not limited to: reimbursement of expenses incurred to repair defective memory slots; attorneys' fees; and the costs of this suit.

## Jurisdiction and Venue

6.    Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d), as Plaintiff's citizenship is diverse from Defendant, there are more than 100 class members, and the amount in controversy is in excess of $5 million.

7.    This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et. seq. The amount in controversy in each individual claim is at least twenty five dollars ($25.00), the proposed Class consists of over 100 members, and aggregate damages exceed $50,000.00.

8.    This Court has supplemental jurisdiction over Plaintiff's state and common law causes of action pursuant to 28 U.S.C. § 1367(a).

9.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of California.

10.    Venue is also proper in this district under 28 U.S.C. § 1391(a)(2), on the grounds that a substantial part of the events relating to Plaintiff's claims occurred in the Northern District of California.

## Intradistrict Assignment

11.    Plaintiff respectfully requests that this matter be assigned to the San Jose Division because a substantial portion of the actions and omissions giving rise to this action occurred in Santa Clara County, California. Specifically, Defendant's marketing of the PowerBook G4, Defendant's communications about the Extended Warranty and Defendant's refusal to repair the defective memory slots all emanated from its principal place of business in Cupertino, California.

12.    Plaintiff Giorgio Gomelsky is a resident of the State of New York, County of New York.  Mr. Gomelsky purchased an Apple PowerBook G4 with a defective memory slot, Apple refused to repair the defect, and he has suffered damage.

13.    Defendant Apple Inc. is incorporated under the laws of the State of California, with its principal place of business located in Cupertino, California.

14.    Defendant Apple Inc. does actual business throughout the State of California, including through the direct sale of its merchandise in the State and operation and maintenance of an interactive website – *apple.com* – accessible to consumers in, and residents of, California.

**Operative Facts**

15.    Defendant Apple Inc. is a publicly traded company engaged in the business of designing, manufacturing, marketing, distributing and selling personal computers and related products and services through its own retail stores, online, direct sales, third party wholesalers and resellers.  Apple has sold its PowerBook computers, including the G4 model, to tens of thousands of consumers throughout the United States.

16.    In or about January, 2001, Apple began designing, manufacturing, warranting, advertising, marketing, selling and providing PowerBook G4 laptop computer to consumers throughout the United States.  Between 2001 and 2003, Apple produced the Titanium PowerBook G4; between 2003 and 2006, the Aluminum models were produced.

17.    When the Aluminum PowerBook G4s were released in January, 2003, Apple marketed them as being designed to exacting standards and touted their many features, including the fact that each Aluminum PowerBook G4 has two memory slots.  The memory slots are an essential feature of the computer, and are marketed so as to give consumers the ability to expand the PowerBook's memory (RAM) at any time, thereby increasing the computer's functionality.

18.    Based on Apple's own admissions, however, certain of its PowerBook G4 computers have defective memory slots.  Indeed, usually the lower – but sometimes the

upper – memory slot does not work; it does not recognize the additional memory added and is thus useless.

19.    As Apple has admitted in an article posted on its website, affected PowerBook G4 computers exhibit at least one of the following symptoms upon installation of RAM memory in the lower memory slot: (1) The computer does not start up; or (2) The computer does not recognize that the lower memory slot is filled, thus degrading system performance because the memory in only one slot is recognized.  Apple has also admitted that these symptoms may only occur intermittently, and that an owner of a PowerBook with a defective memory slot may not know or become aware of the defect until months, or years, after installation of memory in the defective memory slot.

20.    After receiving thousands of complaints from its customers regarding defective memory slots, Apple extended the warranty available to PowerBook G4 customers by initiating, in or around 2006, the PowerBook G4 Memory Slot Repair Extension Program covering a limited number of PowerBook G4 models experiencing specific component issues and that were manufactured between January, 2005 and April, 2005 ("Extended Warranty").

