PENELOPE A. PREOVOLOS (CA SBN 87607)
(PPrevolos@mofo.com)
ANDREW D. MUHLBACH (CA SBN 175694)
(AMuhlbach@mofo.com)
ALEXEI KLESTOFF (CA SBN 224016)
(AKlestoff@mofo.com)

MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REUBEN BERENBLAT, ANDREW PERSONETTE, EARL C. SIMPSON, LAURA MILLER, On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. C-08-04969 JF<br><br>**APPLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date: August 14, 2009<br>Time: 9:00 am<br>Courtroom: 3 |

APPLE'S MPA ISO MOTION TO DISMISS
CASE NO. C-08-04969 JF
sf-2684000

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................................................ii

INTRODUCTION ............................................................................................................................... 1

ISSUES TO BE DECIDED ................................................................................................................. 1

FACTUAL BACKGROUND .............................................................................................................. 2

ARGUMENT ....................................................................................................................................... 3

I.   PLAINTIFFS' IMPLIED WARRANTY CLAIM SHOULD BE
     DISMISSED BECAUSE THE ALLEGED DEFECT MANIFESTED
     ITSELF OUTSIDE THE WARRANTY PERIOD................................................................... 4

II.  PLAINTIFFS' UNFAIR COMPETITION CLAIM FAILS BECAUSE
     APPLE'S ACTIONS WERE NEITHER UNLAWFUL NOR UNFAIR ............................. 8

III. THERE IS NO CAUSE OF ACTION FOR UNJUST ENRICHMENT IN
     CALIFORNIA ........................................................................................................................ 9

CONCLUSION .................................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Andrews v. Kern's TV & Appliance, Inc.*,
 2000 Ohio 1752 (Ohio Ct. App. 2000) ..................................................................................5

*Ashcroft v. Iqbal*,
 No. 07-1015, 2009 U.S. LEXIS 3472 (U.S. May 18, 2009) ....................................................3

*Atkinson v. Elk Corp. of Tex.*,
 142 Cal. App. 4th 212 (2006) ..................................................................................................5

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .............................................................................................................3, 4

*Branch v. Tunnell*,
 14 F.3d 449 (9th Cir. 1994) ..................................................................................................2, 3

*Clemens v. DaimlerChrysler Corp.*,
 534 F.3d 1017 (9th Cir. 2008) .........................................................................................3, 5, 9

*Daly v. Viacom*,
 238 F. Supp. 2d 1118 (N.D. Cal. 2002) ...................................................................................8

*Daugherty v. Amer. Honda Motor Co.*,
 144 Cal. App. 4th 824 (2006) ..........................................................................................passim

*Dinosaur Dev., Inc. v. White*,
 216 Cal. App. 3d 1310 (1989) .................................................................................................9

*Hoey v. Sony Elecs. Inc.*,
 515 F. Supp. 2d 1099 (N.D. Cal. 2007) .......................................................................2, 3, 8, 9

*Holman Motor Co. v. Evans*,
 314 S.E.2d 453 (Ga. Ct. App. 1984) ........................................................................................5

*In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*,
 Nos. 96-3125, 96-1814, 1999 U.S. Dist. LEXIS 22891 (D.N.J. July 27, 1999) ......................5

*Jackson v. Roe*,
 273 F.3d 1192 (9th Cir. 2001) ..................................................................................................8

*Jogani v. Super. Ct.*,
 165 Cal. App. 4th 901 (2008) ..................................................................................................9

*Lauriedale Assocs., Ltd. v. Wilson*,
   7 Cal. App. 4th 1439 (1992) .................................................................................................. 9

*Long v. Hewlett-Packard Co.*,
   No. C-06-02816, 2007 U.S. Dist. LEXIS 79262 (N.D. Cal. July 27, 2007) ............... 3, 5, 8, 10

*McGlinchy v. Shell Chem. Co.*,
   845 F.2d 802 (9th Cir. 1988) .................................................................................................. 4

*Melchior v. New Line Prods., Inc.*,
   106 Cal. App. 4th 779 (2003) ................................................................................................. 9

