| | |
|---|---|
| 1 | PENELOPE A. PREOVOLOS (CA SBN 87607)<br>(PPrevolos@mofo.com) |
| 2 | ANDREW D. MUHLBACH (CA SBN 175694)<br>(AMuhlbach@mofo.com) |
| 3 | ANNE M. HUNTER (CA SBN 221455)<br>(AHunter@mofo.com) |
| 4 | ALEXEI KLESTOFF (CA SBN 224016)<br>(AKlestoff@mofo.com) |
| 5 | |
| 6 | MORRISON & FOERSTER LLP<br>425 Market Street |
| 7 | San Francisco, California 94105-2482<br>Telephone: 415.268.7000<br>Facsimile: 415.268.7522 |
| 8 | |
| 9 | Attorneys for Defendant<br>APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REUBEN BERENBLAT, ANDREW PERSONETTE, EARL C. SIMPSON, LAURA MILLER, On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. C-08-04969 JF<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS**<br><br>Date: August 14, 2009<br>Time: 9:00 am<br>Courtroom: 3 |

APPLE'S REQUEST FOR JUDICIAL NOTICE
CASE NO. C-08-04969 JF
sf-2687023

1

# REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, Apple Inc. hereby requests that the Court take judicial notice of Apple's one-year limited express warranty for its PowerBook G4 notebook computers and its AppleCare Protection Plan ("APP"), which are cited in Apple's Motion to Dismiss. True and correct copies of Apple's express warranty and APP are attached as Exhibits A and B, respectively, to the accompanying Declaration of Alexei Klestoff.

Federal Rule of Evidence 201 allows a court to take judicial notice of adjudicative facts "not subject to reasonable dispute in that [they are] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." It is axiomatic that under Rule 201, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1103 (N.D. Cal. 2007) (the court can take judicial notice of a document if the complaint refers extensively to it or if it forms the basis of plaintiff's claim; taking judicial notice of express warranty).

Apple's express warranty for its PowerBook G4 laptop computers, as it appeared in the packaging for those computers and as it appears on Apple's website, is a proper subject of judicial notice. The complaint here refers to the express warranty several times, and plaintiffs base a number of their allegations on that warranty. Specifically, plaintiffs allege that Apple's claim that it is not obligated to repair defective PowerBook G4 computers when the inherent defect resulted in malfunction outside Apple's one-year express warranty period is wrongful, because the alleged defect was inherent and existed during the warranty period. (FAC, ¶ 24.) Plaintiffs also contend that Apple failed to notify PowerBook owners of the defective memory slots so that they could take measures to repair the defect while still covered by Apple's express warranty. (*Id*. ¶¶ 30, 69.) Plaintiffs have thus incorporated Apple's express warranty by reference into the complaint, allowing the Court to judicially notice the warranty and consider it for purposes of Apple's motion to dismiss. *Branch*, 14 F.3d at 454; *Hoey*, 515 F. Supp. 2d at 1103.

1  Apple's APP is also a proper subject of judicial notice.  The complaint here refers to the
2  APP, and plaintiffs base their allegations on the APP.  Specifically, plaintiffs allege that Laura
3  Miller purchased an APP to cover her PowerBook G4, and that her computer malfunctioned after
4  the APP expired.  (FAC, ¶¶ 13, 45, 46.)  Plaintiffs have thus incorporated Apple's APP by
5  reference into the complaint, allowing the Court to judicially notice the APP and consider it for
6  purposes of Apple's motion to dismiss.  *Branch*, 14 F.3d at 454; *Hoey*, 515 F. Supp. 2d at 1103.

Dated: June 1, 2009

PENELOPE A. PREOVOLOS
ANDREW D. MUHLBACH
ANNE M. HUNTER
ALEXEI KLESTOFF
MORRISON & FOERSTER LLP

By:  /s/ Penelope A. Preovolos
        Penelope A. Preovolos

        Attorneys for Defendant
        APPLE INC.