1 | PENELOPE A. PREOVOLOS (CA SBN 87607)
(PPreovolos@mofo.com)
2 | ANDREW D. MUHLBACH (CA SBN 175694)
(AMuhlbach@mofo.com)
3 | ALEXEI KLESTOFF (CA SBN 224016)
(AKlestoff@mofo.com)
4 |
MORRISON & FOERSTER LLP
5 | 425 Market Street
San Francisco, California  94105-2482
6 | Telephone: 415.268.7000
Facsimile: 415.268.7522
7 |
Attorneys for Defendant
8 | APPLE INC.

9

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | SAN JOSE DIVISION

13

14 | REUBEN BERENBLAT, ANDREW
PERSONETTE, EARL C. SIMPSON, LAURA
15 | MILLER, On behalf of themselves and all others
similarly situated,
16 |
Plaintiffs,
17 |
v.
18 |
APPLE INC.,
19 |
Defendant.
20

21

22

23

24

25

26

27

28

Case No.    C-08-04969 JF

**APPLE INC.'S REPLY IN
SUPPORT OF ITS MOTION TO
DISMISS**

Date:  August 14, 2009
Time:  9:00 am
Courtroom: 3

Judge:  Honorable Jeremy Fogel

Complaint filed:  October 30, 2008

1

## <u>TABLE OF CONTENTS</u>

2

**Page**

3

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ........................................................................................... 1

ARGUMENT ................................................................................................. 2

I.   PLAINTIFFS' IMPLIED WARRANTY-BASED CLAIMS FAIL .................................. 2

    A.   Because the Alleged Defects Manifested Themselves After All
        Warranties Expired, Plaintiffs' Implied Warranty Claims Are
        Barred. ................................................................................. 2

    B.   Plaintiffs' Warranty Cases Are Inapplicable. ......................................... 4

    C.   Plaintiffs' Arguments Regarding the Express Warranty's
        Applicability Have No Merit. ........................................................... 6

II.  PLAINTIFFS CANNOT STATE A CLAIM UNDER THE "UNFAIR"
    PRONG OF THE UCL .................................................................................. 9

III. PLAINTIFFS CANNOT STATE A CLAIM FOR UNJUST
    ENRICHMENT .......................................................................................... 9

CONCLUSION ............................................................................................... 10

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3   CASES

4   *Atkinson v. Elk Corp. of Texas*,
5        142 Cal. App. 4th 212 (2006) ............................................................................ 3

6   *Baggett v. Hewlett-Packard Co.*,
         582 F. Supp. 2d 1261 (C.D. Cal. 2007) .......................................................... 10

7
8   *Blennis v. Hewlett-Packard Co.*,
         No. C 07-00333 JF, 2008 U.S. Dist. LEXIS 106464 (N.D. Cal. 2008) .................. 8

9   *Brittalia Ventures v. Stuke Nursery Co.*,
10       153 Cal. App. 4th 17 (2007) ............................................................................. 5

11  *California Packing Corp. v. Sun-Maid Raisin Growers*,
         81 F.2d 674 (9th Cir. 1936) ............................................................................. 6

12
13  *Cartwright v. Viking Industries, Inc.*,
         249 F.R.D. 351 (E.D. Cal. 2008) ...................................................................... 8

14  *Clemens v. DaimlerChrysler*,
         534 F.3d 1017 (9th Cir. 2008) .......................................................................... 9

15
16  *Cooper v. Pickett*,
         137 F.3d 616 (9th Cir. 1997) ............................................................................ 7

17  *Cortez v. Purolator Air Filtration Prod. Co.*,
18       23 Cal. 4th 163 (2000) ..................................................................................... 5

19  *Creager v. Yoshimoto*,
         No. C 05-01985 JSW, 2007 U.S. Dist. LEXIS 77309 (N.D. Cal. Oct. 9, 2007) ...................... 9

20
21  *Daugherty v. Am. Honda Motor Co.*,
         144 Cal. App. 4th 824 (2006) .................................................................. *passim*

