MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
Jeffrey I. Carton (*pro hac vice*)
jcarton@mdpcelaw.com
Jerome Noll (*pro hac vice*)
jnoll@mdpcelaw.com
Christine M. Ford (*pro hac vice*)
cford@mdpcelaw.com
1311 Mamaroneck Avenue
White Plains, New York 10605
Telephone:  (914) 517-5000
Facsimile:   (914) 517-5055

CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER, SBN 193840
crowther@caldwell-leslie.com
ERIC S. PETTIT, SBN 234657
pettit@caldwell-leslie.com
1000 Wilshire Blvd., Suite 600
Los Angeles, California  90017-2463
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022

Attorneys for Plaintiffs
and all others similarly situated

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REUBEN BERENBLAT, ANDREW PERSONETTE, EARL C. SIMPSON, LAURA MILLER, On behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. C 08-4969 JF <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br><br><br> Date:      August 14, 2009 <br> Time:      9:00 a.m. <br> Courtroom: 3 |

CALDWELL
LESLIE &
PROCTOR

Pursuant to Fed. R. Civ. P. 16(b) and Civil L.R. 16-9, Plaintiffs Reuben Berenblatt, Andrew Personnette, Earl C. Simpson, and Laura Miller and Defendant Apple Inc., submit the following Joint Case Management Statement in connection with the August 14, 2009 Case Management Conference.

## I.      JURISDICTION AND SERVICE

### A.      Subject Matter Jurisdiction

The Court has subject matter jurisdiction over the claims against Apple pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

### B.      Personal Jurisdiction and Venue

Venue is proper in this district under 28 U.S.C. § 1391(b), as Defendant Apple resides in this district and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## II.      FACTS

Plaintiffs' Statement:  In or about January 2001, Apple began designing, manufacturing, warranting, advertising, marketing, selling and providing PowerBook G4 laptop computer to consumers throughout the United States.  When the Aluminum PowerBook G4s were released in January 2003, Apple marketed them as being designed to exacting standards and touted their many features, including the fact that each Aluminum PowerBook G4 has two memory slots.  The memory slots are an essential feature of the computer, and are marketed so as to give consumers the ability to expand the PowerBook's memory (RAM) at any time, thereby increasing the computer's functionality.

Based on Apple's own admissions, however, certain of its PowerBook G4 computers were manufactured with defective memory slots.  As Apple has admitted in an article posted on its website, affected PowerBook G4 computers exhibit at least one of the following symptoms upon installation of RAM memory in the memory slot: (1) the computer does not start up; or (2) the computer does not recognize that the memory slot is filled, thus degrading system performance because

1   because the memory in only one slot is recognized.  Apple has also admitted that

2   these symptoms may only occur intermittently, and that an owner of a PowerBook

3   with a defective memory slot may not know or become aware of the defect until

4   months, or years, after installation of memory in the defective memory slot.

5        Tens of thousands of people nationwide have purchased PowerBook

6   computers with defective memory slots.  Aside from the limited number of

7   consumers covered by an extended warranty, Apple has informed Plaintiffs and

8   other customers with defective PowerBooks that they have no recourse other than to

9   repair the defective memory slots at their own expense.  Apple has refused to

10  warrant, repair or pay for any repairs relating to the PowerBook's defective memory

11  slots, or to warrant any PowerBooks should the defect manifest itself sometime in

12  the future.

13       Apple continued to manufacture and sell PowerBook computers with

14  defective memory slots even after receiving thousands of complaints informing it of

15  the defective memory slots.  Thus, Apple profited enormously from sales of its

16  PowerBook G4 computers while Plaintiffs and the proposed Class incurred

17  significant damages, including but not limited to the expenses incurred in repairing

18  or replacing their defective PowerBook computers.  Apple has, and continues to this

19  day, refused to respond to the thousands of customer complaints regarding the

20  PowerBook's defective memory slot, and has refused to repair at its own expense

21  the defective memory slot or compensate thousands of PowerBook purchasers who

22  repaired the defective memory slot at their own expense.

23       Apple's conduct, as set forth in Plaintiffs' complaint, violated the implied

24  warranty of merchantability pursuant to Cal Comm. Code §2-314, the Unfair

25  Competition Law ("UCL"), and Defendant was unjustly enriched.  Plaintiffs seek

26  class action status, restitution, damages, and attorney's fees.

