

1  PENELOPE A. PREOVOLOS (CA SBN 87607)
   (PPrevolos@mofo.com)
2  ANDREW D. MUHLBACH (CA SBN 175694)
   (AMuhlbach@mofo.com)
3  ALEXEI KLESTOFF (CA SBN 224016)
   (AKlestoff@mofo.com)
4
   MORRISON & FOERSTER LLP
5  425 Market Street
   San Francisco, California  94105-2482
6  Telephone: 415.268.7000
   Facsimile: 415.268.7522
7
   Attorneys for Defendant
8  APPLE INC.

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                   SAN JOSE DIVISION

13

14  REUBEN BERENBLAT, ANDREW            Case No.   C-08-04969 JF
    PERSONETTE, EARL C. SIMPSON, LAURA  Case No.   C-09-01649 JF
15  MILLER, On behalf of themselves and all others
    similarly situated,
16                                      APPLE INC.'S MEMORANDUM
                  Plaintiffs,           OF POINTS AND AUTHORITIES
17                                      IN SUPPORT OF ITS MOTION
         v.                             TO DISMISS THE SECOND
18                                      AMENDED COMPLAINT
    APPLE INC.,
19
                  Defendant.             Date:   February 5, 2010
20                                       Time:   9:00 am
                                         Courtroom: 3
21
22  THOMAS WAGNER, SCOTT MEYERS, On
    behalf of themselves and all others similarly
23  situated,

                  Plaintiffs,
24
         v.
25
    APPLE INC.,
26                Defendant.

27

28

APPLE'S MPA ISO MOTION TO DISMISS THE SAC
CASE NOS. C-08-04969 JF, C-09-01649 JF
sf-2741544

Dockets.Justia.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION ......................................................................................................... 1

ISSUES TO BE DECIDED ............................................................................................ 3

FACTUAL BACKGROUND .......................................................................................... 3

ARGUMENT ............................................................................................................... 5

I.   PLAINTIFFS HAVE AGAIN FAILED TO PLEAD AN IMPLIED
     WARRANTY CLAIM ....................................................................................... 6

     A.   Plaintiffs Are Bound by the Terms of the Limited Warranty ................... 6

          1.   Plaintiffs Have Not Pleaded Their Lack of Pre-Sale Notice
               or Awareness of Apple's Express Warranty. ................................. 7

          2.   The Alleged Inability to Negotiate Regarding the
               Warranty's Terms Does Not Invalidate It. .................................... 8

     B.   Because Any Alleged Defects Manifested Themselves After the
          Expiration of any Implied Warranties, Plaintiffs' Claims Are
          Barred. ................................................................................................. 10

II.  PLAINTIFFS HAVE FAILED TO REMEDY THE DEFECTS IN THEIR
     UCL CLAIM ................................................................................................. 11

     A.   Plaintiffs Have Failed to State a Claim Under the "Unlawful" Prong
          of the UCL. ........................................................................................... 11

     B.   Plaintiffs Have Failed to State a Claim Under the "Unfair" Prong of
          the UCL. ................................................................................................ 12

     C.   Plaintiffs Have Failed to State a Claim Under the "Fraudulent"
          Prong of the UCL. ................................................................................. 13

III. PLAINTIFFS HAVE MADE NO AMENDMENTS TO THEIR
     PREVIOUSLY DEFECTIVE UNJUST ENRICHMENT CLAIM ................... 14

CONCLUSION .......................................................................................................... 15

1

2

## TABLE OF AUTHORITIES

3

Page(s)

CASES

4

5

*24 Hour Fitness, Inc. v. Sup. Ct.*,
    66 Cal. App. 4th 1199 (1998) ................................................................................................. 9

6

*Andrews v. Kern's TV & Appliance, Inc.*,
    2000 Ohio 1752 (Ohio Ct. App. 2000) ................................................................................. 10

7

8

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) .......................................................................................................... 5

9

*Atkinson v. Elk Corp. of Tex.*,
    142 Cal. App. 4th 212 (2006) ............................................................................................... 10

10

11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .......................................................................................................... 5, 12

12

13

*Berenblat v. Apple, Inc.*,
    Nos. 08-4969, 09-1649, 2009 U.S. Dist. LEXIS 80734
    (N.D. Cal. Aug. 21, 2009) .............................................................................................*passim*

14

15

*Bly-Magee v. California*,
    236 F.3d 1014 (9th Cir. 2001) ................................................................................................ 5

16

17

*Branch v. Tunnell*,
    14 F.3d 449 (9th Cir. 1994) .................................................................................................... 4

18

*Cal. Packing Corp. v. Sun-Maid Raisin Growers*,
    81 F.2d 674 (9th Cir. 1936) .................................................................................................... 8

19

20

*Carnival Cruise Lines, Inc. v. Shute*,
    499 U.S. 585 (1991) ................................................................................................................ 9

21

22

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) .................................................................................. 5, 10, 12, 13

23

*Daugherty v. Am. Honda Motor Co.*,
    144 Cal. App. 4th 824 (2006) .......................................................................................*passim*

24

25

*Fairlane Estates, Inc. v. Carrico Constr. Co.*,
    228 Cal. App. 2d 65 (1964) .................................................................................................... 8

26

27

*Gamer v. Dupont Glore Forgan, Inc.*,
    65 Cal. App. 3d 280 (1976) .................................................................................................... 9

28

*Hoey v. Sony Elecs. Inc.*,
515 F. Supp. 2d 1099 (N.D. Cal. 2007)................................................................4, 13, 14

