| | |
|---|---|
| 1 | PENELOPE A. PREOVOLOS (CA SBN 87607) (PPrevolos@mofo.com) |
| 2 | ANDREW D. MUHLBACH (CA SBN 175694) (AMuhlbach@mofo.com) |
| 3 | ALEXEI KLESTOFF (CA SBN 224016) (AKlestoff@mofo.com) |
| 4 | MORRISON & FOERSTER LLP<br>425 Market Street |
| 5 | San Francisco, California 94105-2482<br>Telephone: 415.268.7000 |
| 6 | Facsimile: 415.268.7522 |
| 7 | Attorneys for Defendant<br>APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

REUBEN BERENBLAT, ANDREW PERSONETTE, EARL C. SIMPSON, LAURA MILLER, On behalf of themselves and all others similarly situated,

              Plaintiffs,

  v.

APPLE INC.,

              Defendant.

THOMAS WAGNER, SCOTT MEYERS, On behalf of themselves and all others similarly situated,

              Plaintiffs,

  v.

APPLE INC.,

              Defendant.

Case No. C-08-04969 JF
Case No. C-09-01649 JF

**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Date: February 5, 2010
Time: 9:00 a.m.
Courtroom: 3

APPLE'S REPLY ISO MOTION TO DISMISS SAC
CASE NOS. C-08-04969 JF, C-09-01649 JF
sf-2783032

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 2

I. PLAINTIFFS' IMPLIED WARRANTY CLAIMS FAIL ............................................... 2

    A. Because Plaintiffs' Computers Functioned Properly for the Entire One-Year Implied Warranty Period, Plaintiffs' Implied Warranty Claims Are Barred. ........................................................................................... 2

    B. Plaintiffs Are Bound by the Express Warranty's Limitation on Implied Warranties. ................................................................................................. 3

II. PLAINTIFFS CANNOT STATE A CLAIM UNDER ANY OF THE THREE PRONGS OF THE UCL ................................................................................... 6

    A. Plaintiffs Have Failed to State a Claim Under the UCL's "Unlawful" Prong. ........................................................................................ 6

    B. Plaintiffs Have Failed to State a Claim Under the UCL's "Fraudulent" Prong. ..................................................................................... 6

        1. Apple's Actions Were Not Fraudulent. ......................................................... 7

        2. Plaintiffs Have Failed to Meet Rule 9(b)'s Requirements. ....................... 8

    C. Plaintiffs Fail to Allege Conduct That Was "Unfair." ........................................ 10

        1. There Was Nothing Unfair About Apple's Actions. .............................. 10

        2. Plaintiffs Have Failed to Meet Rule 9(b)'s Requirements. ..................... 10

III. PLAINTIFFS CANNOT STATE A CLAIM FOR UNJUST ENRICHMENT ............................................................................................................ 11

CONCLUSION .................................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aral v. EarthLink, Inc.*,
  134 Cal. App. 4th 544 (2005) ................................................................................................... 5

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ........................................................................................................ 7, 9

*Berenblat v. Apple, Inc.*,
  Nos. 08-4969 JF (PVT), 09-1649 JF (PVT),
  2009 U.S. Dist. LEXIS 80734 (N.D. Cal. Aug. 21, 2009) ............................................... passim

*Bussian v. DaimlerChrysler Corp.*,
  411 F. Supp. 2d 614 (M.D.N.C. 2006) ..................................................................................... 5

*Carlson v. Gen'l Motors Corp.*,
  883 F.2d 287 (4th Cir. 1989) .................................................................................................. 5

*Cooper v. Pickett*,
  137 F.3d 616 (9th Cir. 1997) .................................................................................................. 9

*Cooper v. Samsung Electronics Amer., Inc.*,
  No. 07-3853 (JLL), 2008 WL 4513924 (D.N.J. Sept. 30, 2005) ............................................. 5

*Gonzalez v. PepsiCo, Inc.*,
  489 F. Supp. 2d 1233 (D. Kan. 2007) ..................................................................................... 9

*Gruen v. EdFund*,
  No. C09-00644 JSW, 2009 WL 2136785 (N.D. Cal. July 15, 2009) .................................... 11

*Harper v. LG Electronics USA, Inc.*,
  595 F. Supp. 2d 486 (D.N.J. 2009) ......................................................................................... 9

*Harrison v. Westinghouse Savannah River Co.*,
  176 F.3d 776 (4th Cir. 1999) .................................................................................................. 9

*Hovsepian v. Apple, Inc.*,
  Nos. 08-5788 JF (PVT), 09-1064 JF (PVT), 2009 U.S. Dist. LEXIS 80868 (N.D. Cal.
  Aug. 21, 2009) ............................................................................................................ 2, 3, 10, 11

