1   CALDWELL LESLIE & PROCTOR, PC          PENELOPE A. PREOVOLOS (CA SBN 87607)
    ROBYN C. CROWTHER, SBN 193840          (PPreovolos@mofo.com)
2   crowther@caldwell-leslie.com           ANDREW D. MUHLBACH (CA SBN 175694)
    ERIC S. PETTIT, SBN 234657             (AMuhlbach@mofo.com)
3   pettit@caldwell-leslie.com             ALEXEI KLESTOFF (CA SBN 224016)
    1000 Wilshire Blvd., Suite 600         (AKlestoff@mofo.com)
4   Los Angeles, California 90017-2463     MORRISON & FOERSTER LLP
    Telephone: (213) 629-9040              425 Market Street
5   Facsimile: (213) 629-9022              San Francisco, California 94105-2482
                                           Telephone:    (415) 268-7000
6   (Additional Plaintiffs' Counsel on     Facsimile:    (415) 268-7522
    Signature Page)
7
    Attorneys for Plaintiffs               Attorneys for Apple Inc.
8   and all others similarly situated

9                            UNITED STATES DISTRICT COURT

10                         NORTHERN DISTRICT OF CALIFORNIA

11                                  SAN JOSE DIVISION

12

13   REUBEN BERENBLAT, ANDREW              Case No.      C-08-04969 JF
     PERSONETTE, EARL C. SIMPSON, LAURA    Case No.      C-09-01649 JF
14   MILLER, On behalf of themselves and all others
     similarly situated,                   **UPDATED JOINT CASE
15                                         MANAGEMENT
                    Plaintiffs,            CONFERENCE STATEMENT**
16
            v.
17                                         Date:   February 5, 2010
     APPLE INC.,                           Time:   9:00 a.m.
18                                         Courtroom: 3
                    Defendant.
19
     THOMAS WAGNER, SCOTT MEYERS, On
20   behalf of themselves and all others similarly
     situated,
21
                    Plaintiffs,
22
            v.
23
     APPLE INC.,
24                  Defendant.

25

26

27

28

1    Pursuant to Fed. R. Civ. P. 16(b) and Civil L.R. 16-9, Plaintiffs Reuben Berenblat,

2    Andrew Personnette, Earl C. Simpson, Laura Miller, Thomas Wagner, and Scott Meyers and

3    Defendant Apple Inc., submit the following Joint Case Management Conference Statement in

4    connection with the February 5, 2010 Case Management Conference.

5    **1.      JURISDICTION AND SERVICE.**

6         **a.      Subject Matter Jurisdiction.** The Court has subject matter jurisdiction over the

7    claims against Apple pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

8         **b.      Personal Jurisdiction and Venue.**  Venue is proper in this district under

9    28 U.S.C. § 1391(b), as Defendant Apple resides in this district and a substantial part of the

10   events or omissions giving rise to Plaintiffs' claims occurred in this district.

11   **2.      FACTS.**

12   Plaintiffs' Statement:

13        In or about January 2001, Apple began designing, manufacturing, warranting, advertising,

14   marketing, selling and providing PowerBook G4 laptop computer to consumers throughout the

15   United States.  When the Aluminum PowerBook G4s were released in January 2003, Apple

16   marketed them as being designed to exacting standards and touted their many features, including

17   the fact that each Aluminum PowerBook G4 has two memory slots.  The memory slots are an

18   essential feature of the computer, and are marketed so as to give consumers the ability to expand

19   the PowerBook's memory (RAM) at any time, thereby increasing the computer's functionality.

20        Based on Apple's own admissions, however, certain of its PowerBook G4 computers were

21   manufactured with defective memory slots.  As Apple has admitted in an article posted on its

22   website, affected PowerBook G4 computers exhibit at least one of the following symptoms upon

23   installation of RAM memory in the memory slot: (1) the computer does not start up; or (2) the

24   computer does not recognize that the memory slot is filled, thus degrading system performance

25   because the memory in only one slot is recognized.  Apple has also admitted that these symptoms

26   may only occur intermittently, and that an owner of a PowerBook with a defective memory slot

27   may not know or become aware of the defect until months, or years, after installation of memory

28   in the defective memory slot.