21.    The Extended Warranty was available, however, to a very limited number of PowerBook customers, as it only covered <u>affected</u> PowerBook G4 computers having eleven digit serial numbers in the following range: W8503xxxxxx-W8518xxxxxx.  The Extended Warranty did not cover any PowerBook G4 outside of this serial number range and ended on July 24, 2008.  Thus, the vast majority of Powerbooks were not covered by the Extended Warranty.  And should a PowerBook owner with a computer which was covered by the Extended Warranty find out about the computer's defective memory slot after July 24, 2008, he or she would have no recourse other than incurring the expense of fixing the defective memory slot, or continue to use the computer without having the ability to utilize the defective memory slot and add memory.

22.    Tens of thousands of people nationwide have purchased PowerBook computers with defective memory slots.  Aside from the limited number of PowerBooks

CLASS ACTION COMPLAINT

CALDWELL
LESLIE &
PROCTOR

covered by the Extended Warranty, Apple has informed Plaintiff and other customers with defective PowerBooks that they have no recourse other than to repair the defective memory slots at their own expense. Apple has refused to warrant, repair or pay for any repairs relating to the PowerBook's defective lower memory slot, or to warrant any PowerBooks should the defect manifest itself sometime in the future.

23. Moreover, Apple did not give adequate notice of its Extended Warranty to its customers. Apple did not contact purchasers of PowerBook computers to inform them that they may be covered by the Extended Warranty, nor did Apple notify all PowerBook owners of the defective memory slot so that consumers could have their PowerBooks repaired during the one year warranty in effect from the date of purchase.

24. To date, Apple has not taken effective action to remedy defective memory slots in its PowerBook computers. To ensure that the memory slots in all of its PowerBook computers were fit for the ordinary or particular purpose for which the memory slots were intended to be used, Apple should have tested both memory slots prior to installing and selling its PowerBook computers. Had Apple exercised reasonable care in testing the memory slots of its PowerBook computers, it would have discovered that the slots were defective. Instead, Apple sold PowerBook computers with memory slots that were not fit for their intended use.

25. On or about April, 2, 2004, Plaintiff purchased directly from Apple an Aluminum PowerBook G4 15" (1GHz), serial number W8413166NRY. In early May, 2006, Plaintiff realized that his PowerBook had become very sluggish and was not working well. Thinking that he may require additional memory to optimize the performance of his computer, Plaintiff purchased a 1 GB memory card and installed it in his PowerBook's upper memory slot, for a total of 1.5 GB of memory. Computer functioning did not improve, and was in fact worse than when Plaintiff's computer had less memory installed. It was at this time that Plaintiff realized that his PowerBook's upper memory slot was defective, and that his computer was not recognizing the additional 1GB of memory installed.

CLASS ACTION COMPLAINT

CALDWELL
LESLIE &
PROCTOR

26.     Plaintiff contacted Apple directly requesting that it repair the defective memory slot. Apple refused, informing Plaintiff that because his PowerBook's serial number was outside of the serial number range covered by the Extended Warranty, Apple would not repair Plaintiff's PowerBook's defective memory slot.

27.     As a long time Apple customer, Plaintiff was shocked that although Apple had acknowledged that its PowerBooks were defective, it would not repair Plaintiff's defective PowerBook simply because its serial number was outside the very limited range of serial numbers covered by the Extended Warranty. As such, Plaintiff wrote a letter of complaint to Apple in December, 2006, mailed to Apple's headquarters in Cupertino, California. Plaintiff received a written reply which stated that Apple would not repair the defective memory slot as Plaintiff's computer's serial number fell outside of the range of serial numbers covered by the Extended Warranty.

28.     It was at this time that Plaintiff joined an online petition consisting of Apple customers whom had purchased PowerBooks with defective memory slots which Apple refused to repair. Plaintiff also wrote to Apple again in March, 2007, citing to the online petition and the thousands of complaints posted on internet forums by owners of PowerBooks with defective memory slots. When Plaintiff received no reply to his second letter, he wrote to the Attorney General of California, lodging a formal complaint regarding his defective PowerBook and the fact that Apple refused to repair or pay for repair of the defective memory slot.

29.     As a result of the defect, Plaintiff cannot use his PowerBook as intended, and has suffered damage. Plaintiff purchased a computer which he now cannot use for its intended purpose because of the defective memory slot; Plaintiff's PowerBook – whose memory has been reduced by half – is not fully functional. And the expense in repairing the memory slot – upwards of $500 – would constitute almost half the original purchase price of the computer.