*Oestreicher v. Alienware Corp.*,
   544 F. Supp. 2d 964 (N.D. Cal. 2008) ......................................................................... 5, 6, 7, 9

*Transphase Sys., Inc. v. Southern Cal. Edison Co.*,
   839 F. Supp. 711 (C.D. Cal. 1993) ......................................................................................... 4

**STATUTES**

15 U.S.C.
   § 2308(b) ................................................................................................................................ 4

Cal. Civ. Code
   § 1791.1(c) ..................................................................................................................... 4, 5, 8

Cal. Bus. & Prof. Code
   § 17200 ............................................................................................................................passim

**INTRODUCTION**

Plaintiffs purchased their PowerBook G4 portable computers in 2005 and 2006. Plaintiffs do not, and cannot, dispute that their computers came with Apple Inc. ("Apple")'s one-year limited express warranty, which provided that Apple would repair defects in workmanship or material at no cost to the consumer during that period. The duration of the alleged implied warranties was coextensive with the duration of Apple's express warranty. Now, long after their express and implied warranties have expired, plaintiffs complain that their PowerBooks no longer function properly.

Notably, plaintiffs do not contend that Apple breached its obligations under its one-year express warranty. That is because they cannot. Plaintiffs' computers operated without any issues long after the express warranty expired, and thus *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824 (2006), and cases of this Court interpreting *Daugherty* bar such a claim. In an attempt to avoid the import of *Daugherty* and it progeny, plaintiffs purport to allege claims for breach of the implied warranty of merchantability, violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"), and unjust enrichment.

This attempt fails. The First Amended Complaint ("FAC") alleges that the defect manifested itself two or three years after plaintiffs purchased their computers — long *after* the implied warranty they rely on had expired. Plaintiffs' implied warranty claim thus fails under *Daugherty*. Their UCL claim fails because Apple's actions were not unlawful, and because *Daugherty* unequivocally holds that manufacturing and selling a computer that performed as warranted during the life of all applicable warranties is not "unfair" under the UCL. Finally, plaintiffs' unjust enrichment claim fails because no such claim exists in California and because nothing about Apple's actions was unjust.

**ISSUES TO BE DECIDED**

1. Whether plaintiffs can state a claim for breach of the implied warranty of merchantability when the alleged defect manifested itself after the one-year express warranty period had expired.

2. Whether plaintiffs can state a claim under the "unlawful" and "unfair" prongs of the UCL, where the claim is based on the manifestation of an alleged defect after the expiration of any applicable implied warranties.

3. Whether plaintiffs can state a claim for unjust enrichment, when no such claim exists in California and when plaintiffs' computers functioned as warranted during any applicable warranty period.

## FACTUAL BACKGROUND

Apple designs, manufactures, and sells personal computers, including the PowerBook G4 portable computer. (FAC, ¶ 16.) Apple's PowerBook G4 models came with a one-year limited express warranty, which limits the duration of any implied warranties to the duration of the express warranty.[1] (Declaration of Alexei Klestoff ("Klestoff Decl."), Ex. A.)

Plaintiff Reuben Berenblat, a New York resident, allegedly purchased a PowerBook G4 on July 12, 2005. (FAC, ¶¶ 10, 31.) He alleges that three years later, in September 2008, it was determined that "the lower memory slot was defective and degraded his computer's performance." (*Id*. at ¶ 32.)

Plaintiff Andrew Personette, a New York resident, allegedly purchased a PowerBook G4 in 2005. (*Id.* at ¶¶ 11, 35.) He alleges that two years later, in 2007, he determined that "the computer did not recognize one of the memory cards because the lower memory slot was defective." (*Id*. at ¶ 36.)

Plaintiff Earl Simpson, a Washington resident, allegedly purchased a PowerBook G4 on August 20, 2005. (*Id*. at ¶¶ 12, 39.) He alleges that over three years later, on October 12, 2008, "he realized that the lower memory slot was defective and did not recognize the memory." (*Id*. at ¶ 40.)