22  *Fairlane Estates, Inc. v. Carrico Constr. Co.*,
23       228 Cal. App. 2d 65 (1964) .............................................................................. 6

24  *Hewlett-Packard Co. v. Super. Ct.*,
         167 Cal. App. 4th 87 (2008) ............................................................................. 5

25
26  *Hicks v. Kaufman and Broad Home Corp.*,
         89 Cal. App. 4th 908 (2001) ............................................................................. 5

27  *Larson v. Speetjens*,
28       No. C 05-3176, 2006 U.S. Dist. LEXIS 66459 (N.D. Cal. Sept. 1, 2006) ................. 6

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ........................................................................................ 7

*London v. Coopers & Lybrand*,
  644 F.2d 811 (9th Cir. 1981) ........................................................................................ 4

*Long v. Hewlett-Packard Co*,
  No. C-06-02816, 2007 U.S. Dist. LEXIS 79262 (N.D. Cal. July 27, 2007) ............... 5, 7, 10

*McKell v. Washington Mut., Inc.*,
  142 Cal. App. 4th 1457 (2006) ...................................................................................... 9

*Mexia v. Rinker Boat Co.*,
  2009 Cal. App. LEXIS 942 (June 15, 2009) ................................................................. 1

*Oestreicher v. Alienware Corp.*,
  544 F. Supp. 2d 964 (N.D. Cal. 2008) ......................................................................... 3, 4, 9

*Payne v. Fujifilm U.S.A.*,
  No. 07-385, 2007 U.S. Dist. LEXIS 94765 (D.N.J. Dec. 28, 2007) .............................. 3, 7

*Stearns v. Select Comfort Retail Corp.*,
  No. 08-2746 JF, 2009 U.S. Dist. LEXIS 48367 (N.D. Cal. June 5, 2009) ...................... 3

*Swanson v. USProtect Corp.*,
  No. C05-602 JF, 2007 U.S. Dist. LEXIS 37658 (N.D. Cal. May 10, 2007) .................... 9

*Tietsworth v. Sears, Roebuck and Co.*,
  No. 09-00288 JF, 2009 U.S. Dist. LEXIS 40872 (N.D. Cal. May 14, 2009) ................... 3, 9


**STATUTES & OTHER AUTHORITIES**

Cal. Civ. Code
  §§ 1750 *et seq.* ............................................................................................................ 4
  § 1791.1(c) ..................................................................................................................... 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

*Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824 (2006), and numerous decisions of this and other courts applying *Daugherty*, have established the principle that a manufacturer is not the guarantor of its products in perpetuity.  Rather, a manufacturer need only comply with the terms of its express warranty and of any applicable limited warranties.  Here, there is no dispute that Apple fully honored its obligations during the term of its one-year express warranty.  Nor is there any dispute that Apple's express warranty limited the term of any applicable implied warranties to one year, or that Apple fulfilled its warranty obligations during that period.  Accordingly, plaintiffs' claims are without merit and should be dismissed.

Plaintiffs attempt to avoid this inevitable result by relying on *Mexia v. Rinker Boat Co.*, 2009 Cal. App. LEXIS 942 (June 15, 2009).  But this attempt fails for two reasons.  First, *Mexia* construes California's Song-Beverly Consumer Warranty Act ("Song-Beverly") — *but none of the plaintiffs here alleges a claim under Song-Beverly*.  Moreover, *Mexia*, which purports to interpret Song-Beverly to extend the term of implied warranties far beyond the term of the express warranty (and far beyond the one-year maximum warranty period set forth in Song-Beverly itself), cannot be reconciled with the holding and fundamental policy of *Daugherty* and its progeny.  *Mexia* would do precisely what *Daugherty* says the courts may not do:  make the manufacturer an insurer for the useful life of its products.  That is not, and cannot be, the law.