27       <u>Defendant's Statement:</u>  The PowerBook G4 portable computers described in

28  the complaint are extremely well designed, have no design defects, and have

CALDWELL
LESLIE &
PROCTOR

-2-

enjoyed a high level of customer satisfaction.  Thus, the overwhelming majority of the purported class members have never experienced and will never experience a problem with their computers, and have not suffered injury in fact as required to maintain their claims or, indeed, injury or damage of any kind.

Plaintiffs' claims fail on multiple grounds.  First, and most basically, the PowerBook G4 computers were not defective.  Second, the alleged malfunctions in plaintiffs' computers manifested themselves well over a year after Apple's express warranty and any applicable implied warranties expired.  Notably, plaintiffs do not allege that Apple breached its express warranty, or that Apple did not honor its warranty and any implied warranties during the one-year warranty period.  In fact, plaintiffs admit that Apple *did* honor these warranties, as two of the four plaintiffs had their computers serviced or replaced under warranty.  Thus, under *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824 (2006), and numerous decisions of this and other courts, plaintiffs' claims are barred.

Plaintiffs attempt to avoid this inevitable result by arguing that the limitation of warranties in Apple's express warranty is "ineffective."  Apple disputes this allegation, and contends that the express warranty properly limits any warranties applicable to its PowerBook G4 computers.

Plaintiffs' claims are both factually and legally without merit.

## III.   LEGAL ISSUES

<u>Plaintiffs' Statement:</u>  Set forth below are the disputed points of law known to Plaintiffs at this time:

- Whether Apple violated the implied warranty of merchantability by selling a product with a latent defect that existed at the time of manufacture.

- Whether Apple's manufacture and sale of a product it knew to be defective constituted an unfair or unlawful business practice under California's Unfair Competition Law ("UCL").

- Whether Apple was unjustly enriched by its receipt and retention of substantial profits from sales of a product that Apple knew to be defective.

- Whether this action is maintainable as a class action under Fed. R. Civ. P. 23.
- Whether Plaintiffs and class members have been damaged and/or are entitled to equitable relief.

Defendant's Statement:  The principal legal issue in dispute is as follows:

- Whether plaintiffs can recover for alleged problems with their computers that occurred after the expiration of Apple's one-year limited warranty and any applicable implied warranties.
- Whether plaintiffs can state a claim under the "unlawful" and "unfair" prongs of the UCL, where the claim is based on the manifestation of an alleged defect after the expiration of any applicable implied warranties.
- Whether, as a matter of law, an unjust enrichment cause of action exists. If so, whether Apple was unjustly enriched where the plaintiffs' computers operated as warranted for the duration of any applicable warranties.

- Whether this action meets the requirements for a class action under Fed. R. Civ. P. 23.
- Whether plaintiffs are entitled to any monetary or equitable relief.

## IV.   MOTIONS

Plaintiffs:  Plaintiffs anticipate filing a motion for class certification on or before six months after the Court's decision on Apple's pending motion to dismiss, assuming Plaintiffs are provided on a timely basis with the discovery needed to support such a motion.  Plaintiffs may also file a motion for summary judgment, depending upon the outcome of discovery.

CALDWELL
LESLIE &
PROCTOR

**Defendant:**  Apple has filed a Motion to Dismiss, which is set for hearing on August 14, 2009.  If that motion is denied based on factual issues, Apple will file an early motion for summary judgment.

## V.   AMENDMENT OF PLEADINGS

Plaintiffs do not anticipate further amendments to the pleadings at this time.

## VI.   EVIDENCE PRESERVATION

Plaintiffs are aware of their obligation to preserve all relevant evidence, including electronic evidence, in connection with this case.

Apple is aware of its evidence preservation obligations in connection with this case.

## VII.   DISCLOSURES

Plaintiffs and Apple have not made their initial disclosures, and await the Court's ruling on Apple's motion to dismiss.

## VIII.   DISCOVERY

### A.   *Discovery Taken to Date*

Plaintiffs are awaiting the Court's ruling on the motion to dismiss before serving discovery requests.