*Holman Motor Co. v. Evans*,
314 S.E.2d 453 (Ga. Ct. App. 1984) .................................................................................10

*Hovsepian v. Apple, Inc.*,
Nos. 08-5788, 09-1064, 2009 U.S. Dist. LEXIS 80868
(N.D. Cal. Aug. 21, 2009) ....................................................................................6, 7, 10, 13

*In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*,
Nos. 96-3125, 96-1814, 1999 U.S. Dist. LEXIS 22891
(D.N.J. July 27, 1999) ........................................................................................................10

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ......................................................................................5, 14

*Larson v. Speetjens*,
No. C 05-3176, 2006 U.S. Dist. LEXIS 66459
(N.D. Cal. Sept. 1, 2006).......................................................................................................8

*London v. Coopers & Lybrand*,
644 F.2d 811 (9th Cir. 1981) .........................................................................................1, 11

*Long v. Hewlett-Packard Co.*,
No. C-06-02816, 2007 U.S. Dist. LEXIS 79262
(N.D. Cal. July 27, 2007) ..........................................................................................5, 10, 15

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988) ...............................................................................................5

*Melchior v. New Line Prods., Inc.*,
106 Cal. App. 4th 779 (2003) .............................................................................................14

*Oestreicher v. Alienware Corp.*,
544 F. Supp. 2d 964 (N.D. Cal. 2008).................................................................................14

*Stockton Metro. Transit Dist. v. Amalgamated Transit Union*,
132 Cal. App. 3d 203 (1983) ................................................................................................9

*Tietsworth v. Sears, Roebuck & Co.*,
C 09-00288, 2009 U.S. Dist. LEXIS 98532
(N.D. Cal. Oct. 13, 2009) .....................................................................................9, 12, 13, 14

*Transphase Sys., Inc. v. S. Cal. Edison Co.*,
839 F. Supp. 711 (C.D. Cal. 1993) .......................................................................................5

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ..........................................................................................5, 6

*Wilson v. Hewlett-Packard Co.*,
   2009 U.S. Dist. LEXIS 92692
   (N.D. Cal. Sept. 17, 2009) ........................................................................................................ 9

**STATUTES**

Magnuson-Moss Warranty Act, 15 U.S.C.
   § 2308(b) ................................................................................................................................ 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ................................................................................................................ *passim*

**INTRODUCTION**

Plaintiffs have had three chances to properly allege their claims, and have failed to do so.[1] Plaintiffs cannot avoid the fact that (1) Apple's express warranty limits any implied warranties to one year and (2) the Plaintiffs' computers allegedly malfunctioned more than a year after any implied warranties had expired.  Thus, *Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th 824 (2006), and cases of this Court interpreting *Daugherty*, bar Plaintiffs' claims. Accordingly, Plaintiffs' Second Amended Complaint ("SAC") should be dismissed.

Recognizing that the terms of Apple's express warranty barred Plaintiffs' claims, the Court dismissed all claims in the First Amended Complaint ("FAC"), but granted Plaintiffs leave to amend.  With regard to the implied warranty claim, the Court gave Plaintiffs the opportunity to add allegations that would avoid the fatal effect of the express warranty's one-year limit on implied warranties.  Plaintiffs have not succeeded.  As in the FAC, Plaintiffs allege that the limitation of implied warranties is "ineffective," and claim that there is no pre-sale notice; their only new allegation is that the express warranty is provided to consumers in the product packaging.  That is not enough.  That the warranty is included in the product packaging does not establish that it was not otherwise available pre-sale.[2]  Most fundamentally, however, as in the FAC, Plaintiffs conspicuously fail to allege that *they* did not receive pre-sale notice of the warranty.  This omission is particularly telling, given that Apple has squarely and repeatedly challenged Plaintiffs to deny that they were on notice of the warranty prior to sale.

Moreover, three of the six Plaintiffs exercised their rights under the express warranty.  Not only does this establish that Plaintiffs were aware of the warranty, it also bars them as a matter of law from denying the warranty's validity.  Similarly, four of the six purchased an AppleCare

---

[1] The Second Amended Complaint ("SAC") that is the subject of Apple's motion was filed in both the *Berenblat* and the *Wagner* (formerly *Vail*) actions.  The previous complaints in the *Wagner* action asserted a violation of the Consumers Legal Remedies Act, as well as the Unfair Competition Law, but under a different theory than that asserted in the SAC.  By filing the SAC without these claims or allegations, the *Wagner* Plaintiffs have abandoned them.  *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) (claims in the original complaint that are not realleged in an amended complaint are waived).  Accordingly, this brief will only address the complaints in the *Berenblat* action.

[2] See footnote 5, infra.

1    Protection Plan ("APP"), which explicitly extends repair coverage for two years from the date the

2    express warranty expires.  Plaintiffs could not have purchased the APP without being aware of

3    the underlying express warranty and its durational limitations.  Plaintiffs' new allegations do not

4    establish their lack of pre-sale notice.