*Hovsepian v. Apple, Inc.*,
  No. 08-5788 JF (PVT), 2009 U.S. Dist. LEXIS 117562 (N.D. Cal. Dec. 17, 2009) ....... passim

*In re Mattel*,
  588 F. Supp. 2d 1111 (C.D. Cal. 2008) ................................................................................ 11

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) .............................................................................................. 9, 11

*Laster v. AT&T Mobility, Inc.*,
    584 F.3d 849 (9th Cir. 2009) ........................................................................................................ 5

*McGlinchy v. Shell Chem. Co.*,
    845 F.2d 802 (9th Cir. 1988) ........................................................................................................ 7

*Mexia v. Rinker Boat Co., Inc.*,
    174 Cal. App. 4th 1297 (2009) ..................................................................................................... 3

*Morgan v. AT&T Wireless Servs., Inc.*,
    177 Cal. App. 4th 1235 (2009) ..................................................................................................... 8

*Nagrampa v. MailCoups, Inc.*,
    469 F.3d 1257 (9th Cir. 2006) .................................................................................................. 5, 6

*Oestreicher v. Alienware Corp.*,
    544 F. Supp. 2d 964 (N.D. Cal. 2008) ....................................................................................... 10

*Olvera v. El Pollo Loco, Inc.*,
    173 Cal. App. 4th 447 (2009) ....................................................................................................... 5

*Parada v. Super. Ct.*,
    176 Cal. App. 4th 1554 (2009) ................................................................................................. 5, 6

*SEC v. Yuen*,
    221 F.R.D. 631 (C.D. Cal. 2004) ................................................................................................. 9

*Tietsworth v. Sears, Roebuck, & Co.*,
    2009 U.S. Dist. LEXIS 40872 (N.D. Cal. May 14, 2009) ......................................................... 10

*Tietsworth v. Sears, Roebuck & Co.*,
    2009 U.S. Dist. LEXIS 98532 (N.D. Cal. Oct. 13, 2009) ...................................................passim

**RULES**

Fed. R. Civ. P. 9(b) ...........................................................................................................................passim

APPLE'S REPLY ISO MOTION TO DISMISS SAC                                                                                                                    iii
CASE NOS. C-08-04969 JF, C-09-01649 JF
sf-2783032

**INTRODUCTION**

Plaintiffs' opposition ignores this Court's order (the "Order") dismissing the First Amended Complaint ("FAC") and repeats arguments the Court has already rejected. Plaintiffs' Second Amended Complaint ("SAC") fails to remedy the deficiencies identified in the Court's Order. Accordingly, the SAC should be dismissed with prejudice.

This Court has held on numerous occasions that a plaintiff's implied warranty claims are barred where the product functions properly for the length of the warranty. The Order applied that principle here and held that the one-year limitation on implied warranties contained in Apple Inc.'s ("Apple") express warranty barred Plaintiffs' claims. The Order further held that the FAC contained no allegations to support an exception to the express warranty's enforceability.

Plaintiffs repeat their attempt to avoid the express warranty's one-year limitation on implied warranties by arguing lack of pre-sale notice and unconscionability. But the SAC's allegations in this regard are the same as those the Order held insufficient in the FAC. Like the FAC, the SAC alleges generically that "consumers" receive the express warranty only after they purchase the computer, but fails to allege that *Plaintiffs* did not receive pre-sale notice of the warranty. Particularly given that Apple's briefing has repeatedly raised this issue, it is now clear that Plaintiffs *did* receive such notice.

Like the FAC, the SAC alleges that the durational limitation is unconscionable because consumers cannot bargain over the express warranty and because Apple allegedly knew the memory slot was substantially certain to fail during the useful life of the computer. Not only were these allegations already held insufficient in the Order, similar allegations have been rejected in numerous other decisions by this Court and in this District. Plaintiffs are bound by the one-year limitation on implied warranties, and their implied warranty claims are barred.

Plaintiffs' UCL claim should also be dismissed. Plaintiffs cannot establish a claim under the UCL's "unlawful" prong because Plaintiffs have not adequately alleged the requisite underlying violation. For the reasons discussed herein, Plaintiffs' implied warranty claim is barred. Their only other claim – unjust enrichment – is not a stand-alone claim in California.

Plaintiffs' claim under the "unfair" prong of the UCL also fails. The Order rejected Plaintiffs' "unfairness" claim on the ground that the sale of a product that functions properly during the term of the express warranty cannot be characterized as causing a "substantial injury" to consumers. The SAC does not (and clearly cannot) allege that Plaintiffs' computers failed to function properly during the warranty period.