1    Tens of thousands of people nationwide have purchased PowerBook computers with

2 defective memory slots.  Aside from the limited number of consumers covered by an extended

3 warranty, Apple has informed Plaintiffs and other customers with defective PowerBooks that they

4 have no recourse other than to repair the defective memory slots at their own expense.  Apple has

5 refused to warrant, repair or pay for any repairs relating to the PowerBook's defective memory

6 slots, or to warrant any PowerBooks should the defect manifest itself sometime in the future.

7    Apple continued to manufacture and sell PowerBook computers with defective memory

8 slots even after receiving thousands of complaints informing it of the defective memory slots.

9 Thus, Apple profited enormously from sales of its PowerBook G4 computers while Plaintiffs and

10 the proposed Class incurred significant damages, including but not limited to the expenses

11 incurred in repairing or replacing their defective PowerBook computers.  Apple has, and

12 continues to this day, refused to respond to the thousands of customer complaints regarding the

13 PowerBook's defective memory slot, and has refused to repair at its own expense the defective

14 memory slot or compensate thousands of PowerBook purchasers who repaired the defective

15 memory slot at their own expense.

16    Apple's conduct, as set forth in Plaintiffs' complaint, violated the implied warranty of

17 merchantability pursuant to Cal Comm. Code §2-314, the Unfair Competition Law ("UCL"), and

18 Defendant was unjustly enriched.  Plaintiffs seek class action status, restitution, damages, and

19 attorney's fees.

20    Defendant's Statement:

21    The PowerBook G4 portable computers described in the Second Amended Complaint are

22 extremely well designed, have no design defects, and have enjoyed a high level of customer

23 satisfaction.  Thus, the overwhelming majority of the purported class members have never

24 experienced and will never experience a problem with their computers, and have not suffered

25 injury in fact as required to maintain their claims or, indeed, injury or damage of any kind.

26    Plaintiffs' claims fail on multiple grounds.  First, and most basically, the PowerBook G4

27 computers were not defective.  Second, the alleged malfunctions in plaintiffs' computers

28 manifested themselves well over a year after Apple's express warranty and any applicable

1    implied warranties expired.  Notably, plaintiffs do not allege that Apple breached its express

2    warranty, or that Apple did not honor its warranty and any implied warranties during the one-year

3    warranty period.  In fact, plaintiffs admit that Apple *did* honor these warranties, as three of the six

4    plaintiffs had their computers serviced or replaced under warranty.  Thus, under *Daugherty v. Am.*

5    *Honda Motor Co.*, 144 Cal. App. 4th 824 (2006), and numerous decisions of this and other courts,

6    plaintiffs' claims are barred.

7           Plaintiffs attempt to avoid this inevitable result by arguing that the limitation of warranties

8    in Apple's express warranty is "ineffective."  Apple disputes this allegation, and contends that the

9    express warranty properly limits any warranties applicable to its PowerBook G4 computers.

10          Plaintiffs' claims are both factually and legally without merit.

11   **3.      LEGAL ISSUES.**

12          Plaintiffs' Statement:  Set forth below are the disputed points of law known to Plaintiffs at

13   this time:

14          •    Whether Apple violated the implied warranty of merchantability by selling a product

15               with a latent defect that existed at the time of manufacture.

16          •    Whether Apple's manufacture and sale of a product it knew to be defective constituted

17               an unfair or unlawful business practice under California's Unfair Competition Law

18               ("UCL").

19          •    Whether Apple was unjustly enriched by its receipt and retention of substantial profits

20               from sales of a product that Apple knew to be defective.

21          •    Whether this action is maintainable as a class action under Fed. R. Civ. P. 23.

22          •    Whether Plaintiffs and class members have been damaged and/or are entitled to

23               equitable relief.

24          Defendant's Statement:  The principal legal issue in dispute is as follows:

25          •    Whether plaintiffs can recover for alleged problems with their computers that occurred

26               after the expiration of Apple's one-year limited warranty and any applicable implied

27               warranties.