30.     There have been numerous consumer complaints to various Federal and State authorities about the PowerBook's defective lower memory slots, and web sites are full of

CALDWELL
LESLIE &
PROCTOR

-7-

CLASS ACTION COMPLAINT

consumers who have complained about the fact that their PowerBook computers' memory slots do not work. Consumers have posted complaints stating that they have had to repair the defective memory slot at their own expense, that Apple has refused to reimburse them for the expense incurred, and that Apple has refused to exchange defective PowerBooks for PowerBooks with properly functioning memory slots.

31. Moreover, as referenced above, an online petition has been initiated by Apple customers who have purchased PowerBooks with defective memory slots, and which Apple has refused to repair. As of the date of this Complaint, almost 5,000 PowerBook owners have signed the petition, providing their name, address and email address, demanding that Apple repair the defective memory slots or reimburse the petitioners for expenses incurred in repairing the memory slots.

32. Apple continued to manufacture and sell PowerBook computers with defective memory slots even after receiving thousands of complaints informing it of the specific defect alleged herein. As such, Apple profited enormously from sales of its PowerBook G4 computers while Plaintiff and the Class incurred significant damages, including but not limited to the expenses incurred in repairing or replacing their defective PowerBook computers.

33. Apple has, and continues to this day, refused to respond to the thousands of customer complaints regarding the PowerBook's defective memory slot, and has refused to repair at its own expense the defective memory slot or compensate thousands of PowerBook purchasers who repaired the defective memory slot at their own expense.

34. As referred to above, no adequate notice has been provided to Plaintiff, and no consent or bargained-for approval has been granted by Plaintiff or other Apple customers who purchased PowerBook computers, including the PowerBook G4, that their computers have defective memory slots. Nor did Defendant provide any notice, adequate notice or full disclosure of the fact that its PowerBook computers have defective memory slots.

35.     Plaintiff brings this action on his own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a nationwide class of all persons who have purchased PowerBook computers with one or more defective memory slots and who were damaged thereby, during the period from January 1, 2003, to the present (the "Class").

36.     Excluded from the Class is Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

37.     This action is brought as a class action for the following reasons:

a.     The Class consists of at least thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.     There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

i.     whether Defendant violated Cal. Bus. & Prof. Code § 17200 by manufacturing and selling PowerBook computers with defective memory slots;

ii.     whether Defendant breached the implied warranty of merchantability by manufacturing and selling PowerBook computers with defective memory slots;

iii.     whether Defendant breached the implied warranty of fitness for a particular purpose by manufacturing and selling PowerBook computers with defective memory slots;

iv.     whether Defendant violated the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1791 et. seq.;

v.     whether Defendant violated the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et. seq.;

1        vi. whether Defendant was negligent in manufacturing and selling

2    PowerBook computers with defective memory slots;

3        vii. whether Defendant unjustly enriched itself in manufacturing

4    and selling PowerBook computers with defective memory slots;

5        viii. whether members of the Class have sustained damages and, if

6    so, the proper measure thereof; and

7        ix. whether Defendant should be enjoined from selling PowerBook

8    computers with defective memory slots.

9       c. The claims asserted by Plaintiff are typical of the claims of the

10   members of the Class;

11      d. Plaintiff will fairly and adequately protect the interests of the Class,

12   and Plaintiff has retained attorneys experienced in class and complex litigation, including

13   related litigation involving consumer fraud;

14      e. A class action is superior to other available methods for the fair and

15   efficient adjudication of the controversy, for at least the following reasons:

16       i. Absent a class action, Class members as a practical matter will

17   be unable to obtain redress, Defendant's violations of its legal obligations will continue

18   without remedy, additional customers will be harmed, and Defendant will continue to retain

19   its ill-gotten gains;

20       ii. It would be a substantial hardship for most individual members

21   of the Class if they were forced to prosecute individual actions;

22       iii. When the liability of Defendant has been adjudicated, the Court

23   will be able to determine the claims of all members of the Class;

24       iv. A class action will permit an orderly and expeditious

25   administration of Class claims, foster economies of time, effort, and expense and ensure

26   uniformity of decisions; and

27       v. The lawsuit presents no difficulties that would impede its

28   management by the Court as a class action.

f.     Defendant has acted on grounds generally applicable to Class members, making class-wide monetary and injunctive relief appropriate; and

.g.     The prosecution of separate actions by individual members of the Class would create a risk of incompatible standards of conduct for Defendant and of inconsistent or varying adjudications for all parties.