---

[1] Apple's one-year express warranty is referenced in the FAC, and thus is a proper subject of judicial notice. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ("documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."); *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1103 (N.D. Cal. 2007) (the court can take judicial notice of a document if the complaint refers extensively to it or if it forms the basis of plaintiff's claim; taking judicial notice of express warranty).

1 | Plaintiff Laura Miller, a California resident, allegedly purchased a PowerBook G4 in early
2 | 2006. (*Id*. at ¶¶ 13, 43.) She alleges that she subsequently purchased an AppleCare Protection
3 | Program to cover her PowerBook computer. (*Id.* at ¶ 45.) The AppleCare Protection Program, a
4 | service contract offered by Apple, provided her with coverage for repairs for an additional two
5 | years after her express warranty expired.[2] (Klestoff Decl., Ex. B.) She alleges that "just after
6 | expiration of her AppleCare extended protection," or over three years after she received her
7 | computer, she learned that "the lower memory slot of her PowerBook G4 was defective and did
8 | not recognize the memory she attempted to load into the computer." (FAC, ¶ 46.)

Plaintiffs have filed the present complaint on behalf of themselves and a putative class of PowerBook G4 purchasers. As set forth above, they allege various claims for breach of warranty, violation of the UCL, and unjust enrichment. (*Id.* at ¶¶ 57-77.) They seek reimbursement of expenses incurred to repair defective memory slots, restitution, damages representing the difference in value of the allegedly defective PowerBooks purchased and the value the computers would have had if they had been as warranted, and disgorgement of profits. (*Id*. at ¶¶ 5, 63, 70-71, 77.)

**ARGUMENT**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008); *Long v. Hewlett-Packard Co.*, No. C-06-02816, 2007 U.S. Dist. LEXIS 79262, at *7 (N.D. Cal. July 27, 2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).[3]

---

[2] Because the AppleCare Protection Program protection is referenced in the FAC, it can be judicially noticed. *Branch*, 14 F.3d at 454; *Hoey*, 515 F. Supp. 2d at 1103.

[3] Although *Twombly* was an antitrust case, the United States Supreme Court has recently made it clear that *Twombly* applies to all cases in federal court. *Ashcroft v. Iqbal*, No. 07-1015, 2009 U.S. LEXIS 3472, *39 (U.S. May 18, 2009).

The complaint must allege facts which, when taken as true, raise more than a speculative right to relief. *Id*. The facts must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570. The Court need not accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Transphase Sys., Inc. v. Southern Cal. Edison Co*., 839 F. Supp. 711, 718 (C.D. Cal. 1993).

All of plaintiffs' claims fail as a matter of law and should be dismissed in their entirety.

### I. PLAINTIFFS' IMPLIED WARRANTY CLAIM SHOULD BE DISMISSED BECAUSE THE ALLEGED DEFECT MANIFESTED ITSELF OUTSIDE THE WARRANTY PERIOD

Plaintiffs' implied warranty claims fail because plaintiffs' own allegations disclose that their computers performed without any issues long after any implied warranties had expired. Apple's express warranty limited the duration of implied warranties to the duration of the one-year express warranty. (Klestoff Decl., Ex. A (limiting implied warranties to the duration of express warranty).) This was fully consistent with both federal law and, to the extent applicable, California law. *See* Magnuson-Moss Warranty Act, 15 U.S.C. § 2308(b) ("implied warranties may be limited in duration to the duration of a written warranty of reasonable duration"); Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791.1(c) ("The duration of the implied warranty of merchantability . . . shall be coextensive in duration with an express warranty which accompanies the consumer goods . . .but in no event shall such implied warranty have a duration of less than 60 days nor more than one year"). Thus, any implied warranty of merchantability was limited to one year.

The complaint is clear that the plaintiffs' alleged defects manifested themselves over a year after plaintiffs' purchased their PowerBooks:

- Reuben Berenblat purchased his computer on July 12, 2005, and the alleged defect manifested itself over three years later, in September 2008. (FAC, ¶¶ 31-32.)
- Andrew Personette purchased his computer in 2005, and the alleged defect manifested itself two years later, in 2007. (*Id.* at ¶¶ 35-36.)