Plaintiffs' effort to avoid the provision of Apple's express warranty limiting implied warranties to one year is equally unavailing.  Plaintiffs argue that "there is no information in the pleadings" regarding whether consumers receive pre-sale notice of the warranty.[1]  Notably, however, plaintiffs fail to allege that they did not receive pre-sale notice of the warranty, and two of the four plaintiffs in fact exercised their rights under the express warranty.  Plaintiffs' allegations do not establish lack of pre-sale notice.  Plaintiffs' argument that the limitation of express warranties to one year is unconscionable is equally meritless.  Apple's one-year limit on implied warranties is coextensive with the maximum duration the California Legislature has

---

[1] Memorandum of Points and Authorities in Opposition to Apple Inc.'s Motion to Dismiss ("Opp.") at 15:6-7.

1    permitted for implied warranties, and as such cannot be unconscionable.  Accordingly, plaintiffs'

2    implied warranty claim, and their UCL claim predicated on the implied warranty claim, are

3    barred by the *Daugherty* rule and should be dismissed.

4          Plaintiffs' "unfairness" claim under the UCL also must be dismissed.  *Daugherty*, the

5    Ninth Circuit, and this Court have all rejected similar UCL "unfairness" claims, and have held

6    that there is nothing unfair about manufacturing and selling a product that functions properly for

7    the duration of all applicable warranties.  Plaintiffs cite inapposite cases generally discussing the

8    "unfairness" test under the UCL, but do not even address the on-point authority of *Daugherty* and

9    its progeny.

10         Finally, plaintiffs' unjust enrichment claim fails because, as plaintiffs' own authorities

11   establish, no such claim exists in the circumstances of this case.  It is clear that an unjust

12   enrichment theory cannot be pursued where, as here, plaintiffs also allege a separate statutory

13   claim that provides a restitutionary remedy.  Plaintiffs' unjust enrichment claim should be

14   dismissed.

**ARGUMENT**

**I.      PLAINTIFFS' IMPLIED WARRANTY-BASED CLAIMS FAIL**

      **A.      Because the Alleged Defects Manifested Themselves After All
            Warranties Expired, Plaintiffs' Implied Warranty Claims Are Barred.**

    Plaintiffs' own complaint establishes that their computers operated as warranted for

substantially in excess of one year after their purchase.  Thus, as established in Apple's opening

brief, *Daugherty* and cases of this and other courts bar plaintiffs' implied warranty claims,

whether asserted as a stand-alone claim (asserted by plaintiffs Berenblat and Personette only) or

as a predicate violation supporting their claim under the "unlawful" prong of the UCL (asserted

by all plaintiffs).[2]  (*See* Memorandum of Points and Authorities in Support of Motion to Dismiss,

5:7-19.)

---

[2] In their opposition, plaintiffs claim for the first time that their "unlawful" UCL claim is
also predicated on their unjust enrichment claim.  (Opp. at 19:9-11 (citing FAC, ¶ 41).)  Because
plaintiffs fail to state a claim for unjust enrichment, as discussed below, any UCL claim based on
unjust enrichment also fails.

1   This Court has applied the *Daugherty* rule in granting a motion to dismiss as recently as

2   last month.  *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 U.S. Dist. LEXIS

3   48367 (N.D. Cal. June 5, 2009).  *Stearns* held that a defect that arose after implied warranties

4   expired could not form the basis for a breach of implied warranty claim, relying on *Atkinson v.*

5   *Elk Corp. of Texas*, 142 Cal. App. 4th 212, 230 (2006) and *Tietsworth v. Sears, Roebuck and Co.*,

6   No. 09-00288 JF, 2009 U.S. Dist. LEXIS 40872, at *7-8 (N.D. Cal. May 14, 2009).[3]  Plaintiffs'

7   own authority is in accord.  *See Payne v. Fujifilm U.S.A.,* No. 07-385, 2007 U.S. Dist. LEXIS

8   94765, at *10 (D.N.J. Dec. 28, 2007) ("'The case law almost uniformly holds that time-limited

9   warranties do not protect buyers against hidden defects which are typically not discovered until