### B.   *The Scope of Anticipated Discovery*

Plaintiffs anticipate depositions, interrogatories, document requests, and other fact and expert discovery available under the Fed.R.Civ.P. and Local Rules, on the following topics:  (i) the merits of Plaintiffs' claims; (ii) Plaintiffs' damages; (iii) whether the matter is appropriate for class certification; and (iv) affirmative and other defenses asserted or to be asserted by Defendant.

If Apple's Motion to Dismiss is denied based on factual issues, Apple's position is that discovery should be limited to those factual issues, allowing for an early summary judgment motion.  Discovery on other issues, including issues regarding class certification, should only proceed if Apple's summary judgment motion is denied.

CALDWELL
LESLIE &
PROCTOR

-5-

### C.     Proposed Limitations or Modifications to the Discovery Rules

At the present time, the Parties do not anticipate limitations or modifications to the discovery rules.  Plaintiffs anticipate that the presumptive ten deposition limit may need to be enlarged.  Otherwise, Plaintiffs do not anticipate any other limitations or modifications to the discovery rules.

Apple does not believe more than ten depositions per side are necessary in this case.

### D.     Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)

The Parties have agreed on the general parameters of a discovery plan (with some exceptions noted below).

(i)     The Parties believe that initial disclosures should be exchanged following a ruling on Defendant's pending motion to dismiss.

(ii)     Plaintiffs' position: Discovery will be needed on the following topics: whether the matter is appropriate for class certification, the merits of Plaintiffs' claims, Plaintiffs' alleged damages, and Defendant's affirmative and other defenses. Plaintiffs object to discovery of absent class members, which is not permitted under Ninth Circuit law.

(iii)     Defendant's position: If Apple's Motion to Dismiss is denied, discovery should initially be focused on any factual issues identified by the Court in its order denying the motion, which will allow for an early motion for summary judgment.  Discovery on other issues, including class certification issues, should only proceed if Apple's summary judgment motion is denied.

(iv)     The parties will negotiate and propose a protective order regarding confidential information.

## IX.     CLASS ACTIONS

Plaintiffs:  Plaintiffs provide the following class action information pursuant to L.R. 16-9(b):

CALDWELL
LESLIE &
PROCTOR

-6-

a. This action is maintainable as a class action under Fed. R. Civ. P. 23(a) and (b)(3).

b. The action is brought on behalf of the following class and sub-class:

All persons who have purchased PowerBook computers with one or more defective memory slots and who were damaged thereby, during the period from January 1, 2005 to the present (the "Class") and a sub-class of persons who purchased PowerBook computers directly from Apple (the "Sub-Class").

c. The following facts alleged in the Complaint, while not exclusive of additional facts that may be learned through discovery, demonstrate that this action is maintainable as a class action under Fed. R. Civ. P. 23(a) and (b):

**1. Numerosity**

The class consists of at least thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

**2. Common Questions**

There are questions of law or fact common to the class that predominate over any questions affecting only individual members, including:

a. whether Defendant breached the implied warranty of merchantability arising pursuant to Cal. Comm. Code § 2314 by manufacturing and selling PowerBook computers with defective memory slots;

b. whether Defendant violated Cal. Bus. & Prof. Code § 17200 by manufacturing and selling PowerBook computers with defective memory slots;

c. whether Defendant unjustly enriched itself in manufacturing and selling PowerBook computers with defective memory slots; and

d. whether members of the Class have sustained damages and/or other compensable losses and, if so, the proper measure thereof.

CALDWELL
LESLIE &
PROCTOR

-7-

### 3.    Typicality

The claims asserted by Plaintiffs are typical of the claims of the members of the class;

### 4.    Adequacy

Plaintiffs will fairly and adequately protect the interests of the class, and Plaintiffs have retained attorneys experienced in class and complex litigation, including related litigation involving consumer fraud;

### 5.    Superiority

A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

a)    Absent a class action, class members as a practical matter will be unable to obtain redress, Apple's violations of its legal obligations will continue without remedy, additional customers will be harmed, and Apple will continue to retain its ill-gotten gains;

b)    It would be a substantial hardship for most individual members of the class if they were forced to prosecute individual actions;

c)    When the liability of Apple has been adjudicated, the Court will be able to determine the claims of all members of the class;

d)    A class action will permit an orderly and expeditious administration of class claims, foster economies of time, effort, and expense and ensure uniformity of decisions;

e)    The lawsuit presents no difficulties that would impede its management by the Court as a class action;

f)    Defendant has acted on grounds generally applicable to class members; making class-wide monetary and injunctive relief appropriate; and

g)    The prosecution of separate actions by individual members of the class would create a risk of incompatible standards of conduct for Defendant and of inconsistent or varying adjudications for all parties.