5           Plaintiffs also add the allegation that the express warranty is a contract of adhesion.  But

6    California law is clear that the mere fact that a warranty is a contract of adhesion does not

7    invalidate it.  Were the rule otherwise, no manufacturer of consumer goods would be able to

8    enforce its warranty terms.  A warranty, like any other contract of adhesion, is only invalid if its

9    terms are vague, ambiguous, or unconscionable.  The SAC does not allege that the limitation on

10   the duration of implied warranties in Apple's express warranty, or any other term of the warranty,

11   is vague or ambiguous.  Moreover, the provision at issue — the limitation of implied warranties

12   to one year — cannot be unconscionable, since it had been expressly endorsed by the California

13   legislature.  Plaintiffs have failed to avoid the express warranty's durational limitation of implied

14   warranties.  Accordingly, Plaintiffs' implied warranty claim, and their Unfair Competition Law

15   ("UCL") "unlawful" claim predicated on the implied warranty claim, are barred by

16   *Daugherty* and its progeny and should be dismissed.

17          Plaintiffs' "unfair" and "fraudulent" claims under the UCL should also be dismissed.  All

18   Plaintiffs have added in the SAC is the allegation that Apple failed to inform its customers about

19   the alleged defect until after their warranties had ended.  Yet this is exactly what this Court, the

20   Ninth Circuit, and *Daugherty* have held was *insufficient* to constitute an unfair or fraudulent

21   business practice under the UCL.  In addition, both claims are grounded in fraud, and thus must

22   be pleaded with specificity under Federal Rule of Civil Procedure 9(b).  Plaintiffs do not even

23   attempt to satisfy this standard.  Plaintiffs have once again failed to adequately plead a claim

24   under any prong of the UCL.

25          Finally, Plaintiffs' allegations regarding unjust enrichment are identical to those in the

26   FAC.  Thus, the claim fails for the same reasons it failed in the FAC:  no such claim exists in

27   California; Plaintiffs' underlying claims are without merit; and nothing about Apple's actions was

28   unjust.

1   The SAC demonstrates that Plaintiffs cannot sufficiently plead their implied warranty,

2   UCL, and unjust enrichment claims.  Accordingly, the SAC should be dismissed with prejudice.

3                           **ISSUES TO BE DECIDED**

4       1.      Whether Plaintiffs can state a claim for breach of the implied warranty of

5   merchantability when the alleged defect manifested itself after the one-year implied warranty

6   period had expired.

7       2.      Whether Plaintiffs can state a claim under the "unlawful," "unfair," or "fraudulent"

8   prongs of the UCL, where the claim is based on the manifestation of an alleged defect after the

9   expiration of any applicable implied warranties, and where the computer operated as represented

10  during the life of all applicable warranties.

11      3.      Whether Plaintiffs have pleaded their claim under the "unfair" or "fraudulent"

12  prongs of the UCL with the specificity required by Federal Rule of Civil Procedure 9(b).

13      4.      Whether Plaintiffs can state a claim for unjust enrichment, when no such claim

14  exists in California and when Plaintiffs' computers functioned as warranted during any applicable

15  warranty period.

16                          **FACTUAL BACKGROUND**

17      As this Court has recognized, Apple's PowerBook G4 models came with a one-year

18  limited express warranty, which limits the duration of any implied warranties to the duration of

19  the express warranty.  (Declaration of Alexei Klestoff in support of Apple's Motion to Dismiss

20  First Amended Complaint, Docket No. 40, ¶ 2, Ex. A ("Apple Warranty"), Docket No. 40-2.)[3]

21      The SAC makes the same allegations regarding Reuben Berenblat's, Andrew Personette's,

22  Earl Simpson's, and Laura Miller's computers as the FAC.  (*Compare* FAC ¶¶ 31-47 *with* SAC

23  ¶¶ 49-65.)  The allegations establish that these Plaintiffs' computers functioned properly long

24  after the implied warranty period had expired.

25          _____
            [3] In its August 21, 2009 Order Granting (Apple's) Motions to Dismiss with Leave to
26  Amend, the Court granted Apple's request for judicial notice of its express warranty because the
    FAC referenced the warranty and two of the Plaintiffs exercised their rights under the warranty.
27  *Berenblat v. Apple, Inc.*, Nos. 08-4969, 09-1649, 2009 U.S. Dist. LEXIS 80734, at *2 n.3 (N.D.
    Cal. Aug. 21, 2009).  The SAC also references the warranty, and three of the Plaintiffs exercised
28  their rights under the warranty.  (SAC ¶¶ 25, 40-42, 53, 62-67, 72-73, 88, 97.)

The SAC adds two new Plaintiffs.  The allegations regarding these Plaintiffs also demonstrate that their computers functioned properly throughout the warranty period and well beyond.  Plaintiff Thomas Wagner, a North Carolina resident, allegedly purchased a PowerBook G4 in the summer of 2005.  (SAC ¶¶ 15, 66.)  He purchased an APP with his computer.  (*Id.* ¶ 66.)[4]  He alleges that at unspecified times, his computer "appeared sluggish."  (*Id.* ¶ 67.)  He did not make a claim under the warranty for this sluggishness, however.  He then alleges that three-and-a-half years after his purchase, in January 2009, he learned that his computer was only recognizing 1 GB of RAM and that his memory slot was allegedly defective.  (*Id.* ¶¶ 68-69.)

Plaintiff Scott Meyer, a South Dakota resident, allegedly purchased a PowerBook G4 in June 2005.  (*Id.* ¶¶ 16, 72.)  He also purchased an APP with his computer.  (*Id.* ¶ 72.)  He alleges that more than three years later, in December 2008, he learned that his computer was not recognizing the memory card in the lower memory slot of his computer and that it was allegedly defective.  (*Id.* ¶ 73.)