Plaintiffs' claim under the UCL's "fraud" prong must be dismissed because the SAC adds nothing to the allegations the Court previously found insufficient. The Order and numerous other decisions in this District hold that a defendant's alleged knowledge and failure to disclose that a product will ultimately fail – the basis for Plaintiffs' UCL claim here – do not establish "fraudulent" conduct under the UCL. In addition, all of Plaintiffs' UCL claims are based upon an allegedly fraudulent scheme, and must be dismissed because they do not satisfy Rule 9(b).

Finally, Plaintiffs' unjust enrichment claim fails because, as this Court has previously ruled, no such claim exists in the circumstances of this case. Plaintiffs make no new allegations or new arguments to revive this claim.

Plaintiffs have had several chances to properly plead their claims, and their opposition makes it clear that they cannot do so. All of their claims should be dismissed with prejudice.

**ARGUMENT**

**I. PLAINTIFFS' IMPLIED WARRANTY CLAIMS FAIL**

**A. Because Plaintiffs' Computers Functioned Properly for the Entire One-Year Implied Warranty Period, Plaintiffs' Implied Warranty Claims Are Barred.**

This Court has repeatedly held that a plaintiff may not maintain a claim for breach of implied warranty where the product functions properly for the duration of any implied warranties. *Berenblat v. Apple, Inc.*, Nos. 08-4969 JF (PVT), 09-1649 JF (PVT), 2009 U.S. Dist. LEXIS 80734, at *12-13 (N.D. Cal. Aug. 21, 2009); *Hovsepian v. Apple, Inc.*, Nos. 08-5788 JF (PVT), 09-1064 JF (PVT), 2009 U.S. Dist. LEXIS 80868, at *22-24 (N.D. Cal. Aug. 21, 2009) ("*Hovsepian I*"). Here, the Court has already held that Apple's express warranty limited the implied warranty to one year; that Plaintiffs do not dispute that their computers functioned

1  properly for that one-year period; and that Plaintiffs' implied warranty claims accordingly are
2  barred. *Berenblat*, 2009 U.S. Dist. LEXIS 80734, at *12-13.

3  Plaintiffs ignore the Court's holding. They simply repeat – nearly verbatim – the same
4  arguments and cite the same cases they relied on in their opposition to Apple's previous motion to
5  dismiss.¹ (*Compare* Opp. to MTD SAC at 6-8 *with* Pls.' Opp. to Apple Inc.'s Motion to Dismiss
6  (First Amended Complaint) ("Opp. to MTD FAC") at 7-12 (Docket No. 48).) Plaintiffs rely on
7  *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297 (2009), in arguing that their warranty
8  claims cannot be barred because an allegedly latent defect failed to manifest during the warranty
9  period. The Order, however, rejected the argument that *Mexia* enables plaintiffs to avoid the
10 durational bar contained in Apple's express warranty. Moreover, this Court has now rejected
11 *Mexia*'s reasoning. In *Hovsepian I*, the Court found that "the *Mexia* decision appears to be
12 contrary to established California case law," and, in its recent opinion in *Tietsworth*, called the
13 decision an "outlier." *Hovsepian I*, 2009 U.S. Dist LEXIS 80868, at *25 n.7; *Tietsworth v. Sears,*
14 *Roebuck & Co.*, 2009 U.S. Dist. LEXIS 98532, at *37 n.6 (N.D. Cal. Oct. 13, 2009) ("*Tietsworth*
15 *II*").² Neither *Mexia* nor Plaintiffs' other authority can resuscitate their implied warranty claim.

16      **B.   Plaintiffs Are Bound by the Express Warranty's Limitation on
17            Implied Warranties.**

   The Order held that the FAC was "devoid of factual allegations that would support an
18 exception to an otherwise binding contractual agreement." *Berenblat*, 2009 U.S. Dist. LEXIS
19 80734, at *13. The Court thus found that the FAC's allegations regarding lack of pre-sale notice
20 and unconscionability were inadequate. The SAC adds nothing of significance to the allegations
21 this Court has already found insufficient.
22

23

24 ¹ Plaintiffs' only new claim is that Apple "appears to concede" that its products were inherently defective at the time of manufacture. (Pls.' Opp. to Def.'s Motion to Dismiss the Second
25 Amended Complaint ("Opp. to MTD SAC") at 1, 6 (Docket No. 65).) Plaintiffs are wrong. Apple in no way concedes that the PowerBooks were inherently defective at all.
26
   ² Moreover, as established in Apple's Reply in support of its Motion to Dismiss the FAC, *Mexia*
27 is inapplicable because the Song-Beverly Act is not at issue in this case. (*See* Apple Inc.'s Reply in Support of Its Motion to Dismiss (First Amended Complaint) at 4 (Docket No. 51).)
28