28

- Whether plaintiffs can state a claim under the "unlawful," "unfair," and "fraudulent" prongs of the UCL, where the claim is based on the manifestation of an alleged defect after the expiration of any applicable implied warranties.

- Whether, as a matter of law, an unjust enrichment cause of action exists.  If so, whether Apple was unjustly enriched where the plaintiffs' computers operated as warranted for the duration of any applicable warranties.

- Whether this action meets the requirements for a class action under Fed. R. Civ. P. 23.

- Whether plaintiffs are entitled to any monetary or equitable relief.

**4.      ANTICIPATED MOTIONS.**

Plaintiffs:  Plaintiffs anticipate filing a motion for class certification on or before six months after the Court's decision on Apple's pending motion to dismiss, assuming Plaintiffs are provided on a timely basis with the discovery needed to support such a motion.  Plaintiffs may also file a motion for summary judgment, depending upon the outcome of discovery.

Defendant:  Apple has filed a Motion to Dismiss the Second Amended Complaint, which is set for hearing on February 5, 2010.  If that motion is denied based on factual issues, Apple will file an early motion for summary judgment.

**5.      AMENDMENT OF PLEADINGS.**

Plaintiffs do not anticipate further amendments to the pleadings at this time.

**6.      EVIDENCE PRESERVATION.**

Plaintiffs are aware of their obligation to preserve all relevant evidence, including electronic evidence, in connection with this case.

Apple is aware of its evidence preservation obligations in connection with this case.

**7.      DISCLOSURES.**

Plaintiffs and Apple have not made their initial disclosures, and await the Court's ruling on Apple's motion to dismiss.

**8.      DISCOVERY.**

**a.      Discovery taken to Date**.  Plaintiffs are awaiting the Court's ruling on the motion to dismiss before serving discovery requests.

1       **b.**      **The Scope of Anticipated Discovery**.  Plaintiffs anticipate depositions,

2 interrogatories, document requests, and other fact and expert discovery available under the FRCP

3 and Local Rules, on the following topics: (i) the merits of Plaintiffs' claims; (ii) Plaintiffs'

4 damages; (iii) whether the matter is appropriate for class certification; and (iv) affirmative and

5 other defenses asserted or to be asserted by Defendant.

6       If Apple's Motion to Dismiss is denied based on factual issues, Apple's position is that

7 discovery should be limited to those factual issues, allowing for an early summary judgment

8 motion.  Discovery on other issues, including issues regarding class certification, should only

9 proceed if Apple's summary judgment motion is denied.

10       **c.**      **Proposed Limitations or Modifications to the Discovery Rules.**  At the present

11 time, the Parties do not anticipate limitations or modifications to the discovery rules.  Plaintiffs

12 anticipate that the presumptive ten deposition limit may need to be enlarged.  Otherwise,

13 Plaintiffs do not anticipate any other limitations or modifications to the discovery rules.

14       Apple does not believe more than ten depositions per side are necessary in this case.

15       **d.**      **Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f).**  The Parties have

16 agreed on the general parameters of a discovery plan (with some exceptions noted below).

17       (i)      The Parties believe that initial disclosures should be exchanged following a ruling

18 on Defendant's pending motion to dismiss.

19       (ii)      <u>Plaintiffs' position</u>: Discovery will be needed on the following topics: whether the

20 matter is appropriate for class certification, the merits of Plaintiffs' claims, Plaintiffs' alleged

21 damages, and Defendant's affirmative and other defenses.  Plaintiffs object to discovery of absent

22 class members, which is not permitted under Ninth Circuit law.

23       (iii)      <u>Defendant's position</u>: If Apple's Motion to Dismiss is denied, discovery should

24 initially be focused on any factual issues identified by the Court in its order denying the motion,

25 which will allow for an early motion for summary judgment.  Discovery on other issues,

26 including class certification issues, should only proceed if Apple's summary judgment motion is

27 denied.

28

1       (iv)    The parties will negotiate and propose a protective order regarding confidential

2  information.