38.     Defendant's violations of the common law are applicable to all members of the Class, and Plaintiff is entitled to have Defendant enjoined from engaging in unlawful conduct in the future.

## FIRST CAUSE OF ACTION

### (Violation of California Business and Professions Code § 17200)

39.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 38 above as if fully set forth herein.

40.     California Business and Professions Code § 17200 prohibits acts of unfair competition, including any "unlawful, unfair or fraudulent business act or practice[.]"

41.     Apple engaged in an unlawful and unfair business act or practice in violation of Cal. Bus. & Prof. Code § 17200 by manufacturing and selling PowerBook computers with defective memory slots to Plaintiff and other members of the Class, by failing to use reasonable care to test the memory slots in its PowerBook computers prior to sale, and by continuing to sell PowerBook computers with defective memory slots even after learning that the memory slots in its PowerBook computers were defective, all in violation of Cal. Civ. Code §§ 1791 et. seq., Cal. Com. Code § 2314, U.C.C. §§ 2-314 and 315, 15 U.S.C. §§ 2301 et. seq., and the common law.

42.     Defendant's unlawful and unfair business acts and practices caused and continues to cause substantial injury to consumers and their property, including Plaintiff and the other members of the Class. Furthermore, as there were reasonable alternatives available to Apple to further its business interests other than voluntarily placing into the stream of commerce PowerBook computers with defective memory slots, the gravity of

CLASS ACTION COMPLAINT

CALDWELL
LESLIE &
PROCTOR

Defendant's wrongful conduct outweighs any purported benefits attributable to such conduct.

43. By reason of the foregoing, Defendant has violated Cal. Bus. & Prof. Code § 17200, and is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus costs and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Breach of Implied Warranty of Merchantability)

44. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 43 above as if fully set forth herein.

45. Defendant is a merchant with respect to computers, including PowerBook computers manufactured and sold under the Apple brand.

46. On or about April, 2004, Plaintiff purchased from Defendant a PowerBook G4. An implied warranty that Plaintiff's PowerBook G4 was merchantable arose by operation of law as part of the sale, and as part of the sales of PowerBook computers to other members of the Class.

47. Defendant breached the implied warranty of merchantability in that the PowerBook computers sold to Plaintiff and the Class were not in merchantable condition when sold or at any time thereafter, in that Plaintiff's and the Class' PowerBook computers have defective memory slots.

48. When purchasing their PowerBook computers, Plaintiff and the Class were not aware of the memory slot defect as the defect was and is not open or obvious.

49. Plaintiff notified Defendant of the memory slot defect in December, 2006, which was the same month and year Plaintiff discovered the defect.

50. Any attempt by Apple to limit the duration and scope of the implied warranty of merchantability is unreasonable, unconscionable and void as Apple knew or recklessly disregarded the fact that the memory slot defect existed and might not be discovered, if at all, until such time as a PowerBook owner would attempt to install additional memory and

uncover the fact that the one or both of the memory slots were defective. Apple withheld information about the memory slot defect from PowerBook owners intending that owners would not uncover the defect until such time as any Apple written warranty in effect expired.

51. As a result of Apple's breach of the implied warranty of merchantability, Plaintiff and the Class have suffered incidental and consequential damages, including expenses incurred to repair the memory slot defect or replace their PowerBook computers, and damages representing the difference between the value of the defective PowerBooks purchased and the value the PowerBooks would have had if they had been as warranted and did not have defective memory slots.

52. By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial.

## THIRD CAUSE OF ACTION

### (Breach of Implied Warranty of Fitness for a Particular Purpose)

53. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 52 above as if fully set forth herein.