- Earl Simpson purchased his computer on August 20, 2005, and the alleged defect manifested itself over three years later, on October 12, 2008. (*Id.* at ¶¶ 39-40.)
- Laura Miller purchased her computer in early 2006, and the alleged defect manifested itself over three years later, in early 2009 ( *Id.* at ¶¶ 43, 46; Klestoff Decl. Ex. B.)

Thus, the alleged defects manifested themselves long after any implied warranties had expired.[4]

Numerous courts have dismissed warranty claims under these circumstances. *See Atkinson v. Elk Corp. of Tex.,* 142 Cal. App. 4th 212, 227-32 (2006) (implied warranty of merchantability claim was barred as a matter of law because the defect manifested itself after expiration of one-year implied warranty period); *Clemens*, 534 F.3d at 1023 (express warranty claim barred as a matter of law because malfunction occurred after expiration of the warranty) (citing *Daugherty*, 144 Cal. App. 4th at 830); *Long*, 2007 U.S. Dist. LEXIS 79262, at *10-11 (same); *Andrews v. Kern's TV & Appliance, Inc.*, 2000 Ohio 1752, *11 (Ohio Ct. App. 2000) (no breach of implied warranties where problems with product occurred after warranties had expired); *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, Nos. 96-3125, 96-1814, 1999 U.S. Dist. LEXIS 22891, *5-6 (D.N.J. July 27, 1999) (same); *Holman Motor Co. v. Evans*, 314 S.E.2d 453, 455 (Ga. Ct. App. 1984) (same); *cf. Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 970 (N.D. Cal. 2008) (because any alleged defects manifested themselves after expiration of the warranty period, Consumers Legal Remedies Act claim was barred). Plaintiffs' claims accordingly fail as a matter of law.

Plaintiffs' allegation that the defect was inherent, existed during the warranty period, and was known to Apple does not change this result. *Daugherty* expressly rejected the proposition that an inherent defect that exists during the warranty period may form the basis for a valid warranty claim, even if the warrantor allegedly knew of the defect at the time of sale. 144 Cal. App. 4th at 830.

---

[4] The fact that Laura Miller purchased an AppleCare Protection Program does not affect the duration of any implied warranty applicable to her PowerBook. Under the Song-Beverly Act, which applies to her claim, all implied warranties are limited to one year. Cal. Civ. Code 1791.1(c).

The facts in *Daugherty* were remarkably similar to the allegations here. The plaintiffs sued Honda on behalf of all persons who purchased or leased model-year 1990-1997 Accords and Preludes equipped with F22 engines. 144 Cal. App. 4th at 827. The F22 engine allegedly had a design defect which could, over time, lead to severe problems and even require a complete engine replacement. *Id.* This latent defect did not arise in plaintiffs' cars, if at all, until after the express warranty expired. *Id.* at 830. Honda had initiated a "product update campaign" which involved an offer to install a bracket that fixed the problem, but directed the campaign only to owners of 1994-1996 and early production 1997 models.[5] *Id.* at 828. The plaintiffs alleged that 1990-1993 Honda owners were not informed of the campaign or the defect, even though the defect affected their cars, and that the 1994-1997 owners were not given adequate notice of the campaign. *Id.* The plaintiffs further alleged that Honda, despite actual and constructive knowledge of the defect, deliberately failed to remedy it and failed to warn the public of the risk of damage from the defect. *Id.* On demurrer, the trial court dismissed the plaintiffs' complaint with prejudice in its entirety.

The Court of Appeal affirmed. The court rejected the plaintiffs' contention that an inherent defect that exists during the warranty period is covered by the warranty if the warrantor knew of the defect at the time of the sale, stating that even if the warrantor knew of the defect at the time of sale:

> [T]o hold that all latent defects are covered under the written warranty, whether they become apparent to the customer before or after expiration of the written warranty, would place an undue burden on the manufacturer. [The manufacturer] would, in effect, be obliged to insure that a vehicle it manufactures is defect-free for its entire life.