10   after the warranty period.'") (quoting *Ne. Power Co. v. Balcke-Durr, Inc.*, No. 97-CV-4836, 1999

11   U.S. Dist. LEXIS 13437, at *14 (E.D. Pa. Aug. 20, 1999)).  These cases, as well as the other

12   cases cited in Apple's opening brief, bar plaintiffs' claims.[4]

13   As this Court has recognized, there are strong policy reasons for not permitting claims

14   such as those asserted by plaintiffs.  Holding manufacturers liable for breaches that occur after all

15   applicable warranties expire "would eliminate term limits on warranties, effectively making them

16   perpetual," and manufacturers "would, in effect, be obliged to insure that a [product] it

17   manufactures is defect-free for its entire life."  *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d

18   964, 972 (N.D. Cal. 2008); *Daugherty v. Am. Honda Motor Corp.*, 144 Cal. App. 4th 824, 830

19   (2006).  Plaintiffs' theory of liability here would lead to the exact situation *Oestreicher* and

20   *Daugherty* warned against: "Failure of a product to last forever would become a 'defect,' a

21

22   [3] Plaintiffs attempt to distinguish *Atkinson* as a statute of limitations case.  This is a
    mischaracterization.  The *Atkinson* trial court ruled that the plaintiff's implied warranty claim was

23   barred because the breach occurred after the expiration of the relevant implied warranty period,
    and the California Court of Appeal upheld that ruling.  *Atkinson*, 142 Cal. App. 4th at 226-27,

24   232.  Notably, *Stearns* relied on *Atkinson* in dismissing implied warranty claims.  *Stearns*, 2009
    U.S. Dist. LEXIS 48367.

25   [4] Contrary to plaintiffs' contention, *Atkinson* was not the only implied warranty case cited
    by Apple in its opening brief.  (*See* Mot. at 5:13-17 (citing *Andrews v. Kern's TV & Appliance,*

26   *Inc.*, 2000 Ohio 1752, at *11 (Ohio Ct. App. 2000); *In re Ford Motor Co. Ignition Switch Prods.*
    *Liab. Litig.*, Nos. 96-3125, 96-1814, 1999 U.S. Dist. LEXIS 22891, at *5-6 (D.N.J. July 27, 1999)

27   (same); *Holman Motor Co. v. Evans*, 314 S.E.2d 453, 455 (Ga. Ct. App. 1984).)  Plaintiffs fail to
    address these cases.

28

1   manufacturer would no longer be able to issue limited warranties, and product defect litigation

2   would become as widespread as manufacturing itself."  *Oestreicher*, 544 F. Supp. 2d at 972

3   (quoting *Daugherty*, 144 Cal. App. 4th at 829).[5]

4         Plaintiffs ignore the fundamental policy and reasoning of the *Daugherty* line of cases.

5   Plaintiffs attempt to distinguish these cases by arguing that their holdings are limited to express

6   warranties, but such a limitation would render *Daugherty* meaningless and would entirely

7   undercut its purpose.  Under plaintiffs' interpretation, manufacturers would merely become

8   insurers for the life of their products by virtue of implied, rather than express, warranties.  Such a

9   reading cannot be right.  To the contrary, *Stearns*, *Atkinson*, *Tietsworth*, and the other cases cited

10   by Apple expressly apply the *Daugherty* rule in dismissing implied warranty claims.  Indeed,

11   creating an indefinite duration for implied warranties would be particularly inappropriate given

12   that implied warranties are not voluntary, but rather are imposed by law.

### B.      Plaintiffs' Warranty Cases Are Inapplicable.

14         Plaintiffs also rely on *Mexia* in attempting to evade *Daugherty* and the rulings of this

15   Court, but plaintiffs' reliance on *Mexia* is misplaced.  *Mexia* construed the implied warranties

16   created by Song-Beverly, but there is no Song-Beverly claim in this case.  Plaintiffs asserted

17   Song-Beverly claims in their original complaint, but abandoned it in the FAC, recognizing that

18   they do not have Song-Beverly claims.  *See London v. Coopers & Lybrand*, 644 F.2d 811, 814

19   (9th Cir. 1981) (claims in the original complaint that are not realleged in an amended complaint

20   are waived).  Thus, *Mexia* is not relevant here.