CALDWELL
LESLIE &
PROCTOR

d.      Assuming that Plaintiffs are provided on a timely basis with the discovery needed to support their motion for class certification, Plaintiffs will file that motion on or before six months from the date of the Court's order denying Defendant's motion to dismiss.  In the event Plaintiffs' class certification motion involves expert discovery, Plaintiffs will meet and confer with Defendant on a schedule for undertaking that discovery and a briefing and hearing schedule on the motion.

<u>Defendants:</u>  Apple contends that class certification is inappropriate.  There is no common injury among the putative class members; the plaintiffs are not typical or adequate representatives of the putative class due to differences between class members; and class resolution is not a superior method due to the lack of predominating common issues and manageability concerns.  If Apple's Motion to Dismiss is denied, any briefing on class certification should be deferred until after Apple's early summary judgment motion is decided.

**X.      RELATED CASES**

On April 30, 2009, the Court concluded that *Vail v. Apple*, 09-CV-01649 JF is related to the present action.  A motion to dismiss that case is to be heard on August 14, 2009, the same date as for the present action.  Plaintiffs believe that action should be coordinated with this action for purposes of discovery.

Apple believes this action and *Vail* should be consolidated for all purposes and managed jointly in the interest of judicial economy, minimizing the burden on Apple and eliminating the risk of duplicative or conflicting motion practice and rulings.

**XI.     RELIEF**

Plaintiffs seek the following relief in their complaint:  (a) restitution, reimbursement and disgorgement of monies paid by Plaintiffs and class members; (b) actual damages (in an amount to be determined through discovery) to be

CALDWELL
LESLIE &
PROCTOR

awarded to Plaintiffs and class members; (c) attorneys' fees and costs of suit; and (d) such other and further relief as the Court deems just and proper.

Apple denies that plaintiffs or the purported class were injured in any way and further denies that plaintiffs or the purported class are entitled to any relief.

## XII.   SETTLEMENT AND ADR

The parties recognize that while formal settlement proceedings may ultimately be appropriate, they do not believe formal settlement proceedings will be beneficial at this time.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiffs decline to proceed before a magistrate judge for all purposes.

Apple declines to proceed before a magistrate judge for all purposes.

## XIV.   OTHER REFERENCES

The parties do not believe the case is suitable for binding arbitration, or that it requires a special master or referral to the Judicial Panel on Multidistrict Litigation at this time.

## XV.   NARROWING OF ISSUES

The Parties have not discussed narrowing of the issues through stipulated facts and bifurcation.  Except as specified, Plaintiffs do not believe that any stipulation or motion is appropriate at this time, or that any issues, claims, or defenses should be bifurcated.

As stated above, Apple believes that if its Motion to Dismiss is denied based on factual issues, discovery should initially be limited to those issues so as to allow Apple to file an early summary judgment motion.

## XVI.   EXPEDITED SCHEDULE

The Parties do not believe that this case should be handled on an expedited basis.

CALDWELL
LESLIE &
PROCTOR

# XVII. SCHEDULING

Plaintiffs' Position:  Plaintiffs propose the following schedule assuming the Court denies Defendant's motion to dismiss (the "Court's Order"):

(a)    Date for completion of document production –Three (3) months from the Court's Order;

(b)    Fact Discovery Cutoff –five (5) months from the Court's Order;

(c)    Date for motion for Class certification: one (1) month from the completion of fact discovery;

(d)    Date for Opposition for Class certification: two (2) months from the completion of fact discovery;

(e)    Plaintiffs' Reply brief in support of Class Certification: Three (3) months from the completion of fact discovery;

(f)    Designation of Experts –Four (4) months from the Court's Order;

(g)    Expert Discovery Cutoff – Six (6) months from the Court's Order;

(h)    Summary Judgment Deadline – Seven (7) months from the Court's Order;

(i)    Hearing on Summary Judgment Motions – Nine (9) months from the Court's Order;

(j)    Motion in Limine Deadline – Ten (10) months from the Court's Order;

(k)    Pretrial Conference Statement – Eleven (11) months from the Court's Order;

(l)    Pretrial Conference – Eleven (11) months from the Court's Order;

(m)    Trial – Twelve (12) months from the Court's Order, or Three (3) months after class notice has been sent.