Plaintiffs have filed the present complaint on behalf of themselves and a putative class of PowerBook G4 purchasers.  As in the FAC, they allege claims for breach of implied warranty, violation of the UCL, and unjust enrichment.  (SAC ¶¶ 85-105.)  They seek reimbursement of expenses incurred to repair defective memory slots, restitution, damages representing the difference in value of the allegedly defective PowerBooks purchased and the value the computers would have had if they had been as warranted, and disgorgement of profits.  (*Id.* ¶¶ 6, 91, 98, 105.)

---

[4] As stated in Apple's previous Motion to Dismiss, the APP is a service contract that provides customers with coverage for repairs for an additional two years after the expiration of the express warranty.  (*See* Memorandum of Points and Authorities in Support of Apple's Motion to Dismiss the First Amended Complaint, at 3:3-5, Docket No. 39; Declaration of Alexei Klestoff in Support of Motion to Dismiss Second Amended Complaint ("Klestoff Decl."), Ex. A.)  The APP is a proper subject of judicial notice because it is referenced in the SAC.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *Berenblat*, 2009 U.S. Dist. LEXIS 80734, at *2 n.3; *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1103 (N.D. Cal. 2007).  The Court discussed the APP in its Order granting Apple's previous motion to dismiss.  *Berenblat*, 2009 U.S. Dist. LEXIS 80734, at *3.

**ARGUMENT**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate enough facts to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008); *Long v. Hewlett-Packard Co.*, No. C-06-02816 JW, 2007 U.S. Dist. LEXIS 79262, at *7 (N.D. Cal. July 27, 2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

The complaint must allege facts which, when taken as true, raise more than a speculative right to relief. *Twombly*, 550 U.S. at 555. The facts must "nudge[] [the] claims across the line from conceivable to plausible." *Id.* at 570. The Court need not accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Transphase Sys., Inc. v. S. Cal. Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993).

In addition, Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Rule 9(b), conclusory allegations of fraud are insufficient. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9(b)'s heightened pleading requirement applies to allegations of fraud and allegations that sound in fraud, including false representations or omissions. *Id.* at 1106-07. It also applies to claims under the UCL when such claims are based on allegations of fraudulent conduct. *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009); *Berenblat*, 2009 U.S. Dist. LEXIS 80734, at *17 n.6. The "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and quotations omitted). To meet this standard, a complaint must provide the time, place, and content of the alleged

1    fraudulent representation or omission — the "who, what, when, where, and how" — as well as

2    the circumstances indicating fraudulent conduct.  *See Vess*, 317 F.3d at 1106.

3         All of Plaintiffs' claims fail as a matter of law and should be dismissed in their entirety.

4    **I.    PLAINTIFFS HAVE AGAIN FAILED TO PLEAD AN IMPLIED**
     **WARRANTY CLAIM**
5

6         Plaintiffs have failed to remedy the defects in their implied warranty claim.  As in their

7    previous complaint, Plaintiffs' implied warranty claim fails because the SAC's allegations

8    establish that Plaintiffs' computers performed without any issues long after any implied

9    warranties had expired.

10        Apple's express warranty limits the duration of implied warranties to the duration of the

11   one-year express warranty.  (*See* Apple Warranty, Docket No 40-2.)  As the Court recognized in

12   its Order granting Apple's previous motion to dismiss, this is fully consistent with applicable law.

13   *Berenblat*, 2009 U.S. Dist. LEXIS 80734, at *13 ("the limitation on the implied warranty appears

14   to comply with the requirements of Cal. Com. Code § 2316"); *see also Hovsepian v. Apple, Inc.*,

15   Nos. 08-5788, 09-1064, 2009 U.S. Dist. LEXIS 80868, at *24 (N.D. Cal. Aug. 21, 2009)

16   ("manufacturers may impose limitations on implied warranties"); Magnuson-Moss Warranty Act,

17   15 U.S.C. § 2308(b) ("implied warranties may be limited in duration to the duration of a written

18   warranty of reasonable duration").  Thus, any implied warranty of merchantability was limited to

19   one year.

20        Plaintiffs are bound by the express warranty's limitation of implied warranties, and their

21   computers allegedly malfunctioned long after the implied warranty had expired.  Accordingly,

22   their implied warranty claim is meritless.

23        **A.    Plaintiffs Are Bound by the Terms of the Limited Warranty.**

24        Plaintiffs once again attempt to avoid the express warranty by contending that it is

25   "ineffective."  (SAC ¶ 41.)  To support this contention in the FAC, Plaintiffs alleged that Apple's

26   limitation of warranties is ineffective because "it is not delivered to consumers in advance of their

27   purchases, consumers are not permitted to negotiate the terms, and the terms of the limited

28   warranty unreasonably favor Apple."  (FAC ¶ 25.)  The FAC further alleged that "[t]he

1   unconscionability of Apple's purported limitation of warranties is compounded by Apple's

2   knowledge that it manufactured defective computers, yet continued to sell them without

3   correcting the defects." (*Id.*)  The Court found that these allegations were insufficient to support

4   an exception to "an otherwise binding contractual agreement." *Berenblat*, 2009 U.S. Dist. LEXIS

5   80734, at *13; *see also Hovsepian*, 2009 U.S. Dist. LEXIS 80868, at *24 (plaintiff's allegation

6   that Apple's express warranty's limitation of implied warranties is "unreasonable,

7   unconscionable, and void" was insufficient to overcome the presumption of validity of the

8   warranty).