APPLE'S REPLY ISO MOTION TO DISMISS SAC                                                       3
CASE NOS. C-08-04969 JF, C-09-01649 JF
sf-2783032

1  Repeating arguments that the Court already rejected, Plaintiffs first contend that
2  consumers only receive the express warranty after they purchase the product. (Opp. to MTD
3  SAC at 9 (citing SAC ¶ 41).) As argued in Apple's motion to dismiss the FAC and in its opening
4  brief here, however, the SAC does not allege that *Plaintiffs* did not receive pre-sale notice of the
5  warranty.[3] Like the SAC, the Opposition does not address this fatal defect; it is now evident that
6  Plaintiffs themselves did receive pre-sale notice. Further, the FAC alleged that consumers did not
7  receive the express warranty before their purchases (FAC ¶ 25), and the Court held that this was
8  insufficient. *Berenblat*, 2009 U.S. Dist. LEXIS 80734, at *13. Nothing has changed.

9  Plaintiffs' unconscionability allegations also do not differ from those that the Court found
10 insufficient in the FAC. As in the FAC, the SAC alleges that consumers cannot negotiate the
11 terms of the warranty. (*Compare* FAC ¶ 25 ("Apple's purported limitation of warranties is
12 ineffective because . . . consumers are not permitted to negotiate the terms") *with* SAC ¶ 42
13 ("consumers have no ability to negotiate the terms of the express warranty, including the
14 limitation of implied warranties").) As in the FAC, the SAC alleges that Apple knew that the
15 memory slots were substantially certain to fail within the useful life of the computers, yet
16 continued to sell them without correcting the defects or warning purchasers. (*Compare* SAC ¶ 43
17 *with* FAC ¶ 25 ("The unconscionability of Apple's purported limitation of warranties is
18 compounded by Apple's knowledge that it manufactured defective computers, yet continued to
19 sell them without correcting the defects.").) Although Plaintiffs now divide their argument to
20 address the two prongs of unconscionability (procedural and substantive), both the argument and
21 the allegations are the same.[4] They should be rejected for the same reasons they were rejected
22 before. *Berenblat*, 2009 U.S. Dist. LEXIS 80734, at *13.

---

[3] Plaintiffs are also precluded from challenging the enforceability of the express warranty because several of them exercised their rights under the warranty, and thus may not deny its validity. (*See* Apple's Motion to Dismiss the SAC ("Mot.") at 8 (citing SAC ¶¶ 53, 62, 67) (Docket No. 59).) Several plaintiffs also purchased an AppleCare Protection Plan ("APP"), which they would have no reason to do unless they were aware of the express warranty and its one-year duration. (*Id.* (citing SAC ¶¶ 53, 63, 66, 72).) Plaintiffs' only response to this is that they "allege that Apple did not make good faith warranty repairs." (Opp. to MTD SAC at 8 n.5.) As established in Apple's opening brief, however, these allegations are conclusory and false. (Mot. at 12.)

[4] Plaintiffs' only "new" argument is that Apple's alleged concealment of the defect in order to further its "secret" plan to discontinue the PowerBook renders the durational limitation

APPLE'S REPLY ISO MOTION TO DISMISS SAC  4
CASE NOS. C-08-04969 JF, C-09-01649 JF
sf-2783032

Moreover, Plaintiffs' authorities do not support their claim of unconscionability. With regard to substantive unconscionability, Plaintiffs largely cite the same cases the Court found unpersuasive in its order dismissing the FAC. (*Compare* Opp. to MTD FAC at 15-16 *with* Opp. to MTD SAC at 10 n.6, 11-12; *Berenblat*, 2009 U.S. Dist. LEXIS 80734, at *13.) The new authorities Plaintiffs cite, *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 622 (M.D.N.C. 2006), and *Cooper v. Samsung Electronics Amer., Inc.*, No. 07-3853 (JLL), 2008 WL 4513924, at *3 (D.N.J. Sept. 30, 2008), do not address California law or the situation where, as here, the Legislature has already approved the durational limitation at issue. Moreover, both cases rely on *Carlson v. Gen'l Motors Corp.*, 883 F.2d 287 (4th Cir. 1989), which Plaintiffs cited in their previous opposition and which did not persuade the Court. (*See* Opp. to MTD FAC at 15; *Berenblat*, 2009 U.S. Dist. LEXIS 80743, at *13.)