3  **9.**     **CLASS ACTIONS.**

4       <u>Plaintiffs</u>:  Plaintiffs provide the following class action information pursuant to L.R. 16-

5  9(b):

6       a.    This action is maintainable as a class action under Fed. R. Civ. P. 23(a) and (b)(3).

7       b.    The action is brought on behalf of the following class and sub-class:

8       All persons who have purchased PowerBook computers with one or more defective

9  memory slots and who were damaged thereby, during the period from January 1, 2005 to the

10  present (the "Class") and a sub-class of persons who purchased PowerBook computers directly

11  from Apple (the "Sub-Class").

12       c.    The following facts alleged in the Complaint, while not exclusive of additional

13  facts that may be learned through discovery, demonstrate that this action is maintainable as a

14  class action under Fed. R. Civ. P. 23(a) and (b):

15       1.    **Numerosity**: The class consists of at least thousands of persons and is

16  therefore so numerous that joinder of all members, whether otherwise required or permitted, is

17  impracticable;

18       2.    **Common Questions**:  There are questions of law or fact common to the

19  class that predominate over any questions affecting only individual members, including:

20       a.    whether Defendant breached the implied warranty of merchantability

21  arising pursuant to Cal. Comm. Code § 2314 by manufacturing and selling PowerBook computers

22  with defective memory slots;

23       b.    whether Defendant violated Cal. Bus. & Prof. Code  § 17200 by

24  manufacturing and selling PowerBook computers with defective memory slots;

25       c.    whether Defendant unjustly enriched itself in manufacturing and

26  selling PowerBook computers with defective memory slots; and

27       d.    whether members of the Class have sustained damages and/or other

28  compensable losses and, if so, the proper measure thereof.

3.  **Typicality**:  The claims asserted by Plaintiffs are typical of the claims of the members of the class;

4.  **Adequacy:**  Plaintiffs will fairly and adequately protect the interests of the class, and Plaintiffs have retained attorneys experienced in class and complex litigation, including related litigation involving consumer fraud;

5.  **Superiority**:   A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

a)  Absent a class action, class members as a practical matter will be unable to obtain redress, Apple's violations of its legal obligations will continue without remedy, additional customers will be harmed, and Apple will continue to retain its ill-gotten gains;

b)  It would be a substantial hardship for most individual members of the class if they were forced to prosecute individual actions;

c)  When the liability of Apple has been adjudicated, the Court will be able to determine the claims of all members of the class;

d)  A class action will permit an orderly and expeditious administration of class claims, foster economies of time, effort, and expense and ensure uniformity of decisions;

e)  The lawsuit presents no difficulties that would impede its management by the Court as a class action;

f)  Defendant has acted on grounds generally applicable to class members; making class-wide monetary and injunctive relief appropriate; and

g)  The prosecution of separate actions by individual members of the class would create a risk of incompatible standards of conduct for Defendant and of inconsistent or varying adjudications for all parties.

d.  Assuming that Plaintiffs are provided on a timely basis with the discovery needed to support their motion for class certification, Plaintiffs will file that motion on or before 6 months from the date of the Court's order denying Defendant's motion to dismiss.  In the event Plaintiff's class certification motion involves expert discovery, Plaintiff will meet and confer with

1   Defendant on a schedule for undertaking that discovery and a briefing and hearing schedule on

2   the motion.

3       <u>Defendants</u>:  Apple contends that class certification is inappropriate.  There is no common

4   injury among the putative class members; the plaintiffs are not typical or adequate representatives

5   of the putative class due to differences between class members; and class resolution is not a

6   superior method due to the lack of predominating common issues and manageability concerns.  If

7   Apple's Motion to Dismiss is denied, any briefing on class certification should be deferred until

8   after Apple's early summary judgment motion is decided.

9   **10.    RELATED CASES.**

10      On April 20, 2009, the Court concluded that the *Berenblat* and *Wagner* (formerly *Vail*)

11  actions were related.  Plaintiffs believe that the two actions should be coordinated with this action

12  for purposes of discovery.

13      Plaintiffs have filed the same Second Amended Complaint in both actions.  Apple

14  believes the actions should be consolidated for all purposes and managed jointly in the interest of

15  judicial economy, minimizing the burden on Apple, and eliminating the risk of duplicative or

16  conflicting motion practice and rulings.