54. In selling its PowerBook computers and placing them into the stream of commerce, Apple impliedly warranted that its PowerBook computers, specifically both of the PowerBooks' memory slots, were fit for their particular purpose, *i.e.*, adding memory (RAM).

55. Defendant breached the implied warranty of fitness for a particular purpose in that the PowerBook computers sold to Plaintiff and the Class were not fit for the particular purpose for which it was sold, in that Plaintiff's and the Class' PowerBook computers have defective memory slots.

56. When purchasing their PowerBook computers, Plaintiff and the Class were not aware of the memory slot defect as the defect was and is not open or obvious.

57. Plaintiff notified Defendant of the memory slot defect in December, 2006, which was the same month and year Plaintiff discovered the defect.

58. Any attempt by Apple to limit the duration and scope of the implied warranty of fitness for a particular purpose is unreasonable, unconscionable and void as Apple knew or recklessly disregarded the fact that the memory slot defect existed and might not be discovered, if at all, until such time as a PowerBook owner would attempt to install additional memory and uncover the fact that the one or both of the memory slots were defective. Apple withheld information about the memory slot defect from PowerBook owners intending that owners would not uncover the defect until such time as any Apple written warranty in effect expired.

59. As a result of Apple's breach of the implied warranty of fitness for a particular purpose, Plaintiff and the Class have suffered incidental and consequential damages, including expenses incurred to repair the memory slot defect or replace their PowerBook computers, and damages representing the difference between the value of the defective PowerBooks purchased and the value the PowerBooks would have had if they had been as warranted and did not have defective memory slots.

60. By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial.

### FOURTH CAUSE OF ACTION

**(Violation of the Song-Beverly Consumer Warranty Act,**

**Cal. Civ. Code §§ 1791 *et. seq.*)**

61. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 60 above as if fully set forth herein.

62. As defined by the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1791 et. seq., Plaintiff is a "buyer," Defendant is a "retailer" and "manufacturer," and Defendant's PowerBook computer is a "consumer good."

CALDWELL
LESLIE &
PROCTOR

CLASS ACTION COMPLAINT

63. As described above, PowerBook computers sold to Plaintiff and the Class were not in merchantable condition or fit for their intended use in that Plaintiff's and the Class' PowerBook computers have defective memory slots.

64. When purchasing their PowerBook computers, Plaintiff and the Class were not aware of the memory slot defect as the defect was and is not open or obvious.

65. By reason of the foregoing, Defendant has violated Cal. Civ. Code §§ 1791 et. seq., and pursuant to Cal. Civ. Code § 1794, is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

**(Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et. seq.)**

66. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 65 above as if fully set forth herein.

67. The Apple PowerBook computer, including the Apple PowerBook G4, is a consumer product as that term is defined by 15 U.S.C. § 2301(1).

68. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 2301(3).

69. Defendant is a warrantor as that term is defined by 15 U.S.C. § 2301(5).

70. 15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect of its PowerBook computers within a reasonable time and without charge to Plaintiff and the Class, as defined in 15 U.S.C. § 2304(d).

71. Despite repeated demands from Plaintiff and the other Class members, Defendant has refused to remedy without charge the memory slot defect in its PowerBook computers.

72. As a result of Defendant's breaches of the implied warranties of merchantability and fitness for a particular purpose, as set forth above, Plaintiff and the Class have suffered damages, including but not limited to, expenses incurred to repair the memory slot defect or replace their PowerBook computers.

CALDWELL
LESLIE &
PROCTOR

-15-

73. By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus actual attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

## SIXTH CAUSE OF ACTION

### (Negligence)

74. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 73 above as if fully set forth herein.

75. Defendant Apple owed a duty to Plaintiff and the Class to manufacture and sell PowerBook computers with functioning and non-defective memory slots.

76. Defendant breached its duty to use reasonable care in manufacturing PowerBook computers without defective memory slots in violation of, among other things, common and ordinary industry-wide standards of care, and in failing to act in accordance with all other applicable standards of care.

77. Moreover, Apple owed a duty to Plaintiff and the Class to inform Plaintiff and the Class in a timely manner that their PowerBook computers were manufactured with defective memory slots. Disclosure was required so that, among other things, Apple's customers could take appropriate measures to repair the defective memory slots while still covered by Apple's original one-year manufacturer's warranty, which expires one year after the date of purchase.