*Id.* at 830 (quoting *Walsh v. Ford Motor Co.*, 588 F. Supp. 1513, 1536 (D.D.C. 1984)).

A recent opinion by this Court, *Oestreicher*, 544 F. Supp. 2d at 970, is in accord. *Oestreicher* applied *Daugherty* to claims involving allegedly defective notebook computers. There, this Court rejected a Consumers Legal Remedies Act ("CLRA") claim based on the

---

[5] Similarly, Apple instituted a Repair Extension Program addressing memory slot issues that manifested in certain PowerBook models manufactured between January 2005 and April 2005. (FAC, ¶ 26.)

alleged concealment of defects that manifested themselves after expiration of the applicable warranty period. The plaintiff argued, among other things, that under the CLRA the defendants had a duty to disclose the alleged defects in its laptops. This Court refused to create such a duty, because

> [a] contrary holding would eliminate term limits on warranties, effectively making them perpetual or at least for the "useful life" of the product. . . . This court agrees with the *Daugherty* court, which stated: "Opening the door to plaintiffs' new theory of liability would change the landscape of warranty and product liability law in California. Failure of a product to last forever would become a 'defect,' a manufacturer would no longer be able to issue limited warranties, and product defect litigation would become as widespread as manufacturing itself."

*Oestreicher*, 544 F. Supp. 2d at 972 (quoting *Daugherty*, 144 Cal. App. 4th at 829).

The reasoning of *Daugherty* and *Oestreicher* is dispositive here. To allow Plaintiffs to assert claims under expired implied warranties would obligate Apple to insure that its computers are defect-free for their entire lives, and would render the statutory durational limits on implied warranties meaningless. Such a result is particularly improper where the warranty is not a voluntary one, but is imposed by the legislature and arises by operation of law. Thus, because the alleged defect manifested itself over a year after plaintiffs purchased the computers, their implied warranty claim fails.

Plaintiffs' allegation that the PowerBook G4's memory slot is "substantially certain to result in malfunction during the computer's useful life" does not alter this conclusion. Allowing a breach of warranty claim based on such an allegation would simply be another way of eliminating the durational limits on warranties, an outcome which *Daugherty* rejected. 144 Cal. App. 4th at 830 (rejecting a rule holding that all latent defects are covered under warranty even if they manifest after the warranty expires, because it would result in the manufacturer being obligated to ensure that its product is "defect-free for its entire life") (quoting *Walsh*, 588 F. Supp. at 1536); *Oestreicher*, 544 F. Supp. 2d at 972 (allowing claims based on failures occurring after warranties have expired would impermissibly make warranties "perpetual or at least for the 'useful life' of the product"). In addition, to the extent it is applicable, allowing plaintiffs' claim would violate

the Song-Beverly Act's express prohibition on implied warranties lasting longer than one year. Cal. Civ. Code § 1791.1(c).

This Court rejected a similar attempt to evade durational warranty limitations in *Long v. Hewlett-Packard Co*. In *Long*, the plaintiff alleged that the computers at issue were "substantially certain to fail within their five year useful lives." 2007 U.S. Dist. LEXIS 79262 at *23. This Court squarely rejected this attempt to extend a manufacturer's liability for the purported useful life of the product. Citing *Daugherty*, the Court held that unless the manufacturer has made an express representation as to the useful life of the product – which was not alleged either in *Long* or in the present case – "the only expectation that a purchaser could have had was that the product would function properly for the duration of the manufacturer's express warranty." *Id.* at *23-24. Thus, plaintiffs cannot escape the durational limits on implied warranties by alleging substantial certainty of failure.

Plaintiffs' implied warranty claim should be dismissed with prejudice.