21         Even if the present case involved Song-Beverly claims and *Mexia* were relevant, *Mexia* is

22   directly contrary to *Daugherty*, *Atkinson*, and their progeny, and should not be followed.  If *Mexia*

23   is followed, *Oestreicher* and *Daugherty*'s prophecy will come true:  manufacturers will be

24   required to insure that their products are defect-free for their entire lives, and product defect

25   litigation will become as widespread as manufacturing itself.

26    

27        [5] While *Oestreicher* was brought under the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*., the policy ramifications of a finding of liability in that case were identical to those here.

28    

1    The other cases plaintiffs rely on are also inapposite.  Plaintiffs cite *Brittalia Ventures v.*

2    *Stuke Nursery Co.*, 153 Cal. App. 4th 17 (2007), *Hicks v. Kaufman and Broad Home Corp.*,

3    89 Cal. App. 4th 908 (2001), and *Hewlett-Packard Co. v. Super. Ct.*, 167 Cal. App. 4th 87 (2008),

4    none of which supports their arguments.  The issue in *Brittalia* was whether a document

5    containing a disclaimer of warranties was the operative contract between the parties, and the

6    jury's verdict, which the court upheld, was that it was not.  *Brittalia*, 153 Cal. App. 4th at 24-25.

7    Moreover, the duration of implied warranties was not at issue in *Brittalia*; rather, the case

8    involved an attempt to disclaim the warranties entirely.  *Id.* at 21.  Both *Hicks* and *Hewlett-*

9    *Packard* are distinguishable because they were class certification cases, and, as *Hewlett-Packard*

10   reaffirmed, California courts cannot consider the merits of the action in determining whether to

11   certify a class.[6]  *Hewlett-Packard*, 167 Cal. App. 4th at 95.

12   Moreover, to the extent plaintiffs seek to rely on *Hicks* and their conclusory "substantially

13   certain to fail" allegation, that reliance is misplaced.  As discussed in Apple's opening

14   memorandum, such a conclusory allegation does not avoid durational warranty limitations.  In

15   *Long v. Hewlett-Packard Co,* No. C-06-02816, 2007 U.S. Dist. LEXIS 79262, at *23 (N.D. Cal.

16   July 27, 2007), this Court squarely rejected a similar attempt to extend a manufacturer's liability

17   for the purported useful life of the product.  Citing *Daugherty*, the Court held that unless the

18   manufacturer has made an express representation as to the useful life of the product — which was

19   not alleged either in *Long* or in the present case — "the only expectation that a purchaser could

20   have had was that the product would function properly for the duration of the manufacturer's

21   express warranty."  *Id.*, at *23-24.  Plaintiffs' attempt to distinguish *Long* on the basis that it is an

22   express warranty case is meritless.  *Long*'s rationale, like that in *Daugherty*, must apply equally to

23   implied warranties or it is rendered meaningless.

24   Plaintiffs also attempt to avoid the import of the *Daugherty* line of cases by arguing that

25   the "passage of time limitations under a predicate statute does not bar a claim under the UCL."

26   (Opp. at 19:14-17 (citing *Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal. 4th 163, 179

27   _____
     [6] In addition, to the extent *Hicks* reached a substantive issue, it was decided five years
28   before the same Court of Appeal decided *Daugherty*.

1   (2000)).  This is far too broad a characterization of *Cortez*.  *Cortez* merely held that the UCL's

2   statute of limitations, not the statute of limitations of the predicate statute, governs a UCL claim.

3   *Cortez*, 23 Cal. 4th at 178-79.  It says nothing about the effect of the expiration of warranty terms.

4   *Daugherty*, by contrast, squarely addresses the effect of the expiration of warranties on a UCL

5   claim, and holds that UCL claims based on defects occurring after the warranty period are barred.