Defendants' Position:  In the event the Court denies its Motion to Dismiss, Apple proposes the following schedule:

(a)    Date for completion of document production:

CALDWELL
LESLIE &
PROCTOR

(i) *Document production on any factual issues identified in an Order denying Apple's Motion to Dismiss ("Court's Order")*:  Five months from the date of the Court's Order;

(ii) *Document production on other issues, including class certification*:  The timing of full document discovery will largely depend on the scope of plaintiffs' requests and cannot be meaningfully assessed without that information.  Apple has informed plaintiffs that the unique issues associated with producing electronically-stored information from Apple systems will require more time than the typical case.

(b)   Fact Discovery Cutoff:  The timing of full discovery will largely depend on the scope of plaintiffs' requests and cannot be meaningfully assessed without that information;

(c)   Date for motion for class certification: one (1) month from the completion of fact discovery;

(d)   Date for opposition for class certification: two (2) months from the filing of the class motion;

(e)   Plaintiffs' reply brief in support of class certification: one (1) month from the filing of the class opposition;

(f)   Expert Discovery - In light of the uncertainty surrounding the timing of full fact discovery, Apple believes that the timing of expert disclosures and close of discovery is premature and these dates should be set at a future Case Management Conference.  Apple believes that, should expert opinion be relied upon in class motion papers, the opposing party should be allowed adequate time to depose such experts and prepare rebuttal expert testimony.

(g)   Summary Judgment Deadline – one (1) month after the close of expert discovery;

CALDWELL
LESLIE &
PROCTOR

(h)     Hearing on Summary Judgment Motion(s) – five (5) weeks after the filing of the motion(s);

(i)     Motions in Limine Deadline, Pretrial Conference, Trial – In light of the uncertainty surrounding the timing of full fact discovery, Apple believes that setting a trial date and related pretrial filings and hearings is premature and these dates should be set at a future Case Management Conference.

## XVIII.  TRIAL

Plaintiffs have demanded a jury trial.  At this time, Plaintiffs anticipate that the trial can be completed within two weeks.

Apple currently anticipates that a trial would last at least three weeks.

## XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties have filed the "Certification of Interested Entities or Persons" required by Civil L.R. 3-16.  The Parties have identified the following persons, firms, partnerships, corporations (including parent corporations) or other entities known to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

### A.     *Plaintiffs*

Reuben Berenblatt, Nassau County, New York; Andrew Personette, Kings County, New York; Earl C. Simpson, Clark County, Washington; and Laura Miller, San Francisco County, California.

### B.     *Defendant*

Apple has no parent corporation.  According to Apple's Proxy Statement filed with the United States Securities and Exchange Commission in January 2009, there are no beneficial owners that hold more than 10% of Apple's outstanding common stock.

CALDWELL
LESLIE &
PROCTOR

## XX.   SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY, AND INEXPENSIVE DISPOSITION OF THIS MATTER

Not applicable at this time.

*Filer's Attestation*:  Pursuant to General Order No. 45, I, Eric S. Pettit, attest that I obtained concurrence in the filing of this document from the other signatories.

DATED:  July 31, 2009

Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER
ERIC S. PETTIT

By _____/s/_____
          ERIC S. PETTIT

Attorneys for Plaintiffs

MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ P.C.
Jeffrey I. Carton (*pro hac vice*)
Jerome Noll (*pro hac vice*)
Christine M. Ford (*pro hac vice*)

Attorneys for Plaintiffs

PENELOPE A. PREOVOLOS
ANDREW D. MUHLBACH
HEATHER A. MOSER
MORRISON & FOERSTER LLP

By ___/s/ Penelope A. Preovolos___
          Penelope A. Preovolos

Attorneys for Defendant
Apple, Inc.

CALDWELL
LESLIE &
PROCTOR

-14-