9         The SAC fails to remedy this defect.  It contains the same allegations as the FAC; the only

10   new allegation is that customers received the warranty in the product packaging.  (SAC ¶ 41.)  But

11   this adds nothing of significance to the allegations already contained in the FAC that customers

12   did not receive the warranty pre-sale and were not able to bargain regarding its terms, allegations

13   that the Court already has found insufficient.[5]  Fatally, Plaintiffs still do not plead — and it is now

14   clear they cannot plead — that *they* did not receive pre-sale notice of the warranty.  Plaintiffs'

15   allegations do not rebut the presumption of validity of the warranty.  *See Hovsepian*, 2009 U.S.

16   Dist. LEXIS 80868, at *24 (Apple's express warranty is presumptively valid).

17                    **1.      Plaintiffs Have Not Pleaded Their Lack of Pre-Sale Notice or
                              Awareness of Apple's Express Warranty.**
18

19         The SAC's allegations regarding lack of pre-sale notice are fatally defective.  As in the

20   FAC, Plaintiffs do not plead that *they* lacked notice or awareness of the express warranty.  This

21   defect was squarely raised by Apple's previous motion, yet Plaintiffs have not attempted to

22   remedy it.  *See* Apple's Reply in Support of its Motion to Dismiss, at 6:16-18 ("None of the

23   plaintiffs plead that they in fact failed to receive notice of Apple's express warranty"); *Berenblat*,

24   2009 U.S. Dist. LEXIS 80734, at *13 ("the Berenblat FAC is devoid of factual allegations that

25

26   _____

27         [5] Nor does the fact that the warranty was contained in the product packaging establish, as
     Plaintiffs contend, that the warranty was not available pre-sale.  If this case progresses past the
     pleading stage, discovery will show that Apple's warranty was also available on Apple's website
28   and upon request prior to sale.

1    would support an exception to an otherwise binding contractual agreement").  It is now apparent

2    that Plaintiffs cannot do so.

3          Moreover, three of the six Plaintiffs exercised their rights under the express warranty,

4    demonstrating that they were aware of the warranty and its terms.  (SAC ¶ 53 (alleging that Apple

5    replaced Personette's computer in 2005), ¶ 62 (alleging that Apple replaced Miller's motherboard

6    in 2006), ¶ 67 (alleging that Apple repaired other problems with Wagner's computer).)  In

7    addition, a party who accepts the benefits of a contract cannot deny its validity.  *Cal. Packing*

8    *Corp. v. Sun-Maid Raisin Growers*, 81 F.2d 674, 678 (9th Cir. 1936) (where party accepted

9    benefits of the contract, it ratified the contract); *Fairlane Estates, Inc. v. Carrico Constr. Co*., 228

10   Cal. App. 2d 65, 70 (1964) (acceptance of the benefits of the contract was a ratification that cured

11   any defect in the execution of the contract); *see also Larson v. Speetjens*, No. C 05-3176 SBA, 2006

12   U.S. Dist. LEXIS 66459, at *14 (N.D. Cal. Sept. 1, 2006) ("A party should not be allowed to claim

13   the benefit of the contract and simultaneously avoid its burdens.").

14         Further, four of the six Plaintiffs purchased an APP that provided them with coverage for

15   repairs for an additional two years after their express warranty expired.  (*See* SAC ¶ 53

16   (Personette), ¶ 63 (Miller), ¶ 66 (Wagner), ¶ 72 (Meyer).)  The APP contract explicitly discusses

17   the express warranty:  "Your coverage for defects begins on the date your Covered Equipment's

18   Apple hardware warranty expires."  (Klestoff Decl. Ex. A at 1.c.)  Plaintiffs would have no reason

19   to purchase an APP unless they were aware of the express warranty and knew that it was limited

20   to one year.  For this reason as well, Plaintiffs cannot plausibly argue that they were unaware of

21   the warranty.

### 2.    The Alleged Inability to Negotiate Regarding the Warranty's Terms Does Not Invalidate It.

24         Plaintiffs also contend that because consumers cannot negotiate regarding the express

25   warranty's limitation of implied warranties, it is a "classic" contract of adhesion and is thus

26   "ineffective."  (SAC ¶¶ 41-42.)  This contention proves too much.  If the fact that a warranty is

27   adhesive sufficed to render the warranty limitations unenforceable, *no* manufacturer's warranty

28   could be enforced.  That is not the law.  The mere fact that a contract is adhesive does not render

1   it unenforceable unless its terms are otherwise vague, ambiguous, or unconscionable.  That is not

2   the case here.

3        "Adhesion contracts are not *per se* unenforceable, they are valid and will be enforced

4   where they are reasonably certain and do not contain unconscionable terms."  *Stockton Metro.*

5   *Transit Dist. v. Amalgamated Transit Union*, 132 Cal. App. 3d 203, 214 (1983)  *Gamer v. duPont*

6   *Glore Forgan, Inc.*, 65 Cal. App. 3d 280, 286 (1976) (adhesion contracts are "valid and enforced

7   according to their terms unless they are ambiguous . . . It requires more than a showing that a

8   contract was on a printed form prepared by one of the parties to make it invalid as a contract of

9   adhesion.").[6]  The SAC contains no allegations that Apple's express warranty is uncertain or

10  ambiguous.