With regard to procedural unconscionability, Plaintiffs cite various cases that supposedly establish the implausible proposition that an adhesion contract is *per se* procedurally unconscionable. Not surprisingly, these cases in fact contradict that proposition. *See Parada v. Super. Ct.*, 176 Cal. App. 4th 1554, 1569 (2009) (an adhesion contract is not *per se* procedurally unconscionable; surprise and oppression are also factors that must be considered); *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1281 (9th Cir. 2006) (whether an agreement is adhesive is a "threshold" inquiry; stating, "the California courts have also held that though 'adhesion contracts often are procedurally oppressive, this is not always the case'").[5] The mere fact that a contract is

---

substantively unconscionable. (Opp. to MTD SAC at 12.) However, this Court has held that allegations of concealment are insufficient to establish unconscionability. *Tietsworth II*, 2009 U.S. Dist. LEXIS 98532, at *29-32 (rejecting argument that one-year warranty limitation was unconscionable because defendants limited the warranties and actively concealed a known defect). Moreover, the allegations themselves contradict any claim of concealment – Apple left consumer posts concerning the alleged memory slot failure on its website, including the post *that accused Apple of deleting posts*. (SAC ¶¶ 31-32.)

[5] *Laster v. AT&T Mobility, Inc.*, 584 F.3d 849 (9th Cir. 2009), and *Aral v. EarthLink, Inc.*, 134 Cal. App. 4th 544 (2005), do not assist Plaintiffs either. Both of these cases involved class action waivers in arbitration agreements, the unconscionability of which is analyzed using a test unique to such waivers. *Laster*, 584 F.3d at 854; *Aral*, 134 Cal. App. 4th at 556. *Olvera v. El Pollo Loco, Inc.*, 173 Cal. App. 4th 447, 456 (2009), involved a class action waiver in an arbitration agreement as well. It also involved an employment relationship and misleading explanatory materials accompanying the agreement, *id.* at 455-56, neither of which is present here.

one of adhesion cannot establish procedural unconscionability. Oppression and surprise must also be present, and Plaintiffs have failed to make such a showing here. *See Nagrampa*, 469 F.3d at 1281-84, 1293 (procedural unconscionability was "slight" where the contract was non-negotiable and the defendant had stronger bargaining power, but the plaintiff had the freedom to choose other alternatives); *Parada*, 176 Cal. App. 4th at 1573 (finding "a low to medium degree" of procedural unconscionability where plaintiffs could not bargain over the terms, but the provision was not hidden in the contract and plaintiffs had many other alternatives).

Plaintiffs have pointed to nothing in the SAC's implied warranty claim that is different from the claim in the FAC that the Court dismissed. Thus, Plaintiffs are bound by the express warranty's one-year limitation on the duration of implied warranties. Because there is no dispute that each of Plaintiffs' computers functioned properly for a period well beyond the term of any implied warranties, their implied warranty claim should be dismissed with prejudice.

## II.  PLAINTIFFS CANNOT STATE A CLAIM UNDER ANY OF THE THREE PRONGS OF THE UCL

Plaintiffs' UCL claim should also be dismissed, because Plaintiffs have failed to demonstrate how the SAC states a claim under any of the UCL's three prongs.

### A.  Plaintiffs Have Failed to State a Claim Under the UCL's "Unlawful" Prong.

In dismissing the FAC, this Court held that Plaintiffs' claim under the UCL's unlawful prong failed because their other claims failed. *Berenblat*, 2009 U.S. Dist. LEXIS 80734, at *16-17. That holds true here as well. As demonstrated above, Plaintiffs have failed to establish a breach of implied warranty, and as this Court has ruled on several occasions, unjust enrichment is not a stand-alone claim in California. Thus, Plaintiffs' UCL claim under the "unlawful" prong should be dismissed with prejudice.

### B.  Plaintiffs Have Failed to State a Claim Under the UCL's "Fraudulent" Prong.

Plaintiffs' UCL claim under the "fraudulent" prong also fails. Plaintiffs have not demonstrated how Apple's alleged actions were fraudulent and have failed to meet Rule 9(b)'s requirements.

### 1. Apple's Actions Were Not Fraudulent.

Plaintiffs' claim under the UCL's fraud prong is based on the allegation that Apple had knowledge of the alleged defect and failed to disclose the defect to consumers. (Opp. to MTD SAC at 14 (citing SAC ¶ 87).) This Court has repeatedly held that such allegations are not sufficient. In *Vail*, the Court held that the complaint's allegation that Apple had knowledge of the defect and failed to disclose it was inadequate to state a claim under the UCL. *Berenblat*, 2009 U.S. Dist. LEXIS 80734, at *22-23. Similarly, *Hovsepian II* held that

> knowledge that a product is likely to fail at some point cannot by itself give rise to an actionable claim because "[s]uch knowledge is easily demonstrated by the fact that manufacturers must predict rates of failure of particular parts to price warranties and thus can always be said to 'know' that many parts will fail after the warranty period. A rule that would make failure of a part actionable based on such 'knowledge' would render meaningless time/mileage limitations in warranty coverage."

*Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 U.S. Dist. LEXIS 117562, at *10-11 n.3 (N.D. Cal. Dec. 17, 2009) ("*Hovsepian II*") (quoting *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 972 (N.D. Cal. 2008)); *see also Tietsworth II*, 2009 U.S. Dist. LEXIS 98532, at *25 (a mere failure to disclose a known, latent defect does not constitute a fraudulent business practice).[6] These cases flatly reject Plaintiffs' arguments.

Plaintiffs attempt to counter this authority with a misleading quotation of the Court's statements during the hearing on Apple's motion to dismiss the FAC. (Opp. to MTD SAC at 14.) This attempt fails. The Court was referring to a situation where the manufacturer knows the product will malfunction *during the implied warranty period*. (*Berenblat v. Apple, Inc.* August 14, 2009 Transcript of Proceedings ("*Berenblat* Transcript") at 27-28, CV-08-4969.) Plaintiffs do not – and cannot – allege that Apple knew Plaintiffs' computers would fail during the one-year

---

[6] Plaintiffs also suggest that Apple ignored the defect because it planned to discontinue the PowerBooks. (Opp. to MTD SAC at 14.) This allegation cannot support a UCL claim, and Plaintiffs cite no authority to the contrary. Moreover, the allegation is wholly conclusory and has no factual support in the SAC. Such speculation does not meet the *Iqbal/Twombly* pleading standard. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (a complaint must offer more than "naked assertions devoid of further factual enhancement"); *see also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (on a motion to dismiss, the court need not accept unreasonable inferences or unwarranted deductions of fact).

APPLE'S REPLY ISO MOTION TO DISMISS SAC  7
CASE NOS. C-08-04969 JF, C-09-01649 JF
sf-2783032

implied warranty period. Indeed, Plaintiffs do not dispute that their computers functioned properly during the warranty period.[7]

Plaintiffs have failed to demonstrate that their claim under the "fraudulent" prong of the UCL differs from similar claims that have been repeatedly rejected by this Court. The claim should be dismissed with prejudice.

### 2. Plaintiffs Have Failed to Meet Rule 9(b)'s Requirements.

Plaintiffs' claim under the "fraudulent" prong of the UCL should also be dismissed under Rule 9(b). As this Court has held, generalized allegations of exclusive knowledge and active concealment do not meet Rule 9(b)'s requirements. *Hovsepian II*, 2009 U.S. Dist. LEXIS 117562, at *10; *see also id.* at *8 (allegations that Apple implemented a policy of concealing and denying the defect in public forums and running out the clock on warranties did not satisfy Rule 9(b)); *Tietsworth II*, 2009 U.S. Dist. LEXIS 98532, at *13-14, 21 (allegations that defendant had exclusive knowledge of the defect and actively concealed the defect did not satisfy Rule 9(b)). But such allegations are all that the SAC contains.

Indeed, Plaintiffs rely on the same allegations this Court previously found inadequate in the earlier *Berenblat* and *Vail* complaints. (*Compare* Opp. to MTD SAC at 16 *with* FAC ¶¶ 18, 26-27, 30, 34, 38, 42, 47, *Vail* Class Action Compl. ¶¶ 16, 19, No. 5:09-cv-01649 (Docket No. 1); *see also Vail* Pl.'s Opp. to Def.'s Mot. to Dismiss at 3 n.2, No. 5:09-cv-01649 (Docket No. 28).) During the hearing on Apple's previous motions to dismiss, the Court stated: "I think the way that the authority in the Ninth Circuit is you have to meet the pleading standards of Rule 9(b). And I don't think any of the complaints do." (*See Berenblat* Transcript at 6.)

---

[7] Plaintiffs also rely on *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235 (2009), in an attempt to support their claim. *Morgan* is inapposite. Unlike this case, *Morgan* involved services, not a defective product, and affirmative representations regarding those services. (Opp. to MTD SAC at 14); *Morgan*, 177 Cal. App. 4th at 1243 (after plaintiffs made their phone purchases, AT&T made changes to its network that resulted in degradation of the portion of the network on which the phones operated); *id.* at 1256 (AT&T "touted the improvements it was making to its GSM/GPRS network."). While Plaintiffs claim that Apple promotes a "five year useful life" for computing products in television commercials, this claim is not alleged in the SAC or otherwise, and Plaintiffs provide no specifics about where or when this supposed claim was made. Significantly, Plaintiffs do not suggest that this representation was made contemporaneously with the sale of PowerBooks, or even that Plaintiffs saw such advertisements.