17  **11.    RELIEF.**

18      Plaintiffs seek the following relief in their complaint: (a) restitution, reimbursement and

19  disgorgement of monies paid by Plaintiffs and class members; (b) actual damages (in an amount

20  to be determined through discovery) to be awarded to Plaintiff and class members; (c) attorneys'

21  fees and costs of suit; and (d) such other and further relief as the Court deems just and proper.

22      Apple denies that plaintiffs or the purported class were injured in any way and further

23  denies that plaintiffs or the purported class are entitled to any relief.

24  **12.    SETTLEMENT AND ADR.**

25      The parties recognize that while formal settlement proceedings may ultimately be

26  appropriate, they do not believe formal settlement proceedings will be beneficial at this time.

27  **13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.**

28      Plaintiffs decline to proceed before a magistrate judge for all purposes.

1    Apple declines to proceed before a magistrate judge for all purposes.

2    **14.    OTHER REFERENCES.**

3    The parties do not believe the case is suitable for binding arbitration, or that it requires a

4    special master or referral to the Judicial Panel on Multidistrict Litigation at this time.

5    **15.    NARROWING OF ISSUES.**

6    The Parties have not discussed narrowing of the issues through stipulated facts and

7    bifurcation.  Except as specified, Plaintiff does not believe that any stipulation or motion is

8    appropriate at this time, or that any issues, claims, or defenses should be bifurcated.

9    As stated above, Apple believes that if its Motion to Dismiss is denied based on factual

10   issues, discovery should initially be limited to those issues so as to allow Apple to file an early

11   summary judgment motion.

12   **16.    EXPEDITED SCHEDULE.**

13   The Parties do not believe that this case should be handled on an expedited basis.

14   **17.    SCHEDULING.**

15   Plaintiffs' Position:

16   Plaintiffs propose the following schedule assuming the Court denies Defendant's motion

17   to dismiss (the "Court's Order"):

18   (a)    Date for completion of document production –Three (3) months from the Court's

19   Order;

20   (b)    Fact Discovery Cutoff –five (5) months from the Court's Order;

21   (c)    Date for motion for Class certification: one (1) month from the completion of fact

22   discovery;

23   (d)    Date for Opposition for Class certification: two (2) months from the completion of

24   fact discovery;

25   (e)    Plaintiffs' Reply brief in support of Class Certification: Three (3) months from the

26   completion of fact discovery;

27   (f)    Designation of Experts –Four (4) months from the Court's Order;

28   (g)    Expert Discovery Cutoff – Six (6) months from the Court's Order;

1    (h)    Summary Judgment Deadline – Seven (7) months from the Court's Order;

2    (i)    Hearing on Summary Judgment Motions – Nine (9) months from the Court's

3    Order;

4    (j)    Motion in Limine Deadline – Ten (10) months from the Court's Order;

5    (k)    Pretrial Conference Statement – Eleven (11) months from the Court's Order;

6    (l)    Pretrial Conference – Eleven (11) months from the Court's Order;

7    (m)    Trial – Twelve (12) months from the Court's Order, or Three (3) months after

8    class notice has been sent.

9    Defendants' Position:

10    In the event the Court denies its Motion to Dismiss, Apple proposes the following

11    schedule:

12    (a)    Date for completion of document production:

13        (i) *Document production on any factual issues identified in an Order denying*

14        *Apple's Motion to Dismiss ("Court's Order")*:  Five months from the date of the

15        Court's Order;

16        (ii) *Document production on other issues, including class certification*:  The

17        timing of full document discovery will largely depend on the scope of plaintiffs'

18        requests and cannot be meaningfully assessed without that information.  Apple has

19        informed plaintiffs that the unique issues associated with producing electronically-

20        stored information from Apple systems will require more time than the typical

21        case.