78. Defendant breached this duty by failing to notify Plaintiff and the Class in a timely manner that the memory slots in their PowerBook computers were defective, even after Apple was, or should have been, fully aware of the defect. Thus, Plaintiff and the Class were harmed by Defendant's delay in notification because, among other things, Plaintiff and the Class could not have the defective memory slots repaired by Apple while still covered by the one year warranty in effect from the date of purchase.

79. The resulting personal and financial burden, including but not limited to, the loss of time and money spent by Plaintiff and the Class in repairing at their own expense

CLASS ACTION COMPLAINT

CALDWELL
LESLIE &
PROCTOR

the defective memory slots, in continuing to use PowerBook computers with non-functioning memory slots, and in seeking to prevent or undo further harm and other economic and non-economic damages, were the direct and proximate result of Defendant's violations of its duties of care, as described above.

80. By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's negligence, the amount of such damages to be determined at trial.

## SEVENTH CAUSE OF ACTION

### (Unjust Enrichment)

81. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 80 above as if fully set forth herein.

82. By engaging in the conduct described above, Defendant has unjustly enriched itself at the expense of Plaintiff and the other members of the Class and is required, in equity and good conscience, to compensate Plaintiff and the Class for damages suffered as a result of Defendant's actions.

83. By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for damages incurred as a result of Defendant's actions, the amount of such damages to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. Certifying this action as a class action, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, with a class as defined above;

2. On Plaintiff's First Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus costs and attorneys' fees;

1    3.    On Plaintiff's Second Cause of Action, awarding against Defendant the
2  damages that Plaintiff and the other members of the Class have suffered as a result of
3  Defendant's actions, the amount of such damages to be determined at trial;

4    4.    On Plaintiff's Third Cause of Action, awarding against Defendant the
5  damages that Plaintiff and the other members of the Class have suffered as a result of
6  Defendant's actions, the amount of such damages to be determined at trial;

7    5.    On Plaintiff's Fourth Cause of Action, awarding against Defendant the
8  damages that Plaintiff and the other members of the Class have suffered as a result of
9  Defendant's actions, the amount of such damages to be determined at trial, plus costs and
10  attorneys' fees;

11    6.    On Plaintiff's Fifth Cause of Action, awarding against Defendant the damages
12  that Plaintiff and the other members of the Class have suffered as a result of Defendant's
13  actions, the amount of such damages to be determined at trial, plus actual attorneys' fees
14  and costs pursuant to 15 U.S.C. § 2310;

15    7.    On Plaintiff's Sixth Cause of Action, awarding against Defendant the
16  damages that Plaintiff and the other members of the Class have suffered as a result of
17  Defendant's actions, the amount of such damages to be determined at trial;

18    8.    On Plaintiff's Seventh Cause of Action, awarding against Defendant the
19  damages that Plaintiff and the other members of the Class have suffered as a result of
20  Defendant's actions, the amount of such damages to be determined at trial;

21    9.    Enjoining Apple from continuing to engage in unlawful and unfair business
22  practices regarding PowerBook computers manufactured and sold with defective memory
23  slots;

24    10.    Ordering Apple to refund to Plaintiff and the Class the moneys paid to Apple
25  for PowerBook computers with defective memory slots;

26  //
27  //
28  //

CALDWELL
LESLIE &
PROCTOR

11. Awarding Plaintiff interest, costs and attorneys' fees; and

12. Awarding Plaintiff such other and further relief as this Court deems just and proper.

DATED: October 29, 2008                    Respectfully submitted,

                                           CALDWELL LESLIE & PROCTOR, PC
                                           ROBYN C. CROWTHER
                                           ALBERT GIANG


                                           By _____
                                              ROBYN C. CROWTHER
                                              Attorneys for Plaintiffs

CLASS ACTION COMPLAINT

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

DATED: October 29, 2008

Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER
ALBERT GIANG

By _Robyn C. Cu_
ROBYN C. CROWTHER
Attorneys for Plaintiffs