## II. PLAINTIFFS' UNFAIR COMPETITION CLAIM FAILS BECAUSE APPLE'S ACTIONS WERE NEITHER UNLAWFUL NOR UNFAIR

Plaintiffs' UCL claim fails for similar reasons. Apple's actions were neither unlawful nor unfair because plaintiffs experienced no malfunction during the applicable warranty period. Plaintiffs' claim under the "unlawful" prong of the UCL is predicated on plaintiffs' implied warranty claim. (FAC, ¶ 59.) Because that claim is meritless, as described above, Apple's actions were not "unlawful" under the UCL. *Jackson v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) ("[The UCL] does not give a plaintiff license to 'plead around' the absolute bars to relief contained in other possible causes of action by recasting those causes of action as ones for unfair competition."); *Hoey*, 515 F. Supp. 2d at 1106 (UCL claims predicated on other claims that were not adequately pled must be dismissed); *Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118, 1126 (N.D. Cal. 2002) (where plaintiff's other claims failed, UCL claim based on the same conduct failed as well).

*Daugherty* also forecloses any claim that Apple's actions were unfair. Manufacturing, testing, and selling a computer that functioned precisely as warranted during the term of any

express or implied warranties does not constitute an unfair practice under the UCL. *Daugherty*, 144 Cal. App. 4th at 839; *see also Clemens*, 534 F.3d at 1026-27 (quoting *Daugherty*). Plaintiffs' UCL claim should accordingly be dismissed with prejudice.

### III. THERE IS NO CAUSE OF ACTION FOR UNJUST ENRICHMENT IN CALIFORNIA

Plaintiffs' last cause of action, a common law claim for "unjust enrichment," should be dismissed because "there is no cause of action in California for unjust enrichment." *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 794 (2003) (affirming trial court's dismissal of "unjust enrichment" claim on the ground that California law does not recognize such a cause of action); *Jogani v. Super. Ct.*, 165 Cal. App. 4th 901, 911 (2008) ("[U]njust enrichment is not a cause of action"). Rather, "unjust enrichment" is simply an effect; it is synonymous with restitution. *See Melchior*, 106 Cal. App. 4th at 794; *see also Lauriedale Assocs., Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992) ("The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so."); *Dinosaur Dev., Inc. v. White*, 216 Cal. App. 3d 1310, 1315 (1989) (unjust enrichment is "a general principle, underlying various legal doctrines and remedies," rather than a remedy itself). At best, plaintiffs' claim for unjust enrichment is duplicative of their request for restitution under the UCL. The claim should be dismissed.

Even assuming that a claim for unjust enrichment exits in California, plaintiffs' claim fails. To the extent the claim is based on plaintiffs' other two claims, it fails because those claims are meritless. *Oestreicher*, 544 F. Supp. 2d at 975; *Hoey*, 515 F. Supp. 2d at 1106.

Plaintiffs' unjust enrichment cause of action also fails as an independent claim. Because plaintiffs' computers functioned exactly as warranted during any applicable warranty period, none of Apple's alleged actions were unjust or inequitable. *Cf Daugherty*, 144 Cal. App. 4th at 839 ("The failure to disclose a defect that might, or might not, shorten the effective life span of an automobile part that functions precisely as warranted throughout the term of its express warranty cannot be characterized as causing a substantial injury to consumers, and accordingly does not constitute an unfair practice under the UCL.") Plaintiffs' only reasonable expectation regarding

| | |
|---|---|
| 1 | their computers is that they would function properly for the duration of any applicable warranties. |
| 2 | *See id.* at 838 (absent a manufacturer representation as to the life span of the part in question, the |
| 3 | only expectation that purchaser could have had was that the product would function properly for |
| 4 | the duration of the express warranty); *Long,* 2007 U.S. Dist. LEXIS 79262 at *23-24 (same) |
| 5 | (citing *Daugherty*, 144 Cal. App. 4th at 838). That expectation was met here, and thus Apple has |
| 6 | not been unjustly enriched. |

Accordingly, plaintiffs' unjust enrichment claim should be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, plaintiffs' complaint should be dismissed with prejudice.

Dated: June 1, 2009

PENELOPE A. PREOVOLOS
ANDREW D. MUHLBACH
ALEXEI KLESTOFF
MORRISON & FOERSTER LLP

By: /s/ Penelope A. Preovolos
    Penelope A. Preovolos

Attorneys for Defendant
APPLE INC.