6   *Daugherty*, 144 Cal App. 4th at 837.

       **C.**       **Plaintiffs' Arguments Regarding the Express Warranty's Applicability Have No Merit.**

9         Plaintiffs' efforts to avoid the provision of Apple's express warranty limiting implied

10   warranties to one year are equally unavailing.  First, plaintiffs contend that the FAC says nothing

11   about whether consumers received pre-sale notice of the express warranty, and thus that the

12   warranty does not apply.  Second, they claim that the express warranty's one-year limit on

13   implied warranties is unconscionable.  Third, they argue that the Court should not consider the

14   terms of the express warranty because it is not alleged in the FAC.  All three arguments are

15   wrong.

16         Plaintiffs' first argument regarding lack of pre-sale availability of the express warranty

17   fails for several reasons.  None of the plaintiffs plead that they in fact failed to receive notice of

18   Apple's express warranty, although plaintiffs were certainly aware of this issue when they filed

19   the FAC in response to Apple's initial motion to dismiss.  Moreover, two of the four plaintiffs

20   exercised their rights under the express warranty, clearly demonstrating that they were aware of

21   the warranty and its term.  (FAC, ¶ 35 (alleging that Apple replaced Personette's computer in

22   2005); ¶ 44 (alleging that Apple replaced Miller's motherboard in 2006).)  In addition, it is well-

23   settled that a party that accepts the benefits of a contract cannot deny its validity.  *California

24   Packing Corp. v. Sun-Maid Raisin Growers*, 81 F.2d 674, 679 (9th Cir. 1936) (where party

25   accepted benefits of the contract, it ratified the contract); *Fairlane Estates, Inc. v. Carrico Constr.

26   Co.*, 228 Cal. App. 2d 65, 70 (1964) (acceptance of the benefits of the contract was a ratification

27   that cured any defect in the execution of the contract); *see also Larson v. Speetjens*, No. C 05-

28   3176, 2006 U.S. Dist. LEXIS 66459, at *14 (N.D. Cal. Sept. 1, 2006) ("A party should not be

APPLE'S REPLY ISO MOTION TO DISMISS
CASE NO. C-08-04969 JF
sf-2715548

6

1   allowed to claim the benefit of the contract and simultaneously avoid its burdens.").  Because

2   both Miller and Personette accepted the benefits of the express warranty, they cannot deny its

3   applicability now.

4           Plaintiffs' argument regarding the alleged unconscionability of the express warranty's

5   durational limitation of implied warranties also fails.  Apple's express warranty limits the

6   duration of implied warranties to one year.  (Klestoff Decl., Ex. A.)  The California Legislature

7   has affirmatively approved limiting implied warranties to one year and, indeed, has provided that

8   one year is the *maximum* duration of such warranties.  Cal. Civ. Code § 1791.1(c).  A limitation

9   expressly approved by the Legislature cannot be "unconscionable."[7]  Moreover, this Court has

10  applied the *Daugherty* rule to bar claims brought after the expiration of a one-year warranty.

11  *Long*, 2007 U.S. Dist. LEXIS 79262, at *25.  Like the present case, *Long* involved claims

12  regarding an alleged defect in a notebook computer component.  Clearly, the *Long* court did not

13  regard application of a one-year warranty to alleged defects in a notebook computer as

14  unconscionable.

15          Finally, plaintiffs' arguments regarding whether the Court can take judicial notice of

16  Apple's express warranty have no merit.[8]  As the cases cited in Apple's Request for Judicial

17  Notice and plaintiffs' own authority establish, courts can consider documents that are "integral or

18  explicitly relied upon in the complaint" on a motion to dismiss.  *Payne*, 2007 U.S. Dist. LEXIS

19  94765, at *5-6 (emphasis omitted); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)

20  (stating that district court could have taken judicial notice of extradition hearing that was

21  repeatedly referred to in the complaint); *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997) (on

22  a motion to dismiss, district court can consider documents referred to in the complaint); Apple's

23  Request for Judicial Notice ("RJN") at 2:9-16 (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th

---

24          [7] Plaintiffs also rely on cases outside of California and the Ninth Circuit in arguing
    unconscionability.  (*See* Opp. at 15:10-16:2.)  These cases are inapposite:  they do not address
25  California law or the situation where, as here, the Legislature has already approved the duration at
    issue.