11       Nor is the limitation of implied warranties to one year unconscionable; indeed, the

12  California Legislature has expressly approved such a limitation.[7]  *See* Apple's Reply in Support

13  of Apple's Motion to Dismiss at 7:4-8, Docket No. 51; *Wilson v. Hewlett-Packard Co.*, No. C-09-

14  2253 RMW, 2009 U.S. Dist. LEXIS 92692, at *4 (N.D. Cal. Sept. 17, 2009) ("Limitations on

15  warranties [are] authorized by the California Uniform Commercial Code § 2316 and have been

16  routinely upheld."); *see also Tietsworth v. Sears, Roebuck & Co.*, C 09-00288, 2009 U.S. Dist.

17  LEXIS 98532, at *29-32 (N.D. Cal. Oct. 13, 2009) (rejecting argument that one-year warranty

18  limitation was unconscionable because defendants limited the warranties and actively concealed a

19  known defect).  The SAC adds no allegations to demonstrate otherwise.

20       Accordingly, the express warranty properly limited the duration of any implied warranties

21  to one year, and Plaintiffs are bound by those terms.

22

23

---

24       [6] *See also 24 Hour Fitness, Inc. v. Super. Ct.*, 66 Cal. App. 4th 1199, 1213 (1998)
(rejecting plaintiff's attempt to invalidate arbitration clause by arguing that the contract was one
25  of adhesion); *cf. Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-595 (1991) (a non-
negotiated forum selection clause included in a form contract may be enforced even if it was not
26  the subject of bargaining).

27       [7] In addition, Plaintiffs had the right to return their computers and purchase a computer
from another manufacturer if they did want to be bound by Apple's warranty.  There are no
28  allegations in the SAC to the contrary.

**B.    Because Any Alleged Defects Manifested Themselves After the Expiration of any Implied Warranties, Plaintiffs' Claims Are Barred.**

As was true of the FAC, the SAC makes plain that the Plaintiffs' alleged defects manifested themselves more than a year after Plaintiffs purchased their PowerBooks:

- Reuben Berenblat purchased his computer on July 12, 2005, and the alleged defect manifested itself over three years later, in September 2008. (SAC ¶¶ 49-50.)

- Andrew Personette purchased his computer in 2005, and the alleged defect manifested itself two years later, in 2007. (*Id.* ¶¶ 53-54.)

- Earl Simpson purchased his computer on August 20, 2005, and the alleged defect manifested itself over three years later, on October 12, 2008. (*Id.* ¶¶ 57-58.)

- Laura Miller purchased her computer in early 2006, and the alleged defect manifested itself over three years later, in early 2009. (*Id.* ¶¶ 61-64; Klestoff Decl., Ex. A.)

- Thomas Wagner purchased his computer in the summer of 2005, and the alleged defect manifested itself approximately three-and-a-half years later, in January 2009. (SAC ¶¶ 66, 68.)

- Scott Meyer purchased his computer in June 2005, and the alleged defect manifested itself approximately three years later, in 2008. (*Id.* ¶¶ 72-73.)

Thus, the alleged defects manifested themselves long after any implied warranties had expired. As this and numerous other courts have held, a plaintiff has no implied warranty claim for alleged defects that manifest themselves after the warranty period has expired. *Berenblat,* 2009 U.S. Dist. LEXIS 80734, at *13; *Hovsepian*, 2009 U.S. Dist. LEXIS 80868, at *24 (dismissing implied warranty claim where Apple product allegedly failed outside of the one-year implied warranty period); *Atkinson v. Elk Corp. of Tex.,* 142 Cal. App. 4th 212, 227-32 (2006) (implied warranty of merchantability claim was barred as a matter of law because the defect manifested itself after expiration of one-year implied warranty period); *Andrews v. Kern's TV & Appliance, Inc.*, 2000 Ohio 1752, at *11 (Ohio Ct. App. 2000) (no breach of implied warranties where problems with product occurred after warranties had expired); *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, Nos. 96-3125, 96-1814, 1999 U.S. Dist. LEXIS 22891, at *5-6 (D.N.J. July 27, 1999) (same); *Holman Motor Co. v. Evans*, 314 S.E.2d 453, 455 (Ga. Ct. App. 1984) (same); *see also Daugherty*, 144 Cal. App. 4th at 830 (express warranty claim barred as a

1    matter of law because malfunction occurred after expiration of the warranty); *Clemens*, 534 F.3d

2    at 1023 (same); *Long*, 2007 U.S. Dist. LEXIS 79262, at *10-11 (same).[8]

3          Plaintiffs' implied warranty claim accordingly fails.  Plaintiffs have had three chances to

4    sufficiently plead an implied warranty claim, and have failed to do so.  Accordingly, the claim

5    should be dismissed with prejudice.

6    **II.     PLAINTIFFS HAVE FAILED TO REMEDY THE DEFECTS IN THEIR
             UCL CLAIM**

7

8          As with their implied warranty claim, Plaintiffs have failed to remedy the defects in their

9    UCL claim.  Like the FAC, the SAC alleges a UCL claim under the "unlawful" and "unfair"

10   prongs.  (SAC ¶¶ 86-89.)  It also adds a UCL claim under the "fraudulent" prong.  (FAC ¶ 88.)