The only new allegations to which Plaintiffs point relate to Apple's partnership with Intel and online posts in 2004.  (Opp. to MTD SAC at 16 (citing SAC ¶¶ 31, 34-38).)  Plaintiffs fail to demonstrate how these allegations add any additional, meaningful detail to the claims alleged in the FAC.  The allegations regarding Intel are unsupported by any facts whatsoever and are exactly the type of speculation that *Iqbal* and *Twombly* found insufficient.  *Iqbal*, 129 S. Ct. at 1949 (a complaint must offer more than "naked assertions devoid of further factual enhancement").  The online posts are merely hearsay statements by online message board users, misleadingly cited to support the claim that Apple misinformed users regarding the problem.  (*See* Opp. to MTD SAC at 17 (citing SAC ¶ 31).)  The 2004 posts relate to a purported problem other than the one at issue here – the SAC alleges that the computers fail to recognize additional memory, while this user states that his computer *did* recognize additional memory.  (*Compare* SAC ¶ 31 *with* SAC ¶ 1.)  Moreover, statements of purported Apple customers cannot establish statements or actions *of Apple*.  Neither of these new allegations is sufficient to distinguish this case from *Hovsepian II* and *Tietsworth II* or to meet Rule 9(b)'s requirements.

Plaintiffs' cases also fail to establish that the SAC meets Rule 9(b)'s standards.  *Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997); *SEC v. Yuen*, 221 F.R.D. 631 (C.D. Cal. 2004); and *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999), involved affirmative misrepresentations, not omissions.  *Harper v. LG Electronics USA, Inc.*, 595 F. Supp. 2d 486 (D.N.J. 2009), and *Gonzalez v. PepsiCo, Inc.*, 489 F. Supp. 2d 1233 (D. Kan. 2007), are non-California cases that are squarely contrary to this Court's holdings in *Hovsepian* and *Tietsworth*.  *Hovsepian II*, 2009 U.S. Dist. LEXIS 117562, at *10, 13; *Tietsworth II*, 2009 U.S. Dist. LEXIS 98532, at *13-14, 21.  Because Plaintiffs have failed to plead the circumstances of Apple's allegedly fraudulent actions with specificity, their UCL claim should be dismissed with prejudice.[8]

---

[8] Plaintiffs also claim that they have satisfied Rule 9(b) because Apple has sufficient notice of their claim.  (Opp. to MTD SAC at 15.)  This is incorrect, as demonstrated above.  Furthermore, notice to the defendant is not the only purpose of Rule 9(b).  As the Ninth Circuit recently stated, the rule also protects "those whose reputation would be harmed as a result of being subject to fraud charges" and "prohibit[s] plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

## C. Plaintiffs Fail to Allege Conduct That Was "Unfair."

Plaintiffs' claim under the UCL's "unfair" prong should also be dismissed. Plaintiffs have failed to establish that Apple's alleged actions were unfair and have failed to meet Rule 9(b)'s requirements.

### 1. There Was Nothing Unfair About Apple's Actions.

As this Court has repeatedly held, there can be nothing "unfair" about selling a product that functions properly for the duration of all applicable warranties: "The failure to disclose a defect that might, or might not, shorten the effective life span of [a product] that functions precisely as warranted throughout the term of its express warranty. . . does not constitute an unfair practice under the UCL." *Berenblat*, 2009 U.S. Dist. LEXIS 80734, at *17 (quoting *Clemens v. DaimlerChrysler*, 534 F.3d 1017, 1026-27 (9th Cir. 2008)); *Hovsepian I*, 2009 U.S. Dist. LEXIS 80868, at *14 (same); *Hovsepian II*, 2009 U.S. Dist. LEXIS 117562, at *14 (same); *Tietsworth v. Sears, Roebuck, & Co.*, 2009 U.S. Dist. LEXIS 40872, at *14 (N.D. Cal. May 14, 2009) ("*Tietsworth I*"); *Oestreicher*, 544 F. Supp. 2d at 973. Allegations that Apple knew that the memory slots would fail at some point are insufficient. *Hovsepian I,* 2009 U.S. Dist. LEXIS 80868, at *14; *Hovsepian II*, 2009 U.S. Dist. LEXIS 117562, at *14. Plaintiffs ignore this authority, and merely repeat the same arguments the Court rejected in dismissing the FAC. (*Compare* Opp. to MTD SAC at 18 *with* Opp. to MTD FAC at 17-18.) Plaintiffs have again failed to establish that Apple's actions were unfair under the UCL, and this claim should be dismissed with prejudice.