22    (b)    Fact Discovery Cutoff:  The timing of full discovery will largely depend on the

23    scope of plaintiffs' requests and cannot be meaningfully assessed without that

24    information;

25    (c)    Date for motion for class certification: one (1) month from the completion of fact

26    discovery;

27    (d)    Date for opposition for class certification: two (2) months from the filing of the

28    class motion;

(e)     <u>Plaintiffs' reply brief in support of class certification</u>: one (1) month from the filing of the class opposition;

(f)     <u>Expert Discovery</u> - In light of the uncertainty surrounding the timing of full fact discovery, Apple believes that the timing of expert disclosures and close of discovery is premature and these dates should be set at a future Case Management Conference.  Apple believes that, should expert opinion be relied upon in class motion papers, the opposing party should be allowed adequate time to depose such experts and prepare rebuttal expert testimony.

(g)     <u>Summary Judgment Deadline</u> – one (1) month after the close of expert discovery;

(h)     <u>Hearing on Summary Judgment Motion(s)</u> – five (5) weeks after the filing of the motion(s);

(i)     <u>Motions in Limine Deadline, Pretrial Conference, Trial</u> – In light of the uncertainty surrounding the timing of full fact discovery, Apple believes that setting a trial date and related pretrial filings and hearings is premature and these dates should be set at a future Case Management Conference.

**18.     TRIAL.**

Plaintiffs have demanded a jury trial.  At this time, Plaintiffs anticipate that the trial can be completed within two weeks.

Apple currently anticipates that a trial would last at least three weeks.

**19.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.**

The Parties have filed the "Certification of Interested Entities or Persons" required by Civil L.R. 3-16.  The Parties have identified the following persons, firms, partnerships, corporations (including parent corporations) or other entities known to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

a.     **Plaintiffs:**  Reuben Berenblatt, Nassau County, New York; Andrew Personette, Kings County, New York; Earl C. Simpson, Clark County, Washington; Laura Miller, San

1  Francisco County, California, Thomas Wagner, Buncombe County, North Carolina, and Scott

2  Meyers, Brookings County, South Dakota.

3          **b.**     **Defendant**:  Apple has no parent corporation.  According to Apple's Proxy

4  Statement filed with the United States Securities and Exchange Commission in January 2010,

5  there are no beneficial owners that hold more than 10% of Apple's outstanding common stock.

6  **20.     SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY, AND**

7  **INEXPENSIVE DISPOSITION OF THIS MATTER.**

8          Not applicable at this time.

9

10  Dated: January 29, 2010

                            Respectfully submitted,

11
                            CALDWELL LESLIE & PROCTOR, PC
                            ROBYN C. CROWTHER
12                          ERIC S. PETTIT

13

14                          By ___/s/ Robyn C. Crowther_____
                                  ROBYN C. CROWTHER

15
                            MEISELMAN, DENLEA, PACKMAN,
16                          CARTON & EBERZ P.C.
                            Jeffrey I. Carton (*pro hac vice*)
17                          Jerome Noll (*pro hac vice*)
                            Christine M. Ford (*pro hac vice*)

18

19                          Attorneys for Plaintiffs Berenblat, Personette,
                            Simpson, and Miller
20                          GIRARD GIBBS LLP
                            ERIC H. GIBBS
21                          GEOFFREY A. MUNROE

22                          By ___/s/ Eric H. Gibbs_____
                                  ERIC H. GIBBS

23

24                          COHEN MILSTEIN SELLERS & TOLL PLLC
                            Andrew N. Friedman (*pro hac vice*)
25                          Douglas J. McNamara (*pro hac vice*)

26                          Attorneys for Plaintiffs Wagner and Meyers

27

28

1

PENELOPE A. PREOVOLOS
ANDREW D. MUHLBACH
2
HEATHER A. MOSER
MORRISON & FOERSTER LLP
3

4

5

By:  /s/ Penelope A. Preovolos
Penelope A. Preovolos

6

Attorneys for Defendant
Apple Inc.

7

8          I, Penelope A. Preovolos, am the ECF User whose ID and password are being used to file

9   this Stipulation.  In compliance with General Order 45, section X.B., I hereby attest that I have on

10  file the concurrences for any signatures indicated by a "conformed" signature (/s/) within this

11  efiled document.

12

By:   /s/ Penelope A. Preovolos
Penelope A. Preovolos

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28