26

27          [8] These arguments are apparently plaintiffs' response to Apple's Request for Judicial
    Notice.  Because plaintiffs address judicial notice in the text of their brief rather than in a separate
    document, Apple will do the same.

28

Cir. 1994); *Hoey v. Sony Elecs. Inc*., 515 F. Supp. 2d 1099, 1103 (N.D. Cal. 2007)).  Contrary to plaintiffs' contention, the FAC does make allegations regarding the express warranty.  (*See* FAC, ¶¶ 24-25, 30, 69; RJN at 2:17-28.)  Those allegations discuss the length of the express warranty, as well as the warranty's limitation of implied warranties.  (FAC, ¶ 24 (alleging that Apple had a one-year limited warranty period); ¶ 25 (contending that express warranty's limitation of warranties is "ineffective").)

Although plaintiffs seek to create the appearance of a dispute about the express warranty, they do not dispute the aspects of the express warranty at issue here:  its one-year duration, and its limitation of implied warranties to one year.  Moreover, plaintiffs do not and cannot point to any Apple PowerBook warranty with different durational provisions.

Plaintiffs cite two cases that declined to consider express warranties on a motion to dismiss, but both cases are inapposite.  As an initial matter, *Blennis* has not been designated for publication and expressly states that it may not be cited.  *Blennis v. Hewlett-Packard Co.*, No. C 07-00333 JF, 2008 U.S. Dist. LEXIS 106464, at *1 n.1 (N.D. Cal. 2008).  Even if plaintiffs could properly rely on the case, plaintiffs themselves point out why the case is distinguishable — the express warranty was not alleged in the complaint.  (Opp. at 14:1-4.)  Here, the express warranty was alleged in the FAC.  In *Cartwright v. Viking Industries, Inc.*, 249 F.R.D. 351 (E.D. Cal. 2008), several warranties were referenced and defendants argued as part of their motion to dismiss that it was unclear which one applied.  Here, plaintiffs do not and cannot point to any warranty with different or conflicting durational provisions; there is *no* dispute regarding the provisions relevant to Apple's motion.  Apple's express warranty is a proper subject of judicial notice.

It is undisputed that each of plaintiffs' computers' alleged malfunctions occurred well after any implied warranties had expired.  Thus, plaintiffs' "unlawful" UCL claim and Plaintiffs Berenblat and Personette's stand-alone implied warranty claims fail.

## II.     PLAINTIFFS CANNOT STATE A CLAIM UNDER THE "UNFAIR" PRONG OF THE UCL

Plaintiffs' claim under the "unfair" prong of the UCL also fails.  As the *Daugherty* line of cases holds, there can be nothing "unfair" about selling a product that functions properly for the duration of all applicable warranties.  *Daugherty*, 144 Cal. App. 4th at 839; *Clemens v. DaimlerChrysler*, 534 F.3d 1017, 1026-27 (9th Cir. 2008); *Oestreicher*, 544 F. Supp. 2d at 973; *see also Tietsworth*, 2009 U.S. Dist. LEXIS 40872, at *14.  Plaintiffs' opposition recites general propositions of law regarding "unfairness" under the UCL, but fails to cite any case that undercuts or even addresses *Daugherty* and the other cases cited by Apple.  Plaintiffs do not so much as mention *Daugherty*, *Clemens*, or *Oestreicher* in their arguments regarding the "unfair" prong of the UCL.[9]

In sum, there was nothing unfair about Apple's alleged practices here, and thus plaintiffs' claim under the "unfair" prong of the UCL should be dismissed.