11   Their claim fails under all three prongs.

12         **A.      Plaintiffs Have Failed to State a Claim Under the "Unlawful" Prong of
                   the UCL.**

13

14         Plaintiffs' UCL claim under the "unlawful" prong in the SAC fails for the same reason it

15   failed in the FAC.  In its Order dismissing the FAC, the Court held that Plaintiffs' UCL claim

16   under the "unlawful" prong failed because their other claims failed, and because Plaintiffs had not

17   pleaded any other common law claims such as negligence.[9]  *Berenblat*, 2009 U.S. Dist. LEXIS

18   80734, at *16-17.  Plaintiffs have added no allegations in the SAC that address these defects, and

19   as stated above, Plaintiffs' implied warranty claim still fails.  Accordingly, Plaintiffs' UCL claim

20   under the "unlawful" prong is baseless.

21

22

23

24         [8] The SAC makes a vague allegation that plaintiff Wagner's computer "appeared
     sluggish" at unspecified times.  (SAC ¶ 67.)  But this allegation is irrelevant, since Wagner never
25   made a claim during the one-year period as required by the express warranty.  (*See* Apple
     Warranty (stating that "[i]f a hardware defect arises *and a valid claim is received* within the
26   Warranty period" Apple will repair the defect, replace the product, or refund the purchase price)
     (emphasis added), Docket No. 40-2.)

27         [9] In fact, Plaintiffs are foreclosed from asserting a negligence claim, because they pleaded
     negligence in their first complaint, but abandoned it in the FAC.  *London*, 644 F.2d at 814 (claims
28   in the original complaint that are not realleged in an amended complaint are waived).

**B.      Plaintiffs Have Failed to State a Claim Under the "Unfair" Prong of the UCL.**

Plaintiffs' UCL claim under the "unfair" prong is similarly meritless.  The only new UCL allegations in the SAC are as follows:

> As also described herein, Defendant failed to repair or replace the defective laptops purchased by its customers when they were brought in for repair as per their one-year warranty or Apple Care extended protection.  Apple engaged in an unfair and fraudulent business practice in not informing their customers about the defect until after their warranty protections lapsed.

(SAC ¶ 88.)  These allegations are deliberately ambiguous.  To the extent these allegations can be read to allege that Apple refused to repair computers that were within the express warranty period or were still covered by AppleCare, the SAC itself demonstrates that they are false.  Three of the Plaintiffs *did* obtain service within the warranty period.  (*See* SAC ¶ 53 (alleging that Apple replaced Personette's computer in 2005), ¶ 62 (alleging that Apple replaced Miller's motherboard in 2006), ¶ 67 (alleging that Apple repaired other problems with Wagner's computer).)  Similarly, *none* of the Plaintiffs alleges that he or she made a warranty claim and was refused service within the warranty or APP period.  *See Tietsworth*, 2009 U.S. Dist. LEXIS, at *15 (plaintiffs could not pursue claims based on safety defects that they had not experienced).  Finally, the allegations are wholly conclusory and fail to meet the *Iqbal/Twombly* pleading standard.

Alternatively, Plaintiffs may mean to allege that Apple should have repaired the memory slots of computers that were tendered for repair for *other* issues during the warranty period, even though there was *no* memory malfunction.  However, there is no legal requirement that a manufacturer repair a component that has not malfunctioned.  Plaintiffs admit as much when they do not include these allegations as part of their warranty claims.  To suggest that failing to repair a component that is functioning properly is somehow "unfair" is absurd.

The real core of these allegations is nothing new.  It is the same "unfairness" alleged in the prior complaints:  that Apple did not inform customers of the alleged defect during the warranty period.  These allegations fail under the holdings of this Court, the Ninth Circuit, and *Daugherty*:

1

2

3

> [T]he failure to disclose a defect that might, or might not, shorten the effective life span of [a product] that functions precisely as warranted throughout the term of its express warranty cannot be characterized as causing a substantial injury to consumers, and accordingly cannot constitute an unfair practice under the UCL.

4    *Berenblat*, 2009 U.S. Dist. LEXIS 80734, at *17 (quoting *Clemens*, 534 F.3d at 1026-27);

5    *Daugherty*, 144 Cal. App. 4th at 839.

6         Plaintiffs' UCL claim under the "unfairness" prong also must be dismissed for the

7    additional reason that it fails to meet the pleading requirements of Rule 9(b).  The only

8    "unfairness" Plaintiffs point to was Apple's supposed concealment of the alleged defect, but they

9    completely fail to plead the specific circumstances of this concealment.  "Generalized

10   allegations" regarding active concealment are insufficient to meet the Rule 9(b) standard.  *See*

11   *Hovsepian*, 2009 U.S. Dist. LEXIS 80868 at *9, 14.  Plaintiffs' UCL claim under the "unfairness"

12   prong fails.

13           **C.**    **Plaintiffs Have Failed to State a Claim Under the "Fraudulent" Prong of the UCL.**

14

15        Plaintiffs' UCL claim under the "fraudulent" prong also fails.  To support this claim,

16   Plaintiffs allege that Apple's failure to inform customers about the defect until after their

17   warranty protections lapsed is a fraudulent business practice.  (SAC ¶ 88.)  But this is exactly

18   what Plaintiffs alleged in the *Vail* complaint, and what the Court held insufficient: "Vail has not

19   pled a claim based on any fraudulent omission or unfairness to consumers because the memory

20   slots appear to have functioned throughout the term of the express warranty."  *Berenblat*, 2009

21   U.S. Dist. LEXIS 80734, at *23 (citing *Clemens*, 534 F.3d at 1026-27).  *Daugherty* similarly held

22   that where a product functions properly for the length of applicable warranties, a plaintiff has no

23   claim under the "fraudulent" prong of the UCL.  *Daugherty,* 144 Cal. App. 4th at 838; *see also*