### 2. Plaintiffs Have Failed to Meet Rule 9(b)'s Requirements.

Plaintiffs' UCL claim under the "unfair" prong should also be dismissed because it is not pled with sufficient specificity. Plaintiffs' contention that their "unfairness" claim is not subject to Rule 9(b) ignores recent, on-point decisions of this Court and the Ninth Circuit. *See Hovsepian II*, 2009 U.S. Dist. LEXIS 117562, at *13 (citing *Kearns*, 567 F.3d at 1127); *see also Hovsepian I*, 2009 U.S. Dist. LEXIS 80868, at *12-13. These cases hold that where, as here, a complaint alleges a unified course of fraudulent conduct, Rule 9(b) applies to "unfairness" claims under the UCL.

A comparison of the allegations in the SAC to the allegations in *Hovsepian II* establishes that Plaintiffs have not satisfied Rule 9(b). In *Hovsepian II,* the plaintiff alleged that "Apple knew of or recklessly ignored the existence of the defect"; that "Apple failed to take remedial action or remove the defective computers from the marketplace"; that "Apple has chosen not to take remedial action because the defect tends to arise after the expiration of the product's one-year express warranty"; and that "Apple is well aware of the issue." The Court held that these allegations were insufficient under Rule 9(b). *Hovsepian II*, 2009 U.S. Dist. LEXIS 117562, at *2, 3, 13; *see also id.* at *10, 13 (allegations regarding Apple's knowledge of the defect and its concealment of it were subject to Rule 9(b)). Similarly, Plaintiffs here allege that Apple knew of but ignored the existence of the purported defect, continued to sell the computers, and refused to repair or replace them. (*See* Opp. to MTD SAC at 19 (citing SAC ¶¶ 86-87); *see also* SAC ¶ 88 (alleging that Apple engaged in an unfair business practice "in not informing their customers about the defect until after their warranty protections lapsed").) Rule 9(b) applies to Plaintiffs' claim, and Plaintiffs have failed to meet its requirements.[9] The claim should be dismissed with prejudice.

### III.   PLAINTIFFS CANNOT STATE A CLAIM FOR UNJUST ENRICHMENT

This Court has repeatedly rejected the argument that unjust enrichment is a stand-alone cause of action. *Berenblat*, 2009 U.S. Dist LEXIS 80734, at *18 ("a claim for unjust enrichment cannot stand alone without a cognizable claim under a quasi-contractual theory or some other form of misconduct") (citing *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("there is no cause of action in California for unjust enrichment")); *Hovsepian I*, 2009 U.S. Dist. LEXIS 80868, at *29 (same); *Hovsepian II*, 2009 U.S. Dist. LEXIS 117562, at

---

[9] Plaintiffs' cases fail to establish the inapplicability of Rule 9(b) here. Both *Gruen v. EdFund*, No. C09-00644 JSW, 2009 WL 2136785 (N.D. Cal. July 15, 2009), and *In re Mattel*, 588 F. Supp. 2d 1111 (C.D. Cal. 2008), discussed Rule 9(b)'s applicability to the "fraudulent" prong, not the "unfair" prong. *Vess v. Ciba-Geigy Corp.*'s holding that allegations of failure to disclose are not subject to Rule 9(b) has been overruled by *Kearns*. *Kearns* found that *Vess* applied an old test for fraudulent misrepresentation, and held that "[b]ecause the Supreme Court of California has held that nondisclosure is a claim for misrepresentation in a cause of action for fraud, it (as any other fraud claim) must be pleaded with particularity under Rule 9(b)." *Kearns*, 567 F.3d at 1127.

*16-17 (same). Plaintiffs continue to maintain that unjust enrichment is a stand-alone cause of action, however, and simply repeat the same arguments they made in their previous opposition. (*Compare* Opp. to MTD SAC at 20 *with* Opp. to MTD FAC at 20.) These arguments should be rejected for the same reason they were rejected before. Plaintiffs have failed to state claims for breach of implied warranty and violation of the UCL, and thus their unjust enrichment claim should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Apple's opening brief, the Second Amended Complaint should be dismissed with prejudice.

Dated: January 22, 2010

PENELOPE A. PREOVOLOS
ANDREW D. MUHLBACH
ALEXEI KLESTOFF
MORRISON & FOERSTER LLP

By: /s/ Penelope A. Preovolos
     Penelope A. Preovolos

Attorneys for Defendant
APPLE INC.