## III.     PLAINTIFFS CANNOT STATE A CLAIM FOR UNJUST ENRICHMENT

Plaintiffs' unjust enrichment claim also should be dismissed.  Most fundamentally, there is no such claim as "unjust enrichment."  A long line of cases, including recent decisions of this Court, have held that unjust enrichment is merely a remedy, not a separate cause of action.[10]  *See* Mot. at 9:6-18; *see, e.g., Creager v. Yoshimoto*, No. C 05-01985 JSW, 2007 U.S. Dist. LEXIS 77309, at *13-14 (N.D. Cal. Oct. 9, 2007) ("unjust enrichment is a theory of recovery, not an independent legal claim").  In fact, plaintiffs' own authority recognizes this principle.  *See McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1490 (2006) ("There is no cause of action for unjust enrichment.").  While some cases have reached a contrary result, the better-reasoned

---

[9] Plaintiffs incorrectly suggest that this Court cannot resolve their "unfair" UCL claim on a motion to dismiss.  (Opp. at 18:3-13.)  This contention is squarely rebutted by *Daugherty*, which upheld dismissal of an "unfair" UCL claim on a demurrer.  *Daugherty*, 144 Cal. App. 4th at 827; *see also Tietsworth*, 2009 U.S. Dist. LEXIS 40872, at *14 (granting motion to dismiss "unfair" UCL claim).

[10] In their unjust enrichment argument, plaintiffs again cite to *Blennis*, despite its unpublished status.  To the extent this Court considers citations to such opinions, Apple notes that in another unpublished decision, this Court held that unjust enrichment is not a cause of action. *Swanson v. USProtect Corp.*, No. C05-602 JF, 2007 U.S. Dist. LEXIS 37658, at *16 (N.D. Cal. May 10, 2007).

1   interpretation of California law is that unjust enrichment is merely a form of equitable remedy

2   and not an independent claim for relief.

3          In any event, as Apple argued in its opening brief, plaintiffs' unjust enrichment "claim" is

4   duplicative of their UCL claim and must be dismissed for this reason as well.  Plaintiffs fail to

5   address this argument, but admit that their unjust enrichment "claim" is a claim for restitution.

6   (Opp. at 20:2-3.)  Where a plaintiff can pursue restitution under other causes of action, dismissal

7   of an unjust enrichment claim is appropriate.  *Baggett v. Hewlett-Packard Co.,* 582 F. Supp. 2d

8   1261, 1271 (C.D. Cal. 2007) (citing *Falk v. General Motors Co.*, 496 F. Supp. 2d 1088, 1099

9   (N.D. Cal. 2007)).  Here, the FAC is clear that plaintiffs are also seeking restitution under the

10  UCL.  (FAC, ¶ 63.)  Thus, their unjust enrichment "claim" is duplicative and should be

11  dismissed.

12         Finally, as set forth in Apple's opening brief, *Daugherty* holds that there is nothing

13  "unjust" about selling a product that functions properly for the duration of any applicable

14  warranties.  Plaintiffs do not even attempt to address this argument, or the relevant holdings in

15  *Daugherty* and *Long v. Hewlett-Packard Co*.  Both cases establish that the only reasonable

16  expectation plaintiffs could have about their computers was that they would function properly for

17  the duration of any applicable warranties.  *Daugherty,* 144 Cal. App. 4th at 838; *Long,* 2007 U.S.

18  Dist. LEXIS 79262, at *23-24.  That expectation was met.  Accordingly, there has been no unjust

19  enrichment, and the claim should be dismissed.

20                                    **CONCLUSION**

21         For the foregoing reasons, and for the reasons set forth in Apple's opening brief,

22  plaintiffs' complaint should be dismissed with prejudice.

23  Dated: July 31, 2009                      PENELOPE A. PREOVOLOS
                                              ANDREW D. MUHLBACH
24                                            ALEXEI KLESTOFF
                                              MORRISON & FOERSTER LLP
25
                                              By:   /s/ Penelope A. Preovolos
26                                                   Penelope A. Preovolos

27                                            Attorneys for Defendant
                                              APPLE INC.
28