24   *Hoey*, 515 F. Supp. 2d at 1106 (dismissing CLRA and fraudulent concealment claims, stating

25   "plaintiffs must allege more than the existence of a warranty and a defect occurring outside the

26   warranty period to survive a motion to dismiss"); *Tietsworth*, 2009 U.S. Dist. LEXIS, at *25

27

28

1   (mere failure to disclose a latent defect does not constitute a fraudulent business practice under

2   the UCL).[10]

3      Finally, to the extent Plaintiffs allege affirmative misrepresentations under the UCL, the

4   claim is also meritless.  First, the SAC fails to allege any actionable statements by Apple.  The

5   only representation by Apple alleged in the SAC is that that the PowerBook G4 could support 2

6   GB of memory.  (SAC ¶ 26.)  But this Court has already held that this representation is not

7   sufficient.  *Berenblat*, U.S. Dist. LEXIS 80734, at *20 ("Vail must allege something more than

8   the bare fact that Apple stated that the PowerBook could support 2 GB of memory.").  Second,

9   Plaintiffs do not even attempt to satisfy the requirements of Rule 9(b).  The SAC does not so

10  much as hint at, let alone adequately plead, where, when, how, or even if *Plaintiffs* were exposed

11  to the alleged misrepresentation.  *See Kearns*, 567 F.3d at 1126 (complaint for violations of UCL

12  and CLRA failed to satisfy Rule 9(b) because it failed to allege when plaintiff was exposed to the

13  alleged misrepresentations and which ones he relied on or found material).  Plaintiffs' UCL claim

14  under the "fraudulent" prong fails.

15     The SAC's failure to remedy any of the defects that led to dismissal of the UCL claim in

16  the FAC demonstrates that any further amendment would be futile.  Accordingly, Plaintiffs' UCL

17  claim should be dismissed with prejudice.

18  **III.    PLAINTIFFS HAVE MADE NO AMENDMENTS TO THEIR
            PREVIOUSLY DEFECTIVE UNJUST ENRICHMENT CLAIM**

19

20     The SAC's unjust enrichment allegations are identical to those in the FAC, making the

21  claim as fatally defective as it was in the FAC.  First, "[t]here is no cause of action in California

22  for unjust enrichment."  *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 794 (2003)

23  (affirming trial court's dismissal of "unjust enrichment" claim on the ground that California law

24  does not recognize such a cause of action).  "Under California law, a claim for unjust enrichment

25  cannot stand alone as an independent claim for relief."  *Tietsworth*, 2009 U.S. Dist. LEXIS

26  _____

27      [10] The fraudulent omission claim also fails to satisfy Rule 9(b), because it fails to allege
    the circumstances of Apple's alleged omission with specificity.  *See Hovsepian*, 2009 U.S. Dist.
    LEXIS 80868, at *9 ("Generalized allegations" regarding fraudulent omissions are insufficient to

28  meet the Rule 9(b) standard).

1    98532, at *42-43 (citing *Jogani v. Super. Ct.*, 165 Cal. App. 4th 901, 911 (2008)).  Because

2    Plaintiffs' other claims fail, their unjust enrichment claim fails as well.  *See Oestreicher v.*

3    *Alienware Corp*, 544 F. Supp. 2d 964, 975 (N.D. Cal. 2008); *Hoey*, 515 F. Supp. 2d at 1106.

4         Second, even if it could be pleaded as an independent cause of action, Plaintiffs' unjust

5    enrichment claim is without merit.  Because Plaintiffs' computers functioned exactly as warranted

6    during any applicable warranty period, none of Apple's alleged actions were unjust or

7    inequitable.  *Cf. Daugherty*, 144 Cal. App. 4th at 839 ("[T]he failure to disclose a defect that

8    might, or might not, shorten the effective life span of an automobile part that functions precisely

9    as warranted throughout the term of its express warranty cannot be characterized as causing a

10   substantial injury to consumers, and accordingly does not constitute an unfair practice under the

11   UCL.").  All Plaintiffs could expect was that their computers would function properly for the

12   duration of any applicable warranties, and that expectation was met here.  *See id.* at 838 (absent a

13   manufacturer representation as to the life span of the part in question, the only expectation that

14   purchaser could have had was that the product would function properly for the duration of the

15   express warranty); *Long*, 2007 U.S. Dist. LEXIS 79262, at *23-24 (same) (citing *Daugherty*, 144

16   Cal. App. 4th at 838).

17        Plaintiffs have not even attempted to remedy the defects that led to previous dismissal of

18   their unjust enrichment claim.  Accordingly, that claim should be dismissed with prejudice.

19                                        **CONCLUSION**

20        As was true in their prior two complaints, Plaintiffs do not dispute that their computers

21   functioned properly for the term of all applicable warranties.  Nor do Plaintiffs deny that *they*

22   were fully aware of the durational limitation of all applicable warranties, despite repeated

23   invitations to do so.  Enough is enough.  Plaintiffs' claims are barred by *Daugherty* and by the

24   decisions of this Court.  For the reasons stated herein, Plaintiffs' Second Amended Complaint

25   should be dismissed with prejudice.

26

27

28

1

Dated: November 5, 2009

PENELOPE A. PREOVOLOS
ANDREW D. MUHLBACH
ALEXEI KLESTOFF
MORRISON & FOERSTER LLP

2

3

4

By:   /s/ Penelope A. Preovolos
Penelope A. Preovolos

5

Attorneys for Defendant
APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28